1 | GREEN & HALL, A Professional Corporation
HOWARD D. HALL, State Bar No. 145024
2 | *hdhall@greenhall.com*
JERED T. EDE, State Bar No. 273440
3 | *jede@greenhall.com*
1851 East First Street, 10th Floor
4 | Santa Ana, California 92705-4052
Telephone: (714) 918-7000
5 | Facsimile: (714) 918-6996

6 | Attorneys for Defendant
NATIONSTAR MORTGAGE LLC
7

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

10

11 | NANCY M. HORNER,                         CASE NO. 8:15-cv-01129-CJC-DFM

12 |     Plaintiff,                         JUDGE: Hon. Cormac J. Carney
CTRM:  9B
13 |     vs.

14 | THE WOLF FIRM, A LAW                      **NOTICE OF MOTION AND
CORPORATION and NATIONSTAR              MOTION OF NATIONSTAR
15 | MORTGAGE LLC,                             MORTGAGE LLC FOR
SANCTIONS AGAINST
16 |     Defendants.                        PLAINTIFF NANCY M. HORNER
AND ATTORNEY CHARLES
17 |                                           MARSHALL PURSUANT TO FED.
R. CIV. P. 11, AND CAL. CODE
18 |                                           CIV. P. §128.7; MEMORANDUM
OF POINTS AND AUTHORITIES
19 |                                           DATE:     December 7, 2015
20 |                                           TIME:     1:30 p.m.
CRTRM.:  9B
21
22 |                                           TRIAL DATE:   None Set

23 | **TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

24 |     **PLEASE TAKE NOTICE THAT** on December 7, 2015, at 1:30 p.m., or as

25 | soon thereafter as counsel may be heard, in the courtroom of the Honorable Cormac

26 | J. Carney, courtroom 9B, located in the United States Courthouse, 411 West Fourth

27 | Street, Santa Ana, CA 92701-4516, NATIONSTAR MORTGAGE LLC

28 | ("Nationstar") will and hereby does move this Court for sanctions against Plaintiff

1   Nancy Horner ("Plaintiff") and her counsel Charles Marshall, Esq., pursuant to Fed.

2   R. Civ. P. 11, and California Code of Civil Procedures §128.7.  Specifically,

3   Nationstar seeks to have Plaintiff's Complaint dismissed and an award of sanctions

4   in the amount of $15,137.50 against Plaintiff and her counsel, Charles Marshall.

5          This Motion is made on the grounds that the Complaint is meritless and filed for

6   an improper purpose to harass Nationstar and/or cause delay/needlessly increase the

7   cost of litigation and has no legitimate grounds.  Plaintiff's Complaint was filed after

8   Plaintiff previously filed four prior lawsuits delaying foreclosure, took one such lawsuit

9   to trial *and lost* on the merits of her claims (which are identical to the claims brought

10  here) and had a judgment entered against her such that her present claims are barred by

11  res judicata.  Plaintiff's Complaint also is barred by the statute of limitations, and

12  further seeks to assert claims for which Plaintiff has no standing to sue for.

13         This Motion is based on this Notice of Motion, the attached Memorandum of

14  Points and Authorities, all of the pleadings, files, and records in this proceeding, all

15  other matters of which the Court may take judicial notice, and any argument or

16  evidence that may be presented to or considered by the Court prior to its ruling.

17         This Motion is made following defense counsel's conference of counsel pursuant

18  to L.R. 7-3, which took place on October 6, 2015.

19

20  DATED:  October 16, 2015          GREEN & HALL, A Professional Corporation

21

22

23                                     By:

24                                          Howard D. Hall
                                            Jered T. Ede
25                                          Attorneys for Defendant
                                            NATIONSTAR MORTGAGE LLC
26

27

28

MOTION FOR SANCTIONS                          Case No. 8:15-cv-01129-CJC-DFM

P:\DOCS\Nationstar.Horner(Refiler)\Pleadings\Mtn.Sanctions.docx

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

# TABLE OF CONTENTS

Page

I.  INTRODUCTION .................................................................................. 1

II.  FACTUAL BACKGROUND ................................................................. 2

   Plaintiff's First Lawsuit ........................................................................ 3

   Loan Assigned to Nationstar ................................................................. 3

   Plaintiff's Second Lawsuit .................................................................... 3

   Plaintiff's Husband Files Fraudulent Mechanics' Lien ........................ 4

   Notice of Default and April 7, 2014 Trustee's Sale ............................. 4

   Plaintiff's Fourth Lawsuit .................................................................... 5

   Plaintiff's Husband Files Second Fraudulent Mechanics' Lien ........... 5

   The July 20, 2015 Trustee's Sale ......................................................... 5

   Plaintiff's Fifth Lawsuit ....................................................................... 5

III.  THE COURT should IMPOSE SANCTIONS WHERE PLAINTIFF'S
      COMPLAINT WAS BROUGHT TO HARASS NATIONSTAR AND
      IS BARRED BY *RES JUDICATA*, CLAIM PRECLUSION, THE
      CLAIM SPLITTING DOCTRINE, STATUTES OF LIMITATION,
      AND LAW ........................................................................................... 6

   A.  Plaintiff's Complaint is Frivolous and Not Warranted by Existing
       Law ............................................................................................... 7

       1.  Plaintiff's Complaint is Barred by *Res Judicata*, Claim
           Preclusion, and the Claim-Splitting Doctrine ..................... 7

       2.  Plaintiff's Complaint is Time-Barred ................................. 12

       3.  Plaintiff's Claims Fail as a Matter of Law Because Each is
           Based Upon a Legal Theory Rejected by California Courts ...... 13

   B.  Plaintiff's Complaint Was Filed for an Improper Purpose .................. 14

IV.  CONCLUSION .................................................................................. 15

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

# TABLE OF AUTHORITIES

**Page**

## CASES

*Adams v. California Dep't of Health Servs.*
    487 F.3d 684 (9th Cir. 2007) .................................................................. 11

*Arabia v. BAC Home Loans Serv., L.P.,*
    (2012) 208 Cal.App. 4th 462 ................................................................ 14

*B.K.B. v. Maui Police Dept.*
    276 F.3d 1091 (9th Cir. 2002) ............................................................. 14

*Bertero v. National Geographic Corp.*
    13 Cal.3d 43 (Cal. 1974) ........................................................................ 11

*Bourke v. Schuman*
    895 F.2d 1416 (9th Cir. 1990) ............................................................. 14

*Eichenbaum v. Alon,* (2003) 106 Cal. App. 4th 967, 976 ...................... 7

*Fox v. Ethicon Endo-Surgery*
    (2005) 35 Cal.4th 797 ............................................................................ 12

*Golden Eagle Distributing Corp. v. Burroughs Corp.*
    801 F.2d 1531 (9th Cir. 1986) ................................................................. 7

*Jenkins v. JP Morgan Chase Bank, N.A.*
    (2013) 216 Cal.App.4th 497 ................................................................. 14

*Jolly v. Eli Lilly & Co.*
    (1988) 44 Cal.3d 1103 ............................................................................ 13

*Maciosek v. Blue Cross & Blue Sheild*
    930 F.2d 536 (7th Cir. 1991) ................................................................... 7

*Malley v. New York City Bd. of Educ.*
    207 F.Supp.2d 256 (S.D.N.Y. 2002) ....................................................... 8

*Mayfield v. Klevenhagen*
    941 F.2d 346 (5th Cir. 1991) ................................................................... 8

*McMahon v. Pier 39 Ltd. P'ship*
    No. C03-00251 CRB, 2003 WL 22939233 (N.D. Cal. Dec. 5, 2003) ........... 14

*Mir v. Little Co. of Mary Hosp.*
    844 F.2d 646 (9th Cir. 1988) ............................................................. 7, 12

*Mireskandari v. Maye*
    No. CV 12-03861 JGB MANX, 2013 WL 2041013 (C.D. Cal. 2013) ........... 11

GREEN&HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

MOTION FOR SANCTIONS
Case No. 8:15-cv-01129-CJC-DFM
P:\DOCS\Nationstar.Horner(Refiler)\Pleadings\Mtn.Sanctions.docx

*Mycogen Corp. v. Monsanto Co.*
   28 Cal. 4th 888.................................................................................8

*Reiffin v. Microsoft Corp.*
   158 F.Supp.2d 1016 (N.D. Cal. 2001)........................................7

*Ringgold v. Brown*
   No. 2:12-CV-00717-JAM, 2013 WL 522855 (E.D. Cal. 2013) ........7

*Robinson v. United States*
   No. 2:11-CV-01227-MCE, 2011 WL 5838472 (E.D. Cal. 2011)......11

*Rodenhurst v. Bank of Am.,*
   (D.Haw. Feb. 23, 2011) 773 F.Supp.2d 886 ..............................14

*Rodriguez v. Taco Bell Corp.*
   No. 1:13-CV-014898-SAB, 2013 WL 5877788 (E.D. Cal. 2013)......11

*Siliga v. Mortgage Electronic Registrations, Inc.*
   (2013) 219 Cal.App.4th 75 .......................................................14

*Smith v. Ricks*
   31 F.3d 1478 (9th Cir. 1994) ....................................................7

*Townsend v. Holman Consulting Corp.*
   929 F.2d 1358 (9th Cir. 1990) ..................................................14

*Zaldivar v. City of Los Angeles*
   780 F.2d 823 (9th Cir. 1986) ..............................................6, 7, 14

## STATUTES

Cal. *Code Civ. Proc.* § 128.5 .........................................................8

Cal. Code Civ. Proc. § 335.1 ..........................................................12

Cal. Code Civ. Proc. § 337 .............................................................12

Cal. Code Civ. Proc. § 581c(a) .......................................................10

Code of Civil Procedures §128.7 .....................................................2

Federal Rules of Civil Procedure 11 .................................................2

MOTION FOR SANCTIONS
Case No. 8:15-cv-01129-CJC-DFM
P:\DOCS\Nationstar.Horner(Refiler)\Pleadings\Mtn.Sanctions.docx

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION**

For the past four years, Plaintiff Nancy Horner ("Plaintiff") has employed a fraudulent scheme of non-stop repetitive harassing lawsuits, administrative complaints, fraudulent recordings, bankruptcies, and a cascade of delay tactics designed to delay foreclosure while maintaining her mortgage-free lifestyle. That scheme culminated in a 2013 judgment against Plaintiff and in favor of Nationstar after a trial on her second lawsuit – a trial at which Plaintiff argued that the mortgage was wholly invalid, and her claims were roundly rejected by the trial court. Since the entry of that judgment, Plaintiff has filed three new lawsuits/bankruptcies, numerous administrative complaints, filed at least four fraudulent recordings in the official records of Orange County, and hired numerous attorneys in an attempt to relitigate her previous lawsuit and delay foreclosure by any means necessary. The present, fifth, lawsuit is merely the latest tactic employed by Plaintiff in furtherance of her fraudulent scheme.

The present lawsuit is nothing more than a thinly-veiled attempt to appeal the trial court's judgment without any of the constraints of an appeal. Not only is Ms. Horner's present lawsuit barred by res judicata and claim preclusion, Ms. Horner's present lawsuit is also time-barred.

Plaintiff's actions make it clear that she intends to maintain this lawsuit regardless of its merits, if for no other reason than to retaliate against Nationstar for attempting to foreclose after nearly a decade of non-payment on the mortgage.

Initially, Plaintiff's counsel claimed innocence, stating he was not aware of Plaintiff's previous lawsuits or the judgment against her. However, Plaintiff's counsel has since made it very clear he, too, intends to pursue this extortion-like lawsuit regardless of its merits. This lawsuit was clearly commenced to continue Plaintiff's campaign to harass Nationstar, increase its costs of litigation/foreclosure, and circumvent the State Court's judgment against Plaintiff's claims.

GREEN&HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1    Ultimately, and as a result of Plaintiff's frivolous procedural ploy, Nationstar

2   has been forced to unnecessarily incur over $15,137.50 in additional attorneys fees it

3   had no reason to incur after successfully defeating Plaintiff's claims at trial.

4   Accordingly, and as discussed below, sanctions under Fed. R. Civ. P. 11, and

5   California Code of Civil Procedures §128.7 are warranted against Plaintiff and her

6   attorney, and both should be required to compensate Nationstar for the substantial

7   attorneys fees it has unnecessarily incurred defending Plaintiff's frivolous lawsuits.

8   **II.    FACTUAL BACKGROUND**

9    In July of 2005, Plaintiff obtained a $825,000 cash-out refinance loan (the

10  "Loan") through Lehman Brothers Bank, FSB ("Lehman").  The Loan was secured

11  by Deed of Trust on Plaintiff's property located at 320 11th Street, Huntington

12  Beach, California (the "Property").  Request for Judicial Notice in Support of

13  Motion to Dismiss ("RJN"), Exhibit "1" at Page 1.

14   Mortgage Electronic Registration Systems ("MERS") was designated as the

15  beneficiary under the Deed of Trust, as the nominee agent for Lehman, and any of

16  its successors or assigns.  *Id.* at Page 2.  Importantly, Plaintiff explicitly agreed in

17  the Deed of Trust that MERS, on behalf of both Lehman and its successors and

18  assigns, has "the right to foreclose and sell the Property."  *Id.* at Page 3.

19   Plaintiff has been in default on her loan since November 1, 2010, and not

20  coincidentally, this is around the time that she commenced leasing the Property.  *See*

21  RJN, Exhibit "14", Page 3.  Shortly before defaulting on her Loan, Plaintiff leased

22  the property to an individual named Katherine A. Marvin ("Marvin").  RJN, Exhibit

23  "2".  According to a Memorandum of Lease recorded against the Property by

24  Plaintiff herself, Plaintiff leased the property to Marvin on August 17, 2010 for a

25  term of 25 years.  *Id.*  Thus, for nearly the past four years, Plaintiff has not only

26  failed to pay her mortgage, but has also been presumably obtaining revenue from the

27  Property through her lease with Ms. Marvin.

28  ///

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

**Plaintiff's First Lawsuit**

On June 6, 2011, Plaintiff filed a petition for Chapter 13 bankruptcy protection in this Court. One week later, Plaintiff filed her first lawsuit against her lender/servicer – an adversary proceeding (the "First Lawsuit") in which Plaintiff sought a judgment declaring the Loan "null and void, and unenforceable," and further requiring the Deed of Trust be reconveyed along with a full refund of all mortgage payments made by Plaintiff. RJN, Exhibit "3", page 11-12. On August 26, 2011, Plaintiff voluntarily dismissed her adversary proceeding. RJN, Exhibit "4".

**Loan Assigned to Nationstar**

On June 30, 2011, MERS assigned the beneficial interest in the Deed of Trust to Aurora. RJN, Exhibit "5". On October 2, 2012, Aurora assigned the beneficial interest in the Deed of Trust to Nationstar. RJN, Exhibit "6". Nationstar is the current record beneficiary of the Deed of Trust. *Id.*

**Plaintiff's Second Lawsuit**

On August 17, 2012, Plaintiff filed her second lawsuit (the "Second Lawsuit") against defendants Nationstar and Aurora Loan Services, LLC ("Aurora"). In a verified complaint, Plaintiff sought to quiet title to the interests asserted by Aurora and Nationstar in the Property via the Deed of Trust. RJN, Exhibit "7". Plaintiff's Second Lawsuit constituted a preemptive challenge to Aurora and Nationstar's ability to foreclose upon the Property through their assigned beneficial interest in, and rights under the Deed of Trust. Plaintiff's Second Lawsuit was based upon her claim that, due to some alleged defect in the transfer and/or securitization in her Loan, neither Aurora nor Nationstar had any "valid" interest in the Deed of Trust, and could not "effectuate any enforcement," of any rights under the Deed of Trust (including the right to foreclose). *See Id.*, at ¶¶ 12-13.

Plaintiff's Second Lawsuit went to trial before Judge Andrew Banks on July 8, 2013. After Plaintiff's opening statement, Judge Banks granted the motion for

3

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1 | nonsuit made by Aurora and Nationstar. RJN, Exhibit "8". On August 5, 2013,

2 | Judge Banks entered a judgment of nonsuit against Plaintiff, and in favor of Aurora

3 | and Nationstar. RJN, Exhibit "9". See also RJN, Exhibit "10".

4 | **Plaintiff's Husband Files Fraudulent Mechanics' Lien**

5 | Having lost her case and having no pending mechanism to stop foreclosure

6 | short of paying her mortgage, on November 15, 2013, Plaintiff got her husband,

7 | Michel Bartolotta – who is not a licensed contractor - to record a fraudulent

8 | mechanics' lien against the Property claiming he performed $1,749,280.00 worth of

9 | work on his wife's Property (Plaintiff's "First Fraudulent Mechanics' Lien"). See

10 | RJN, Exhibit "11" – Grant Deed identifying Mr. Bartolotta as Plaintiff's husband;

11 | and RJN, Exhibit "12." Mr. Bartolotta listed his address as 468 E. Shoreline in

12 | Long Beach – the address of an intersection with no buildings. *Id.*

13 | **Notice of Default and April 7, 2014 Trustee's Sale**

14 | Unmoved by Plaintiff's First Fraudulent Mechanics' Lien, on November 27,

15 | 2013, Nationstar substituted The Wolf Firm ("TWF") as the trustee under the Deed

16 | of Trust, and a Notice of Default ("NOD") was recorded against the Property. RJN,

17 | Exhibits "13" – "14". By the time the NOD was recorded, Plaintiff had been in

18 | default for nearly three years, and her arrearages exceeded $230,000. *Id.* On March

19 | 10, 2014, a Notice of Trustee's Sale ("NTS") was recorded against the Property.

20 | Exhibit "15". The Property was originally scheduled to be sold at a non-judicial

21 | trustee's sale on April 7, 2014, but was postponed. *Id.*

22 | **Plaintiff's Third Lawsuit**

23 | On April 18, 2014, Plaintiff filed the her third complaint which named

24 | Nationstar and Aurora (the "Third Lawsuit"). Plaintiff asserted nine causes of

25 | action against Defendants, which fall into three categories. The first category of

26 | claims asserted by Plaintiff is based upon Plaintiff's general allegation that the

27 | various assignments of the Deed of Trust, and other foreclosure documents recorded

28 | against the Property, including the NOD, substitution of trustee, and NTS, are

Case No. 8:15-cv-01129-CJC-DFM
MOTION FOR SANCTIONS
P:\DOCS\Nationstar.Horner(Refiler)\Pleadings\Mtn.Sanctions.docx

1  "false", or contain "false representations" due to some alleged defect in the transfer

2  and/or securitization of the Loan. *See* RJN, Exhibit "16", ¶¶ 21, 27-38. Plaintiff's

3  claims are premised upon her legal contention that the assignment of the Deed of

4  Trust from Aurora to MERS was invalid because "MERS had no interest to assign."

5  RJN, Exhibit "16", ¶ 28.

6     Plaintiff voluntarily dismissed her Third Lawsuit after having failed to oppose

7  Nationstar's Demurrer to the same. RJN, Exhibit "17".

8  **Plaintiff's Fourth Lawsuit**

9     On August 5, 2014, to further delay foreclosure, Plaintiff filed another

10  bankruptcy petition with this Court. RJN, Exhibit "18". After Nationstar filed a

11  Motion for Relief from the Stay, however, Plaintiff abandoned her petition and it

12  was dismissed. RJN, Exhibit "19".

13  **Plaintiff's Husband Files Second Fraudulent Mechanics' Lien**

14     Having now failed at four lawsuits and once again faced with having no

15  pending mechanism to stop foreclosure short of paying her mortgage, on January 5,

16  2015, Plaintiff got her husband, Michel Bartolotta to record a *second* fraudulent

17  mechanics' lien against the Property which again claimed he performed

18  $1,749,280.00 worth of work on his wife's Property (Plaintiff's "Second Fraudulent

19  Mechanics' Lien"). RJN, Exhibit "20". Mr. Bartolotta once again listed his address

20  as 468 E. Shoreline in Long Beach – the address of an intersection with no

21  buildings. *Id.*

22  **The July 20, 2015 Trustee's Sale**

23     Despite Plaintiff's fraudulent scheme to delay foreclosure, on June 22, 2015, a

24  Notice of Trustee's Sale was recorded against the Property scheduling the Trustee's

25  Sale to occur on July 20, 2015. RJN, Exhibit "21".

26  **Plaintiff's Fifth Lawsuit**

27     In a thinly-veiled attempt to continue her mortgage-free lifestyle, Plaintiff

28  filed the instant lawsuit on July 16, 2015 – a mere two business days before the

Case No. 8:15-cv-01129-CJC-DFM

MOTION FOR SANCTIONS

P:\DOCS\Nationstar.Horner(Refiler)\Pleadings\Mtn.Sanctions.docx

1  scheduled foreclosure.  Over four years after filing her First Lawsuit claiming the

2  Loan was null and void, Plaintiff, again facing foreclosure, filed the instant, fifth

3  lawsuit and fifth challenge to Nationstar's right to foreclose on the Loan.  In this

4  lawsuit, much like Plaintiff's four prior failed lawsuits, Plaintiff claims the Loan,

5  Deed of Trust, and Note are void and unenforceable.  As in her First Lawsuit,

6  Plaintiff now seeks a judgment declaring the Loan "void," a rescission of pending

7  foreclosure proceedings, and a return of all the mortgage payments she's ever made

8  on the Loan.  Complaint, p. 24.  In short, the allegations and requested relief in the

9  instant Complaint is identical to that in the First Lawsuit in every way that counts.

10  **III.    THE COURT SHOULD IMPOSE SANCTIONS WHERE PLAINTIFF'S**

11  **COMPLAINT WAS BROUGHT TO HARASS NATIONSTAR AND IS**

12  **BARRED BY *RES JUDICATA*, CLAIM PRECLUSION, THE CLAIM**

13  **SPLITTING DOCTRINE, STATUTES OF LIMITATION, AND LAW**

14  Nationstar requests that this Court impose sanctions under Fed. R. Civ. P. 11

15  and California Code of Civil Procedures §128.7.  Both laws authorize the imposition

16  of substantial sanctions for Plaintiff's frivolous and bad faith filings.

17  Both Fed. R. Civ. P. 11(c) and California Code of Civil Procedure §128.7

18  require lawsuits be non-frivolous and filed for proper purposes and authorizes both

19  monetary and nonmonetary sanctions against the party/attorney who files a lawsuit

20  that is frivolous or filed to, among other things, harass the defendants.  When these

21  sections are violated, a court can impose sanctions "vigorously to curb widely

22  acknowledged abuse from the filing of frivolous pleadings, and other papers."

23  *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 829 (9th Cir. 1986).  A pleading is

24  frivolous under Rule 11(b) and under §128.7(b)  if, among other things, it is (1)

25  "being presented for any improper purpose, such as to harass, cause unnecessary

26  delay, or needlessly increase the cost of litigation;" or (2) if the "claims, defenses,

27  and other legal contentions" are not warranted "by existed law[.]"    "A violation of

28

1  any of [the above conditions] may give rise to sanctions." *Eichenbaum v. Alon,*

2  (2003) 106 Cal. App. 4th 967, 976.

3      **A.    Plaintiff's Complaint is Frivolous and Not Warranted by Existing**

4            **Law**

5      Rule 11 and §128.7 are violated where a pleading "is frivolous, legally

6  unreasonable, or without factual foundation, even though the paper was not filed in

7  subjective bad faith." *Zaldivar,* supra at 831.  "Counsel can no longer avoid the

8  sting of Rule 11 sanctions by operating under the guise of a pure heart and empty

9  head." *Smith v. Ricks,* 31 F.3d 1478, 1488 (9th Cir. 1994).  Thus, courts employ "an

10 objective standard" in determining whether a pleading is "warranted by existing

11 law." *Golden Eagle Distributing Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1538

12 (9th Cir. 1986).  Under this standard, Rule 11 is violated where an attorney "files a

13 pleading or other paper which no competent attorney could believe was . . .

14 warranted by law." *Mir v. Little Co. of Mary Hosp.,* 844 F.2d 646, 652 (9th Cir.

15 1988); *Golden Eagle,* supra at 1538.

16      **1.    Plaintiff's Complaint is Barred by *Res Judicata*, Claim**

17            **Preclusion, and the Claim-Splitting Doctrine**

18      Consistent with these authorities, courts have held that sanctions under

19 Rule 11 can be awarded when parties assert the same or similar claims in lawsuits

20 raising claims previously decided in other case. *Maciosek v. Blue Cross & Blue*

21 *Sheild,* 930 F.2d 536, 542 (7th Cir. 1991); *Reiffin v. Microsoft Corp.,* 158 F.Supp.2d

22 1016, 1030 (N.D. Cal. 2001).  Importantly, sanctions under Rule 11 have been

23 repeatedly imposed by courts in response to subsequent pleadings or actions filed by

24 attorneys or litigants for the purpose of evading prior court orders or rulings[1].

25

26 [1] *See e.g. Ringgold v. Brown,* No. 2:12-CV-00717-JAM, 2013 WL 522855, Slip Op. at * 2 (E.D.

27 Cal. 2013) (plaintiff's attorney sanctioned for filing a motion that "s[ought] to circumvent the
   Court's prior order and multiply the[] proceedings without regard to the unnecessary burdens

28 created for the Court and the Defendants. . .");  *Mayfield v. Klevenhagen,* 941 F.2d 346, 348-9 (5th

MOTION FOR SANCTIONS
P:\DOCS\Nationstar.Horner(Refiler)\Pleadings\Mtn.Sanctions.docx

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1    The Superior Court's entry of judgment against Plaintiff in the Second

2 Lawsuit bars Plaintiff from attempting to take what is, in effect, her fifth bite at the

3 apple.  Neither the timing nor legal theories upon which Plaintiff's present claims

4 are based changes this result.

5    Under California law, res judicata:

6        [P]revents relitigation of the same cause of action in a

7        second suit between the same parties or parties in privity

8        with them . . . Under the doctrine of res judicata . . . a

9        judgment for the defendant serves as a bar to further

10        litigation of the same cause of action . . . A clear and

11        predictable res judicata doctrine promotes judicial

12        economy.  Under this doctrine, all claims based on the

13        same cause of action must be decided in a single suit; if

14        not brought initially, they may not be raised at a later date.

15    *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896-97.  Importantly,

16 "California's res judicata doctrine is based upon the primary right theory." *Id.*  This

17 theory:

18        [P]rovides that a 'cause of action' is comprised of a

19        'primary right' of the plaintiff, a corresponding 'primary

20        duty' of the defendant, and a wrongful act by the defendant

21        constituting a breach of that duty.  The most salient

22        characteristic of a primary right is that it is indivisible: the

23 Cir. 1991) (*pro se* litigant sanctioned under Rule 11 for filing successive actions in "an attempt to

24 circumvent the orders of the district court."); *Malley v. New York City Bd. of Educ.*, 207 F.Supp.2d
256, 259 (S.D.N.Y. 2002) (imposition of sanctions under Rule 11 found appropriate where litigant

25 filed pleadings in disregard of prior court orders); *ASAP*, 2012 WL 2832141 at *22 (sanctions
imposed against plaintiff and its trial counsel under analogous Cal. *Code of Civ. Proc.* § 128.7 for

26 plaintiff's filing of a cross-action for the purpose of circumventing trial court's prior order
sustaining defendants' demurrers); *Ricard*, 6 Cal.App.4th 157 at 162-63 (plaintiff sanctioned

27 under analogous Cal. *Code of Civ. Proc.* § 128.5 for filing second lawsuit for the purpose of
evading court's prior dismissal of claims).

28

1  violation of a single primary right gives rise to but a single
2  cause of action.  As far as its content is concerned, the
3  primary right is simply the plaintiff's right to be free from
4  the particular injury suffered.  It must therefore be
5  distinguished from the *legal theory* on which liability for
6  that injury is premised: 'Even where there are multiple
7  legal theories upon which recovery might be predicated,
8  one injury gives rise to only one claim for relief.'
9  [Citation.] The primary right must also be distinguished
10  from the *remedy* sought: 'The violation of one primary
11  right constitutes a single cause of action, though it may
12  entitle the injured party to many forms of relief, and the
13  relief is not to be confounded with the cause of action, one
14  not being determinative of the other.  The primary right
15  theory is invoked when a plaintiff attempts to divide a
16  primary right and enforce it in two suits. The theory
17  prevents this result by either of two means: (1) if the first
18  suit is still pending when the second is filed, the defendant
19  in the second suit may plead that fact in abatement; or
20  (2) if the first suit has terminated in a judgment on the
21  merits adverse to the plaintiff, the defendant in the second
22  suit may set up that judgment as a bar under the principles
23  of res judicata.

24  *Id.* at 904.

25      Here, each Plaintiff's claims are barred by res judicata because they involve
26  the violation of the same primary right.  Plaintiff's Second Lawsuit was a
27  preemptive attempt to challenge and prevent the foreclosure of her Property by
28  quieting title to, and "expunging" the Deed of Trust.  Plaintiff alleged in her Second

1 Lawsuit that, because her Loan was securitized "and or assigned transferred and/or
2 sold to an investment and/or securitized investment pool," the Deed of Trust was
3 "extinguished, relinquished, and/or detached." RJN, Exhibit "9", at 4:2-9. Based
4 upon this allegation, Plaintiff claimed that none of the defendants, including
5 Nationstar, "can establish they are entitled to, or possess any right, interest or
6 beneficial interest relative to any valid [Deed of Trust] or the right to effectuate any
7 enforcement as against any other Party herein or as against the subject 'PROPERTY'
8 itself." *Id.* at ¶ 13.

9         While some of the legal theories that form the basis of Plaintiff's claims here
10 may differ, they are all nonetheless based upon the same primary right involving the
11 Defendants' "right to effectuate any enforcement," of the Deed of Trust. Indeed, the
12 causes of action in Plaintiff's instant Fifth Lawsuit, just like her Second Lawsuit,
13 each assert a challenge to the Defendants' right to foreclose based upon some
14 alleged defect in the assignment, transfer, and/or securitization of either Plaintiff's
15 Loan or the Deed of Trust, or some failure to comply with pre-foreclosure
16 procedures. *See* Complaint.

17         The tie that binds the claims in Plaintiff's Second Lawsuit, and those here, is
18 the fact that each claim constitutes a preemptive challenge to the Defendants' ability
19 to foreclose. Whether based upon a legal theory premised on an alleged defect in
20 the transfer of Plaintiff's Loan, a breach of contract, or some statutory violation,
21 Plaintiff's past and present claims all involve the same primary right: Defendants'
22 authority, right and/or ability to foreclose upon Plaintiff's Property under the power
23 of sale contained in the Deed of Trust.

24         Whereas the judgment of non-suit entered in favor of Aurora and Nationstar
25 in Plaintiff's Second Lawsuit was on the merits of Plaintiff's claims, Plaintiff's
26 claims here are all barred by res judicata. Cal. *Code of Civ. Proc.* § 581c(a).

27         Moreover, under the claim-splitting doctrine, Plaintiff has no right to maintain
28 two separate actions involving the same subject matter against the same defendant.

GREEN & HALL
ATTORNEYS AT LAW

1    *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007). One

2    of the "main purpose[s] behind the rule against claim splitting is to protect the

3    defendant from being harassed by repetitive actions based on the same claim."

4    *Rodriguez v. Taco Bell Corp.*, No. 1:13-CV-014898-SAB, 2013 WL 5877788, Slip.

5    Op. at * 3 (E.D. Cal. 2013); *Adams*, supra. The rule is based upon important policy

6    considerations, central to which is the promotion of "judicial economy and the

7    comprehensive disposition of litigation." *Adams*, supra. The rule exists to prevent a

8    litigant "from fragmenting a single cause of action and litigating piecemeal the

9    issues which could have been resolved in one action." *Id.* at 694.

10        The claim-splitting rule is typically invoked where a plaintiff files a

11    subsequent action for the purpose of evading or circumventing a prior adverse ruling

12    of the court[2]. This is precisely what Plaintiff has done here and it is entirely

13    improper. *Bertero v. National Geographic Corp.*, 13 Cal.3d 43, 51-52 (Cal. 1974)

14    (emphasis added).

15        "To ascertain whether successive causes of action are the same, [courts] use

16    the transaction test, developed in the context of claim preclusion." *Adams*, 487 F.3d

17    at 689. Under this test, a separate action or cross-action is considered duplicative

18    where "the causes of action and relief sought, as well as the parties or privies to the

19    action are the same." *Id.*

20        In determining whether causes of action are "the same", courts examine four

21    criteria: "(1) whether the rights or interests established in the prior judgment would

22    be destroyed or impaired by prosecution of the second action; (2) whether

23

24    [2] *See e.g. Id. at* 688 (court dismissed second complaint filed by the plaintiff "to circumvent the
district court's denial of [plaintiff's] untimely motion for leave to amend her first complaint.");

25    *Robinson v. United States*, No. 2:11-CV-01227-MCE, 2011 WL 5838472, Slip Op. at **2-4 (E.D.
Cal. 2011) (court dismissed second action filed after district court in original action granted

26    defendant's motion to dismiss with prejudice); *Mireskandari v. Maye*, No. CV 12-03861 JGB
MANX, 2013 WL 2041013, Slip Op. at **6-7 (C.D. Cal. 2013) (court dismissed second action

27    filed by plaintiffs after they had missed the deadline in their original action to file a second
amended complaint).

28

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1  substantially the same evidence is presented in the two actions; (3) whether the two

2  suits involve infringement of the same right; and (4) whether the two suits arise out

3  of the same transactional nucleus of facts." *Id.* "The last of these criteria is the

4  most important." *Id.* All four criteria are satisfied here and thus Plaintiff's claims

5  are barred not only by res judicata and claim preclusion, but by the claim splitting

6  doctrine as well.

7                    **2.    Plaintiff's Complaint is Time-Barred**

8          Plaintiff and her counsel are also subject to sanctions for knowingly filing

9  time-barred claims against Nationstar. *Mir v. Little Company of Mary Hospital*, 844

10  F.2d 646, 652 (9th Cir. 1988).

11         Plaintiff's cacophony of lawsuits all relate to a single issue: whether the Loan

12  is valid. Plaintiff initiated her slew of lawsuits in June of 2011 – over four years

13  before the instant lawsuit was filed – meaning that by that time, Plaintiff was fully

14  aware of her claims. Whereas none of Plaintiff's claims have a statute of limitation

15  in excess of four years, and whereas Plaintiff waited over four years since

16  discovering her claims to file the instant lawsuit, Plaintiff's claims are time-barred.

17         Plaintiff's claims are subject to limitations periods of between two to four

18  years. *See Code of Civ. Proc.* § 337, § 335.1; et seq.. "A plaintiff must bring a

19  claim within the limitations period after accrual of the cause of action." *Fox v.*

20  *Ethicon Endo-Surgery* (2005) 35 Cal.4th 797, 806. Generally, "a cause of action

21  accrues at the time when the cause of action is complete with all of its elements."

22  *Id.* However, "[a]n important exception to the general rule of accrual is the

23  'discovery rule,' which postpones accrual of a cause of action until the plaintiff

24  discovers, or has reason to discover, the cause of action." *Id.* at 807. As explained

25  by the Supreme Court:

26                 A plaintiff has reason to discover a cause of action when
                   he or she has reason at least to suspect a factual basis for
27                 its element . . . In so using the term "elements," we do not
                   take a hypertechnical approach to the application of the
28                 discovery rule. Rather than examining whether the

1    plaintiffs suspect facts supporting each specific legal
     element of a particular cause of action, *we look to whether*
2    *the plaintiffs have reason to at least suspect that a type of*
     *wrongdoing has injured them.*
3

4        *Id.* (emphasis added); *see also Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103,

5    1114 ("the limitations period begins when the plaintiff suspects, or should suspect,

6    that she has been wronged."). In other words, "the limitations period begins *once*

7    *the plaintiff has notice or information of circumstances to put a reasonable*

8    *person on inquiry*." *Jolly*, supra at 1110-11. (emphasis added).

9        As of June 2011, Plaintiff had discovered her claims and had filed an

10   adversary proceeding seeking to invalidate the Loan in its entirety. Her First

11   Lawsuit essentially mirrors the allegations and claims in Plaintiff's present, Fifth

12   Lawsuit and seeks the *exact same relief.* Plaintiff's undeniable June 2011 discovery

13   resulted in the accrual of her claims against her lender/servicer at that point in time,

14   and Plaintiff's claims are time-barred because they were filed more than four years

15   after this accrual date.

16       **3.**    **Plaintiff's Claims Fail as a Matter of Law Because Each is**

17             **Based Upon a Legal Theory Rejected by California Courts**

18       Aside from the bar of res judicata, or the bar of the statutes of limitation,

19   Plaintiff's claims also fail because each claim is based upon a single erroneous

20   contention of law: that the assignments of the Deed of Trust were all "false"

21   because "MERS lacked any authority to execute an assignment of [Plaintiff's] deed

22   ... because MERS had no principal under whom it could act" where "LEHMAN

23   was dissolved in 2008 and with it, so dissolved MERS' agency relationship."

24   Complaint, ¶29. As more fully explained in Nationstar's previously filed Motion to

25   Dismiss, Plaintiff's argument fails both substantively and procedurally where (1)

26   Plaintiff explicitly agreed in the Deed of Trust that MERS has the right "to exercise

27   any or all of th[e] interests," of Lehman *and* its successors or assigns under the Deed

28   of Trust, including the right "to foreclose and sell the Property;" (RJN, Exhibit "1",

GREEN & HALL
ATTORNEYS AT LAW

1  Page 3); (2) California law expressly authorizes such assignments; *Siliga v.*
2  *Mortgage Electronic Registrations, Inc.* (2013) 219 Cal.App.4th 75, 84; and (3)
3  Plaintiff wholly lacks standing to assert her challenge to MERS/Defendants'
4  authority to foreclose on the basis of a securitization theory. *Rodenhurst v. Bank of*
5  *Am.*, (D.Haw. Feb. 23, 2011) 773 F.Supp.2d 886, 899–90; *Arabia v. BAC Home*
6  *Loans Serv., L.P.,* (2012) 208 Cal.App. 4th 462; *Jenkins v. JP Morgan Chase Bank,*
7  *N.A.* (2013) 216 Cal.App.4th 497, 514-515.
8      Accordingly, Plaintiff's legal theory fails to support any of the causes of
9  action asserted in her Complaint.
10     **B.   Plaintiff's Complaint Was Filed for an Improper Purpose**
11     Whether a pleading has been filed for an improper purpose is assessed under
12  an objective standard. *Zaldivar*, supra at 831, n9. Importantly, and "[w]ithout
13  question, successive complaints based upon propositions of law previously rejected
14  may constitute harassment under Rule 11." *Id.* at 832. See also *Bourke v. Schuman*,
15  895 F.2d 1416, at *2 (9th Cir. 1990); *McMahon v. Pier 39 Ltd. P'ship*, No. C03-
16  00251 CRB, 2003 WL 22939233, Slip Op. at * 6 (N.D. Cal. Dec. 5, 2003). The
17  improper purpose underlying the filing of Plaintiff's Complaint provides an
18  independent reason to impose sanctions. *B.K.B. v. Maui Police Dept.*, 276 F.3d
19  1091 (9th Cir. 2002) (sanctions may be awarded "when an attorney knowingly or
20  recklessly raises a *frivolous* argument, or argues a meritorious claim for the purpose
21  of harassing an opponent.") (emphasis original).
22     The legally baseless nature of Plaintiff's Complaint is "highly probative" of
23  whether it was filed for an improper purpose. *Townsend v. Holman Consulting*
24  *Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990). Additionally, and "without question",
25  the fact that Plaintiff has filed her Complaint for the purpose of evading the State
26  Court's judgment against her establishes the existence of an improper motive
27  sufficient to warrant the imposition of sanctions. *Zaldivar*, 780 F.2d at 832
28  ("[w]ithout question, successive complaints based upon propositions of law

1 | previously rejected may constitute harassment under Rule 11.")

2 |      Here, the totality of Plaintiff's half-decade-long fraudulent scheme/campaign

3 | to delay foreclosure resulting in a cacophony of lawsuits, fraudulent recordings,

4 | administrative complaints, bankruptcies, a trial, a judgment against Plaintiff, and yet

5 | more litigation, show that Plaintiff has but a singular goal in mind.  That goal is not

6 | to have her day in court and test her legal theories.  She has had that day and her

7 | theories have been found meritless.  Rather, Plaintiff's goal very clearly is to harass

8 | Nationstar by propagating an incessant stream of challenges designed to delay

9 | foreclosure so as to maintain Plaintiff's mortgage-free lifestyle at any cost and

10 | without any regard to the merits of her challenges.  Such conduct is precisely the

11 | type of conduct Rule 11 and Section 128.7 were designed to stop and to punish.

12 | Accordingly, Sanctions are warranted here.

## IV.   <u>CONCLUSION</u>

14 |      Plaintiff's lawsuit is an improper exercise in frivolous litigation that borders

15 | on extortion.  Plaintiff's brazen verified re-filing of the same claims she already

16 | brought to trial, which were found wholly without merit and which resulted in a

17 | judgment against her is sanctionable conduct and sanctions certainly are warrantable

18 | here.   Specifically, Nationstar seeks to have Plaintiff's Complaint dismissed and an

19 | award of sanctions in the amount of $15,137.50 against Plaintiff and her counsel,

20 | Charles Marshall.

22 | DATED:  October 16, 2015       GREEN & HALL, A Professional Corporation

25 | By: _____

26 |      Howard D. Hall

     Jered T. Ede

27 |      Attorneys for Defendant

28 |      NATIONSTAR MORTGAGE LLC

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION