GREEN & HALL, A Professional Corporation
HOWARD D. HALL, State Bar No. 145024
   *hdhall@greenhall.com*
JERED T. EDE, State Bar No. 273440
   *jede@greenhall.com*
1851 East First Street, 10th Floor
Santa Ana, California 92705-4052
Telephone: (714) 918-7000
Facsimile: (714) 918-6996

Attorneys for Defendant
NATIONSTAR MORTGAGE LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| NANCY M. HORNER,<br><br>Plaintiff,<br><br>vs.<br><br>THE WOLF FIRM, A LAW CORPORATION and NATIONSTAR MORTGAGE LLC,<br><br>Defendants. | CASE NO. 8:15-cv-01129-CJC-DFM<br><br>JUDGE: Hon. Cormac J. Carney<br>CTRM:   9B<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION OF NATIONSTAR MORTGAGE LLC FOR SANCTIONS**<br><br>DATE:   December 7, 2015<br>TIME:   1:30 p.m.<br>CRTRM.:   9B<br><br>TRIAL DATE:   None Set |

Pursuant to Federal Rules of Evidence 201, Defendant NATIONSTAR

MORTGAGE LLC ("Nationstar") hereby respectfully requests that the Court take

judicial notice of the following documents which are submitted in support of ITS

concurrently-filed Motion for Sanctions:

      1.     The Deed of Trust recorded on July 19, 2005 in the Official Records of

the County of Orange as Instrument No. 2005000556524, a true and correct copy of

which is attached hereto as Exhibit "1".

      2.     The Memorandum of Lease recorded on February 25, 2014 in the

Official Records of the County of Orange as Instrument No. 2014000071875, a true

1  and correct copy of which is attached hereto as Exhibit "2".

2      3.      The Adversary Proceeding Complaint styled *Nancy Horner v. Aurora*
3  *Loan Services* – United States Bankruptcy Court for the Central District of
4  California – Case No. 8:11-BK-18022-TA – a true and correct copy of which is
5  attached hereto as Exhibit "3".

6      4.      The dismissal of the Adversary Proceeding Complaint in the case
7  styled *Nancy Horner v. Aurora Loan Services* – United States Bankruptcy Court for
8  the Central District of California – Case No. 8:11-BK-18022-TA – a true and correct
9  copy of which is attached hereto as Exhibit "4".

10     5.      The Corporate Assignment of Deed of Trust recorded on June 30, 2011
11 in the Official Records of the County of Orange as Instrument No. 2011000322102,
12 a true and correct copy of which is attached hereto as Exhibit "5".

13     6.      The Corporate Assignment of Deed of Trust recorded on October 2,
14 2012 in the Official Records of the County of Orange as Instrument No.
15 2012000581099, a true and correct copy of which is attached hereto as Exhibit "6".

16     7.      The complaint filed by Plaintiff Nancy M. Horner ("Plaintiff") on
17 August 17, 2012 in the Orange County Superior Court, encaptioned *Nancy M.*
18 *Horner v. Lehman Brothers Bank, FSB,* et al. Orange County Superior Court Case
19 No. 30-2012-00592013, a true and correct copy of which is attached hereto as
20 Exhibit "7".

21     8.      The Notice of Entry of Order Granting Motion for Non-Suit by
22 Defendants Aurora Loan Services, LLC and Nationstar Mortgage, LLC filed on
23 August 16, 2013 in the matter of *Nancy M. Horner v. Lehman Brothers Bank, FSB,*
24 et al. Orange County Superior Court Case No. 30-2012-00592013, a true and correct
25 copy of which is attached hereto as Exhibit "8".

26     9.      The Notice of Entry of Judgment of Non-Suit in Favor of Defendants
27 Aurora Loan Services, LLC and Nationstar Mortgage LLC filed on August 16, 2013
28 in the matter of *Nancy M. Horner v. Lehman Brothers Bank, FSB,* et al. Orange

2

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1 | County Superior Court Case No. 30-2012-00592013, a true and correct copy of
2 | which is attached hereto as Exhibit "9".

3 |     10.    The second Judgment entered in favor of Nationstar Mortgage LLC
4 | filed on June 20, 2014 in the matter of *Nancy M. Horner v. Lehman Brothers Bank,*
5 | *FSB*, et al. Orange County Superior Court Case No. 30-2012-00592013, and
6 | recorded in the official records of the County of Orange on July 3, 2014 as
7 | Document No. 2014000266127, a true and correct copy of which is attached hereto
8 | as Exhibit "10".

9 |     11.    The Interspousal Transfer Grant Deed by which Plaintiff's husband,
10 | Michel Bartolotta, transferred to Plaintiff all of his interest in the Property, and
11 | recorded in the official records of the County of Orange on April 9, 2002 as
12 | Document No. 20020298708, a true and correct copy of which is attached hereto as
13 | Exhibit "11".

14 |     12.    Plaintiff's husband's First Fraudulent Mechanics' Lien recorded against
15 | the Property in the official records of the County of Orange on November 15, 2013
16 | as Document No. 2013000631984, a true and correct copy of which is attached
17 | hereto as Exhibit "12."

18 |     13.    The Substitution of Trustee recorded on November 27, 2013 in the
19 | Official Records of the County of Orange as Instrument No. 2013000651489, a true
20 | and correct copy of which is attached hereto as Exhibit "13".

21 |     14.    The Notice of Default recorded on November 27, 2013 in the Official
22 | Records of the County of Orange as Instrument No. 2013000651490, a true and
23 | correct copy of which is attached hereto as Exhibit "14".

24 |     15.    The Notice of Trustee's Sale recorded on March 10, 2014 in the
25 | Official Records of the County of Orange as Instrument No. 201400089879, a true
26 | and correct copy of which is attached hereto as Exhibit "15".

27 |     16.    The complaint filed in *Nancy Horner v. Lehman Brothers Bank FSB, et*
28 | *al.* – Superior Court of the State of California for the County of Orange – Case No.

Case No. 8:15-cv-01129-CJC-DFM

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION OF NATIONSTAR MORTGAGE LLC FOR SANCTIONS

P:\DOCS\Nationstar.Horner(Refiler)\Pleadings\Mtn.Sanctions.RJN.docx

GREEN&HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

30-2014-00717561 – Judge Peter Wilson, Department C12 – a true and correct copy of which is attached hereto as Exhibit "16".

17.  The dismissal of the complaint filed in *Nancy Horner v. Lehman Brothers Bank FSB, et al.* – Superior Court of the State of California for the County of Orange – Case No. 30-2014-00717561 – Judge Peter Wilson, Department C12 – a true and correct copy of which is attached hereto as Exhibit "17".

18.  The bankruptcy petition filed by Plaintiff in *In re: Nancy Horner* – United States Bankruptcy Court for the Central District of California – Case No. 8:14-BK-14846-TA – a true and correct copy of which is attached hereto as Exhibit "18".

19.  The dismissal of the petition filed in *In re: Nancy Horner* – United States Bankruptcy Court for the Central District of California – Case No. 8:14-BK-14846-TA – a true and correct copy of which is attached hereto as Exhibit "19".

20.  Plaintiff's husband's Second Fraudulent Mechanics' Lien recorded against the Property in the official records of the County of Orange on January 5, 2015 as Document No. 2015000002495, a true and correct copy of which is attached hereto as Exhibit "20."

21.   The Notice of Trustee's Sale recorded on June 22, 2015 in the Official Records of the County of Orange as Instrument No. 2015000324268, a true and correct copy of which is attached hereto as Exhibit "21".

DATED:  October 16, 2015          GREEN & HALL, A Professional Corporation

By: _____
    Howard D. Hall
    Jered T. Ede
    Attorneys for Defendant
    NATIONSTAR MORTGAGE LLC

# EXHIBIT "1"

RECORDING REQUESTED BY
CHICAGO TITLE COMPANY
AND WHEN RECORDED MAIL TO

AURORA LOAN SERVICES, LLC
601 5TH AVE., P.O. BOX 4000
SCOTTSBLUFF, NE 69363

This Document was electronically recorded by
Chicago Title Insurance Co

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder

54.00
2005000558524 02:25pm 07/19/05

105 4 D11 17
0.00 0.00 0.00 0.00 45.00 0.00 0.00 0.00

Escrow No. 21795-LJ
Order No. 6858/SUB-932

SPACE ABOVE THIS LINE FOR RECORDER'S USE

DEED OF TRUST

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
(Additional recording fee applies)

CBFR4 -11/19/03Dx

10002544000254056l
0005912617

Recording Requested By:   CITYWIDE ESCROW SERVICES
12501 SEAL BEACH BLVD #130, SEAL BEACH, CA 90740

Return To:   AURORA LOAN SERVICES, LLC
601 5TH Ave, PO Box 4000
Scottsbluff, NE 69363

Prepared By:   LISHA XU
LEHMAN BROTHERS BANK
18200 VON KARMAN, #700
IRVINE, CA 92612

[Space Above This Line For Recording Data]

# DEED OF TRUST

MIN   10002544000254056l

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections
3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided
in Section 16.

(A) "Security Instrument" means this document, which is dated   July 13, 2005
together with all Riders to this document.
(B) "Borrower" is

NANCY M HORNER
A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY.

Borrower's address is   320 13TH STREET
HUNTINGTON BEACH, CALIFORNIA 92648   Borrower is the trustor under this Security Instrument.
(C) "Lender" is   LEHMAN BROTHERS BANK, FSB, A FEDERAL SAVINGS BANK

Lender is a
organized and existing under the laws of   UNITED STATES

CALIFORNIA -Single Family- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS   Form 3005 1/01

-6A(CA) (0207)

Page 1 of 16   Initials:

VMP MORTGAGE FORMS - (800)521-7291

1000254000254066Y
0135912617

Lender's address is   18200 VON KARMAN, #250 , IRVINE, CA 92612

(D) "Trustee" is   CHICAGO TITLE

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(F) "Note" means the promissory note signed by Borrower and dated   JULY 13, 2005
The Note states that Borrower owes Lender
   EIGHT HUNDRED TWENTY FIVE THOUSAND & 00/100                                    Dollars
(U.S. $        825,000.00    ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than        AUGUST 1, 2035

(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☒ Adjustable Rate Rider | ☒ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ 1-4 Family Rider |
| ☐ VA Rider | ☐ Biweekly Payment Rider | ☐ Other(s) [specify] |

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(M) "Escrow Items" means those items that are described in Section 3.

(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

1000254400025430651
0035932617

(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C.Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of Orange,

[Type of Recording Jurisdiction]                          [Name of Recording Jurisdiction]

LOT 10, BLOCK 310 OF HUNTINGTON BEACH TRACT, IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA AS PER MAP RECORDED IN BOOK 3, PAGE (S) 36, OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

Parcel ID Number:   024-111-03
320 11TH STREET                                           which currently has the address of
                                                                                  [Street]
HUNTINGTON BEACH                                          [City], California   92648
                                                                                  [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances

12MD -6A(CA) (0207)                    Page 3 of 15        Initials: _____         Form 3005 1/01

of record, Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. Application of Payments or Proceeds. Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. Funds for Escrow Items. Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be

-6A(CA) (0207)                          Page 5 of 15           Initials: _____        Form 3005   1/01

1000256440002540661
0035912617

in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10

days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5. Property Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with

1000258400025400661
0035912817

the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. Occupancy. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. Preservation, Maintenance and Protection of the Property; Inspections. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8. Borrower's Loan Application. Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument. If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable

1002B4400002840661
0035912617

attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

10. Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage

-6A(CA) (0207)                    Page 8 of 15                    Form 3005  1/01

insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

12. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or

100025440002540661
0035912617

any Successor in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

13. Joint and Several Liability; Co-signers; Successors and Assigns Bound. Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

14. Loan Charges. Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

15. Notices. All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

16. Governing Law; Severability; Rules of Construction. This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict

shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

17. **Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

18. **Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. This notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

19. **Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

20. **Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. Reconveyance. Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

24. Substitute Trustee. Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

25. Statement of Obligation Fee. Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

100425440002540661
0035913617

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____          _____ (Seal)
                                                                            NANCY M. KORNBE              -Borrower

_____          _____ (Seal)
                                                                                                                        -Borrower

_____ (Seal)   _____ (Seal)
                                        -Borrower                                                -Borrower

_____ (Seal)   _____ (Seal)
                                        -Borrower                                                -Borrower

_____ (Seal)   _____ (Seal)
                                        -Borrower                                                -Borrower

-6A(CA) (0207)                    Page 16 of 16                    Form 3005   1/01

100028440002540661
0038912617

State of California
County of Orange

On: 07/14/05          before me, Rhonda M. Scherer          personally appeared

Nancy M. Horner

(or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.



Rhonda M. Scherer (Seal)

GOVERNMENT CODE 27361.7

I CERTIFY UNDER PENALTY OF PERJURY THAT THE NOTARY SEAL ON
THE DOCUMENT TO WHICH THIS STATEMENT IS ATTACHED READS AS
FOLLOWS:



NAME OF NOTARY: Rhonda M. Schauer

DATE COMMISSION EXPIRES: Nov. 11, 2006

COMMISSION NUMBER: 1384880

VENDOR NUMBER: NNA

COUNTY WHERE BOND IS FILED: Orange

PLACE OF EXECUTION: IRVINE, CA

DATE: 11/18/05

BY:

CHICAGO TITLE COMPANY

# EXHIBIT "2"

RECORDING REQUESTED BY:

NanCy M. Homer

AND WHEN RECORDED MAIL TO:

NanCy M. Homer
320 11th Street
Huntington Beach, CA 92648

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

12.00

2014000071875 11:35 am 02/25/14
63 415 M11 F13 2
0.00 0.00 0.00 0.00 3.00 0.00 0.00 0.00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## MEMORANDUM OF LEASE

This Memorandum of Lease is dated February 21, 2014, and is between NanCy M. Homer ("Lessor"), and Katherine A. Marvin ("Lessee").

WITNESSETH:

1. Lessor and Lessee are parties to a certain Lease Agreement entered into on August 17, 2010 (the "Lease"), wherein Lessor leased and demised unto Lessee, and Lessee accepted from Lessor on the terms set forth in the Lease, the premises described as follows:

Real Property situated in the City of Huntington Beach, County of Orange, State of California, and more particularly described as follows: LOT 20, BLOCK 310 OF HUNTINGTON BEACH TRACT, IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 3, PAGE(S) 36, OF MISCELLANEOUS MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

2. Lessor is the owner of fee title to the real property described herein.

3. The term of the lease is 25 years. This Lease terminates August 17, 2035 unless terminated in accordance with the lease. Upon satisfaction of conditions set forth in the Lease, the term of the Lease may be extended for an additional 25 years.

4. The parties desire to make the existence of the Lease a matter of public record and have therefore executed the Memorandum of Lease. The Memorandum of Lease is not intended to modify or supersede the Lease and if there is a conflict between this Memorandum of Lease and the Lease, the Lease will control.

IN WITNESS WHEREOF, this Memorandum of Lease is executed as of the date first written above.

LESSOR:
NanCy M. Homer

Page:1 of 2

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**
**CIVIL CODE § 1189**

State of California

County of _Orange_ }

On _February 28, 2014_ before me, _Susan L Caine, Notary Public_,
　　　　Date　　　　　　　　　　　　Here Insert Name and Title of the Officer

personally appeared _Nancy M Hansen_
　　　　　　　　　　　　　　　Name(s) of Signer(s)

who proved to me on the basis of satisfactory
evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged
to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws
of the State of California that the foregoing paragraph
is true and correct.

WITNESS my hand and official seal.

Signature: _____
　　　　　Signature of Notary Public

*Place Notary Seal Above*

—————————— OPTIONAL ——————————
Though this section is optional, completing this information can deter alteration of the document or
fraudulent reattachment of this form to an unintended document.

**Description of Attached Document**
Title or Type of Document: _Resolution of Dis._ Document Date: _2/21/14_
Number of Pages: _1_ Signer(s) Other Than Named Above: _0_

**Capacity(ies) Claimed by Signer(s)**
Signer's Name: _Nancy M Hansen_
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual ☐ Attorney in Fact
☑ Trustee ☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual ☐ Attorney in Fact
☐ Trustee ☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

© 2013 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907

Page 2 of 2

# EXHIBIT "3"

# ORIGINAL

1  NanCy Marie Horner and
   Michel Bartolotta
2  320 11th Street
   Huntington Beach, CA 92648
3  Pro Se Debtors



FILED

JUN 13 2011

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

4

5

6

7              UNITED STATES BANKRUPTCY COURT

8          FOR THE CENTRAL DISTRICT OF LOS ANGELES

9

10

11  In re: NANCY MARIE HORNER AND          Case No.: 8:11-BK-18022-TA
    MICHEL BARTOLOTTA,
12                                         COMPLAINT TO RECOVER
           Debtors
13                                         Adversary Proceeding No.

14  NANCY MARIE HORNER AND MICHEL
    BARTOLOTTA                             § 548 Fraudulent transfer,
15  Plaintiffs,                            § 542 turnover of property,
16  v.                                     § FRBP 7001(2) - Validity, and
                                           § Priority or Extent of Lien
17  AURORA LOAN SERVICES, And Does 1-5,
    Inclusive
18
    Defendants
19

20

21

22              **JURISDICTION AND VENUE**

23  1.  This is an adversary proceeding pursuant to Rule 7001 of the Federal Rules of

24      Bankruptcy Procedure and Section 547(b) of the Bankruptcy Code, to recover avoidable

25      transfers made by the Debtor to the Defendant.

26  2.  This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334.

27  3.  This adversary proceeding constitutes a core proceeding pursuant to 28 U.S.C. §

28      157(b)(2)(F).

                           -1-

DEBTOR HORNER BARTOLOTTA'S ADVERSARY COMPLAINT AND RELIEF

1    4.  This District is the proper venue for this proceeding pursuant to 28 U.S.C. § 1409.

2    **BACKGROUND**

3    The Debtor's administered cases were commenced by the filing of the Debtor's respective

4    voluntary Chapter 13 Petitions on June 8, 2011.

5    Today, more and more homeowners turn to the bankruptcy system for protection when facing

6    financial hardship and impending foreclosure. It is bankruptcy courts' responsibility to ensure

7    that these debtors receive the full protection of the Bankruptcy Code, including the benefit of the

8    automatic stay, for as long as the debtors are entitled to it. Unfortunately, contemporaneously

9    with the increase in foreclosures, there is an increase in lenders and entities posing as lenders

10   who, in their rush to foreclose, haphazardly fail to comply even with the most basic legal

11   requirements of the bankruptcy system. It is the movant's responsibility to comply, and this

12   Court's responsibility to ensure compliance, with both substantive and procedural requirements

13   of the Bankruptcy Code, the federal rules, and other applicable law. *See, e.g., In re Maisel*, 378

14   B.R. 19 (Bankr. Mass. 2007); *In re Foreclosure Cases*, 2007 WL 3232430 (N.D. Ohio 2007); *In*

15   *re Foreclosure Cases*, 521 F. Supp. 2d 650 (S.D. Ohio 2007).

16

17   The most basic elements required to obtain relief from stay are that a movant (1) have the right to

18   enforce the subject debt (2) in a way it is attempting to do so (through foreclosure), i.e., that the

19   movant have standing to bring and prosecute a lift-stay motion. *Id.* In this case, AURORA

20   LOAN SERVICES satisfies neither of these elements. AURORA LOAN SERVICES does not

21   have the right to enforce the subject debt in the first place, much less to enforce it as a secured

22   creditor by way of foreclosure.

23

24   **ARGUMENT**

25

26   **I. STANDARD OF LAW**

27   It is axiomatic that, in coming to federal court to enforce an alleged right, movant

28   AURORA LOAN SERVICES must comply with the applicable procedures of the federal court

-2-

DEBTOR HORNER BARTOLOTTA'S ADVERSARY COMPLAINT AND RELIEF

Case 8:15-cv-01129-CJC-DFM   Document 29   Filed 11/06/15   Page 28 of 214   Page ID #:309

Case 8:14-bk-28022-CFDFM  Doc 6  Filed 08/18/14  Entered 08/18/14 16:26:91 16:26  Desc  Page  Desc 139
Main Document    Page 3 of 16

 1  and applicable law. In the words of this Court, "it is not sufficient that the debtor owes *someone*

 2  money; the issue is whether the debtor (and hence the bankruptcy estate) owes it to the party

 3  filing the proof of claim [or lift-stay motion]." *In re King*, No. 08-13152-SSM, (Bankr. E.D. Va.

 4  2009) (emphasis in original).

 5  Declaratory Judgment is sought by the Plaintiff to compel the Defendant to provide proof of

 6  claim before they are allowed to enforce the note. The Defendant currently insists on enforcing

 7  the note but has not provided any valid proof of claim besides a photocopy of the note made

 8  years ago.

 9  A Promissory Note, like a check is a one of a kind negotiable instrument. **One cannot take a**

10  **photocopy of a check to a bank to cash it.**  It is for this reason that the original wet ink

11  signature promissory note is a critical piece of material evidence to establish whether or not the

12  Defendant is the Holder in Due Course (as governed under the Uniform Commercial Code), and

13  if not, who is.

14  The point at issue of this controversy is the right of enforcement of the Promissory Note by the

15  Defendant

16

17                              **JUDICIAL NOTICE**

18

19        Plaintiff moves this Honorable Court to take the following Mandatory Judicial Notice:

20

21        1) Under the Federal Rules of Civil Procedure Rule 201 (d) of the following:

22        a. The United States Supreme Court, in *Haines v Kerner* 404 U.S. 519 (1972), said that

23  all litigants defending themselves must be afforded the opportunity to present their evidence and

24  that the Court should look to the substance of the complaint rather than the form.

25        b. In *Platsky v CIA,* 953 F.2d 26 (2nd Cir. 1991), the Circuit Court of Appeals allowed

26  that the District Court should have explained to the litigant proceeding without a lawyer, the

27  correct form to the plaintiff so that he could have amended his pleadings accordingly. Plaintiff

28  respectfully reserves the right to amend this complaint.

DEBTOR HORNER BARTOLOTTA'S ADVERSARY COMPLAINT AND RELIEF

1   2) Under the Federal Rules of Evidence:

2    In Omychund v Barker (1745) 1 Atk, 21, 49; 26 ER 15, 33, Lord Harwicke stated that

3 no evidence was admissible unless it was "the best that the nature of the case will allow".

4   a) Rule 1002. Requirement of Original

5 To prove the content of a writing, recording, or photograph, the original writing, recording, or

6 photograph is required, except as otherwise provided in these rules or by Act of Congress.

7   b) Rule 1003. Admissibility of Duplicates

8 A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised

9 as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the

10 duplicate in lieu of the original.

11   c) Rule 901 (a). Requirement of Authentication or Identification

12 The requirement of authentication or identification as a condition precedent to admissibility is

13 satisfied by evidence sufficient to support a finding that the matter in question is what its

14 proponent claims.

15 **A Copy of a promissory note cannot be admitted as evidence unless is it authenticated.**

16

17 In presenting evidence regarding the promissory note, a photocopy is considered a forgery for

18 this purpose as its authenticity is at issue and it is unfair to the admit the duplicate in lieu of the

19 original.

20 Under Uniform Commercial Code, the original is required to have a chain of endorsements

21 documenting the chain of title of ownership.  The original contains material evidence pertaining

22 to who the **current** [emphasis] holder in due course that the duplicate (made years ago) cannot

23 provide.

24

25       **STANDARD OF REVIEW**

26

27 The law provides that pro se/pro per litigants case must be accepted on substance and be liberally

28 construed under F.R.Civ.P 8(e).  A pro se litigant cannot be held to the same standard as a BAR

-4-

---

DEBTOR HORNER BARTOLOTTA'S ADVERSARY COMPLAINT AND RELIEF

1   attorney.  The law provides that a pleading should be judged on the merits and not the form to
2   afford justice to all.

3

4                                    **THE PARTIES**

5

6      1.  The Plaintiff NANCY MARIE HORNER AND MICHEL BARTOLOTTA are natural
7          persons and resident of Orange County seeking bankruptcy protection.
8      2.  The Defendant, AURORA LOAN SERVICES, is the alleged lender of this loan with
9          adverse interest in the controversy.  Through a series of unknown and undocumented
10         transactions from the original lender, AURORA LOAN SERVICES is claiming to be the
11         current holder in due course and creditor in this action.

12

13                                   **CAUSE OF ACTION**

14

15  At issue is **whether or not the Defendant has valid claim and therefore Standing to enforce**
16  **the negotiable instrument as well as claim as a creditor**.  Under (Uniform Commercial Code)
17  U.C.C. Article 3 - 301, it is necessary for the Defendant to establish proof of claim in order to
18  have the authority to enforce the negotiable instrument.
19  The power of enforcement is subject to "evidence of indebtedness".  The Plaintiff hereby
20  petitions this Honorable Court to render a Declaratory Judgment as to whether or not the
21  Defendant has valid claim on the loan as referenced in this case.

22

23         **Elements of a Declaratory Judgment**
24         1. There is a *bona fide*, actual, present, practical need for the declaration sought. *HERE*,
25  the Defendant wishes to collect on a debt but have not provided any valid proof of claim other
26  than a photocopy of an instrument made years ago to an entity other than the Defendant.
27  *THEREFORE*, a declaration is sought from this court to determine whether the Defendant has
28  claim on the promissory note.

                                         -5-

Case 8:15-cv-01129-CJC-DFM   Document 29   Filed 11/06/15   Page 31 of 214   Page ID #:312
Case 8:10-bk-29022-TA FMD Doc unFiled 126/13/10 08Entered Page 121 of 826:24 geDesc:142
Main Document      Page 6 of 16

1        2. The declaration deals with present, ascertained or ascertainable state of facts or present

2    controversy as to a state of facts. Anticipated future controversies will not support the action.

3    *HERE*, the Defendant intends to sell the property in a Trustee Sale and claim standing as a

4    creditor. *THEREFORE*, the declaration is required to resolve whether the Defendant has

5    Standing to enforce the instrument and be named a Creditor in this action.

6        3. Some right, power, privilege, or immunity of the complaining party is dependent on

7    the facts or the law applicable to the facts. *HERE*, the Plaintiff has the right to demand

8    presentment of the original instrument under U.C.C. 3 § 501 (b) 2 (a).  It is uncertain who is the

9    Holder in Due Course or whether the Defendant have any rights of enforcement. Under F.R.B.P.

10   Rule 3001 (d), the Defendant must provide proof of claim of perfection of their security interest.

11   *THEREFORE*, the Plaintiff motions this court to compel the Defendant to provide valid proof of

12   claim.

13       4. Some person has or may have an actual, present, adverse, and antagonistic interest in

14   the subject matter, either in fact or law. *HERE*, the Defendant claims to have the right of Holder

15   in Due Course and seeks to enforce the negotiable instrument as a creditor.  As it is the pattern

16   and practice of the banking industry to sell/assign notes that comes into their possession, the

17   Plaintiff has the right to know who is the real party of interest in this subject matter.

18   *THEREFORE*, the declaration is required to clarify each party's position in this controversy.

19       5. The adverse and antagonistic interest is before the court by proper process or class

20   representation. *HERE*, there is genuine adverse interest.  The Defendant wishes to foreclose on

21   the subject property and claim standing as a creditor but have not provided valid proof of claims

22   as defined under California Commercial Code nor F.R.B.P. Rule 3001 (d).  THUS, intervention

23   of the court is sought to clarify the Defendant's position and the rights of the Plaintiff.

24       6. The relief sought is not merely the giving of legal advice by the court or an answer to

25   questions founded merely in curiosity. *HERE*, an absolute declaration is petitioned before this

26   court to adjudicate the rights of each party involved in this controversy.  The Defendant wishes

27   to enforce the note and claim standing as a creditor but have not provided any proof of claim.

28   THUS, a declaration is needed to compel the Defendant to either provide proof of claim or

-6-

DEBTOR HORNER BARTOLOTTA'S ADVERSARY COMPLAINT AND RELIEF

1   release their claim over the Plaintiff.

2       *In conclusion*, having fulfilled all the elements of the declaratory judgment, this court has

3   subject matter jurisdiction to declare the rights of each party in this clear and present controversy

4   involving the promissory note, who the real parties of interest are and who has standing to

5   enforce the negotiable instrument as a creditor.

6

7

8                     **PRESUMPTIONS OF LAW REBUTTED**

9

10   **1) The Defendant Has Valid Standing to Enforce the Note**

11   It is the presumption that the Defendant has valid Standing to Enforce the promissory note.

12   The Plaintiff hereby motions the court to take judicial notice that the Plaintiff is rebutting this

13   presumption.  This right of enforcement is at issue.

14

15                           **CLAIMS**

16

17   **1) The Defendant has no Standing to Enforce the Negotiable Instrument**

18       It is <u>pattern and practice</u> of banking institutions to sell and/or assign loans, therefore it is

19   uncertain who is actually the **current** [emphasis] note holder in due course and who is entitled to

20   enforce the promissory note.

21   At issue is who the Holder is and whether the Defendant has the authority of or from the Holder.

22   Under U.C.C. 3 - 301, the authority to enforce the promissory note comes directly from the

23   Holder in Due Course.  **Under F.R.B.P. Rule 3001 (d), the Defendant must provide valid**

24   **proof of claim as a creditor**.  Specifically, the Defendant must provide evidence of perfected

25   security interest.

26       Federal Circuit Courts have ruled that the only way to prove the perfection of any

27   security is by **actual possession of the security**. See Matter of Staff Mortg. & Inv. Corp., 550

28   F.2d 1228 (9th Cir 1977).  Unequivocally the Court's rule is that in order to prove the

DEBTOR HORNER BARTOLOTTA'S ADVERSARY COMPLAINT AND RELIEF

1  "instrument", possession is mandatory.

2      **Under U.C.C. 3 - 501 (b) 2 (a) the original wet ink signature promissory note is the**

3  **only allowable evidence as proof of claim.**  The original promissory note is **critical material**

4  **evidence** [emphasis] to support the Defendant's proof of claim as it contains the only valid and

5  legally binding chain of title of assignment on the negotiable instrument and identifies who the

6  last legal Holder in Due Course.  A photocopy of the instrument made years ago is insufficient

7  proof of claim and is rejected by the Plaintiff[1] as it does not provide any evidence as to who the

8  *current* [emphasis] Holder in Due Course is.

9  Under U.C.C. 3 - 308 (a), the signature in an instrument denied by the Party under whom

10  enforcement is required is not admissible.  The burden of proof must be borne by the Party

11  seeking enforcement (the Defendant).   Therefore, for the purpose of this controversy, all

12  photocopies of the promissory note are considered a forgery as the signature on any photocopy

13  supplied by the Defendant cannot be verified, and its authenticity is disputed.

14  If Defendant cannot show they are a Note Holder in Due Course nor establish lawful authority

15  from the true Note Holder in Due Course, then they have no Standing to have the right of

16  enforcement or claim as a creditor.

17

18  **2) MERS has no Lawful Authority to Assign the Note and Deed of Trust.**

19  MERS (Mortgage Electronic Registration Systems) electronically tracks the transfer of title

20  between assignments of the promissory note for the purpose of securitization tracking.

21  United States Bankruptcy Court for the Eastern District of California has issued a ruling dated

22  May 20, 2010 in the matter of In Re: Walker that is on point in Case No. 10-21656-E-11, stating

23  that "MERS is not the owner of the underlying note and therefore could not transfer the note, the

24  beneficial interest in the deed of trust, or foreclose on the property secured by the deed".

25  The Plaintiff motions this Court to take Judicial Notice of the Memorandum in Support of the

26  Declaratory Judgment for this case.

27

28  _____

[1] *Indymac Bank v. Boyd*, 880 N.Y.S.2d 224 (2009).

DEBTOR HORNER BARTOLOTTA'S ADVERSARY COMPLAINT AND RELIEF

**3) The Defendant lacks Standing as a Creditor in this controversy.**

Fed. R. Civ. P. 17 states "an action must be prosecuted in the name of the real party of interest."

The standing doctrine "involves both constitutional limitations on federal court jurisdiction and

prudential limitations on its exercise." Kowalski v. Tesmer, 543 U.S. 125, 128-29, 125 S. Ct.

564, 160 L. Ed. 2d 519 (2004) (quoting Warth v. Seldin, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L.

Ed. 2D 343 (1975)).  Constitutional standing under Article III requires, at a minimum, that a

party must have suffered some actual or threatened injury as a result of the defendant's conduct,

that the injury be traced to the challenged action, and that it is likely to be redressed by a

favorable decision. (Valley Forge Christian Coll. V. Am. United for Separation of Church and

State, 454 U.S 464, 472, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982) (citations and internal

quotations omitted)).  Beyond the Article III requirements of injury in fact, causation, and

redressibility, the creditor must also have prudential standing, which is a judicially-created set of

principles that places limits on the class of persons who may invoke the courts' powers. (Warth

v. Seldin, 422 U.S. 490, 499, 95 S. Ct. 2197, 45 L.Ed. 2d 343 (1975)).  As a prudential matter, a

plaintiff must assert "his own legal interests as the real party in interest". (Dunmore v. United

States, 358 F.3d 1107, 1112 (9th Cir. 2004), as found in Fed. R. Civ. P 17, which provides "an

action must be prosecuted in the name of the real party of interest"

In order to have Standing in this controversy, the Defendant must show that they are a real party

of interest (Patton v. Diemer, 35 Ohio St. 3d 68; 518 N.E.2d 941; 1988), In re Weisband v.

GMAC, UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ARIZONA.

Case No. 4:09-bk-05175-EWH.

Under Generally Accepted Accounting Principles, a Creditor is defined as a party who has

Debited his account and Credits the Debtor. [2], [3]

---

[2] "Neither, as included in its powers not incidental to them, is it a part of a bank's business to lend its

credit.  If a bank could lend its credit as well as its money, it might, if it received compensation and was

careful to put its name only to solid paper, make a great deal more than any lawful interest on its money

-9-

Case 8:15-cv-01129-CJC-DFM   Document 29   Filed 11/06/15   Page 35 of 214   Page ID #:316
Case 8:15-cv-01129-CJC-DFM   Document 29   Filed 11/06/15   Page 35 of 214   Page ID #:146
Main Document      Page 10 of 16

1  If the Defendant cannot show actual loss as a result of the issuance of the loan, they are not a real
2  party of interest and therefore do not have Standing in this controversy.

3

4  **4) The Defendant violated the California Revised Business Corporation Act.**

5

6  California Financial Code section 22100 No person shall engage
7  in the business of a finance lender or broker without obtaining a license
   from the commissioner. The defendants in this instance SURRENDERED
8  their with the California state division of corporations; therefore
9  have no standing by which to enforce the note in question. Under
10 CORPORATIONS CODE SECTION  2114    (a) A foreign corporation that has
11 transacted intrastate  be served with process in the manner provided in this
   chapter in any action brought in this state arising out of that business,
12 whether or not it has ever complied with the requirements of this chapter.
13   (b) A foreign corporation that has surrendered its right to transact
14 intrastate business pursuant to Section 2112 or 2113 may be served with
   process in any action upon a liability or obligation incurred within this
15 state prior to that surrender by delivery of the process to the Secretary of
16 State, or an assistant or a deputy to the Secretary of State pursuant to this
17 chapter and no court order authorizing this service shall be required. The
   process shall be mailed in the manner prescribed in this chapter except that
18 it shall be sent to the address to which process is authorized to be sent in
19 the certificate of surrender or to the address of the surviving domestic
20 corporation in the case of a surrender under Section 2113.

21

22 would amount to. If not careful, the power would be the mother of panics . . . Indeed, lending credit is the
23 exact opposite of lending money, which is the real business of a bank, for while the latter creates a
24 liability in favor of the bank, the former gives rise to a liability of the bank to another. *I Morse. Banks and*
25 *Banking* 5th Ed. Sec 65; *Magee, Banks and Banking,* 3rd Ed. Sec 248." *American Express Co. v. Citizens*
26 *State Bank,* 181 Wis. 172, 194 NW 427 (1923).

27 [3] "A bank is not the holder in due course upon merely crediting the depositors account." *Bankers Trust v.*
28 *Nagler,* 23 A.D.2d 645, 257 N.Y.S.2d 298 (1965).

-10-

DEBTOR HORNER BARTOLOTTA'S ADVERSARY COMPLAINT AND RELIEF

Case 8:15-cv-01129-CJC-DFM   Document 29   Filed 11/06/15   Page 36 of 214   Page ID #:317
Case 8:14-bk-23022-TA   Doc 106   Filed 08/18/11   Entered 08/18/11 of 826:34   Page ID #:147
Main Document     Page 11 of 16

1    (c) If a foreign corporation that is qualified to transact intrastate business has its right to

2    transact such business forfeited by the Franchise Tax Board pursuant to the Bank and

3    Corporation Tax Law (Part 11 (commencing with Section 23001) of Division 2 of the

4    Revenue and Taxation Code), service of process on that corporation may be effected in the

     manner set forth in Sections 2110 and 2111, as if the right to transact intrastate business

5    had not been forfeited.   (d) The fact that a corporation ceases to transact intrastate

6    business without filing a certificate of surrender does not revoke the appointment of any

7    agent for the service of process. *See exhibit A*

8

9

10                                    **CONCLUSION**

11

12   If the Defendant wishes to claim standing as a creditor, they must first provide proof that they are

13   in fact entitled to enforce the security instrument.  Much like making payments for a stolen

14   vehicle, under California Commercial Code, the Debtor is entitled to demand proof of ownership

15   of the Note and/or written authority from the bona fide holder in due course from the Defendant.

16        If the Defendant cannot produce valid proof of claim, then they are not a real party of

17   interest and therefore have no Standing in this controversy and must be removed from the record

18   as a creditor against the Plaintiff and their property.

19

20

21                                  **PRAYER FOR RELIEF**

22   WHEREFORE, Plaintiff respectfully moves this Honorable Court that should the Defendant fail

23   to produce proof of claim, that this Honorable Court enters a judgment ordering the following

24   remedies:

25        a)        Declare the Debt null and void, and unenforceable between the Parties until such

26   times a real bona fide real party of interest presents itself.

27        b)        Defendant Releases all claims against Plaintiff in relations to this case due to lack

28   of proof of claim and standing.

                                         -11-

DEBTOR HORNER BARTOLOTTA'S ADVERSARY COMPLAINT AND RELIEF

Case 8:15-cv-01129-CJC-DFM   Document 29   Filed 11/06/15   Page 37 of 214   Page ID #:318
Case 8:10-bk-28023-TA-FMD   Doc Filed 06/13/11   Entered 06/13/11 06:34   Page 12 of 148
Main Document     Page 12 of 16

1  c)  No further action can be taken against Plaintiff, including but not limited to

2 foreclosure sale, Trustee sale, Quiet Title Action, unlawful detainer or collections.

3  d)  Removes all derogatory reporting with the credit bureaus in relations to this case

4 and reporting this account as "Settled in Full".

5  e)  Mark this Note as "Settled in Full" for the Defendant's own record as well as all

6 public records including but not limited to; all credit bureaus and county records.

7  f)  Return all monies collected on this transaction to date with the same interest as

8 the original promissory note, calculated from the date of the loan, paid in one lump sum

9 within 30 days

10  g)  Order the Defendant and/or the **Trustee on the Deed of Trust** to issue a full

11 reconveyance on the Deed of Trust within 30 days.  Failing this, after which, authorize the

12 Plaintiff to reconvey the property and declare the Deed of Trust null and void.

13  h)  Any and all other remedies appropriate and necessary deemed by this Honorable

14 Court.

15

16 Respectfully submitted,

17

18

19 NANCY MARIE HORNER, Plaintiff in Pro Per

20

21 MICHEL BARTOLOTTA, Plaintiff in Pro Per

22

23

24

25

26

27

28

DEBTOR HORNER BARTOLOTTA'S ADVERSARY COMPLAINT AND RELIEF

# EXHIBIT "A"

Case 8:15-cv-01129-CJC-DFM   Document 29   Filed 11/06/15   Page 39 of 214   Page ID #:320

Case 8:15-cv-01129-CJC-DFM   Document 116-1   Filed 06/8/20   Entered 06/8/20 15:36:34   Page ID #:150
Main Document    Page 14 of 16

Business Search - Business Entities - Business Programs                    Page 1 of 1



| Secretary of State | Administration | Elections | Business Programs | Political Reform | Archives | Registries |

**Business Entities (BE)**

Online Services
- **Business Search**
- **Disclosure Search**
- **E-File Statements**
- **Processing Times**

**Main Page**

**Service Options**

**Name Availability**

**Forms, Samples & Fees**

**Annual/Biennial Statements**

**Filing Tips**

**Information Requests**
(certificates, copies &
status reports)

**Service of Process**

**FAQs**

**Contact Information**

Resources
- **Business Resources**
- **Tax Information**
- **Starting A Business**
- **International Business
  Relations Program**

**Customer Alert**
(misleading business
solicitations)

## Business Entity Detail

Data is updated weekly and is current as of Friday, June 10, 2011. It is not a complete or certified record of the entity.

| | |
|---|---|
| **Entity Name:** | AURORA LOAN SERVICES INC. |
| **Entity Number:** | C2015080 |
| **Date Filed:** | 06/27/1997 |
| **Status:** | SURRENDER |
| **Jurisdiction:** | DELAWARE |
| **Entity Address:** | 10350 PARK MEADOWS PARK |
| **Entity City, State, Zip:** | LITTLETON CO 80124 |
| **Agent for Service of Process:** | CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE |
| **Agent Address:** | 2730 GATEWAY OAKS DR STE 100 |
| **Agent City, State, Zip:** | SACRAMENTO CA 95833 |

\* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is 'Surrender,' the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Field Descriptions and Status Definitions**.

**Modify Search**    **New Search**    **Printer Friendly**    **Back to Search Results**

**Privacy Statement** | **Free Document Readers**

Copyright © 2011   California Secretary of State

Exhibit "A"

ORIGINAL

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (For Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| NanCy Marie Horner<br>Michel Bartolotta<br>320 11th Street<br>Huntington Beach, CA 92648 | Aurora Loan Servicing Center<br>29617 College Park<br>Scottsbluff, NE 69361 |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)

NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(1) – Recovery of Money/Property | FRBP 7001(6) – Dischargeability (continued) |
|---|---|
| [ 2 ] 11-Recovery of money/property - §542 turnover of property | [ ] 61-Dischargeability - §523(a)(5), domestic support |
| [ ] 12-Recovery of money/property - §547 preference | [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury |
| [ 1 ] 13-Recovery of money/property - §548 fraudulent transfer | [ ] 63-Dischargeability - §523(a)(8), student loan |
| [ ] 14-Recovery of money/property - other | [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) |
|  | [ ] 65-Dischargeability - other |
| FRBP 7001(2) - Validity, Priority or Extent of Lien |  |
| [ 3 ] 21-Validity, priority or extent of lien or other interest in property | FRBP 7001(7) - Injunctive Relief |
|  | [ ] 71-Injunctive relief - imposition of stay |
| FRBP 7001(3) - Approval of Sale of Property | [ ] 72-Injunctive relief - other |
| [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h) | FRBP 7001(8) Subordination of Claim or Interest |
|  | [ ] 81-Subordination of claim or interest |
| FRBP 7001(4) - Objection/Revocation of Discharge |  |
| [ ] 41-Objection / revocation of discharge - §727(c),(d),(e) | FRBP 7001(9) Declaratory Judgment |
|  | [ ] 91-Declaratory judgment |
| FRBP 7001(5) - Revocation of Confirmation |  |
| [ ] 51-Revocation of confirmation | FRBP 7001(10) Determination of Removed Action |
|  | [ ] 01-Determination of removed claim or cause |
| FRBP 7001(6) - Dischargeability |  |
| [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims | Other |
| [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud | [ ] SS-SIPA Case - 15 U.S.C. §§78aaa et.seq. |
| [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny | [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| (continued next column) |  |

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought |  |

RECEIVED

JUN 13 2011

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                    Deputy Clerk

B104 (FORM 104) (08/07), Page 2

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR<br>NanCy Marie Horner<br>Michel Bartolotta | | BANKRUPTCY CASE NO.<br>8:11-bk-18022 TA |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE | NAME OF JUDGE |

## RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

*Nancy Marie Horner and Michel Bartolotta*

| DATE<br>June 13, 2011 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>NanCy Marie Horner and Michel Bartolotta |
|---|---|

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# EXHIBIT "4"

Case 8:15-cv-01129-CJC-DFM   Document 29   Filed 11/06/15   Page 43 of 214   Page ID #:324
Case 8:11-bk-18022-TA   Doc 29   Filed 08/26/11   Entered 08/26/11 11:11:35
od13vd-VolDismCh13/1307(b)    Page 1 of 1

FORM CACB (od13vdr VAN–154)
Rev.(03/09)

# United States Bankruptcy Court
## Central District Of California

---

**411 West Fourth Street, Suite 2030, Santa Ana, CA 92701–4593**

## <u>ORDER AND NOTICE OF DISMISSAL</u>
## <u>ARISING FROM DEBTOR'S REQUEST FOR VOLUNTARY DISMISSAL OF</u>
## <u>CHAPTER 13 [11 U.S.C. § 1307(b)]</u>

**DEBTOR INFORMATION:**
Nancy Marie Horner

**BANKRUPTCY NO.** 8:11–bk–18022–TA

**CHAPTER** 13

**Last four digits of Social–Security or Individual Taxpayer–Identification (ITIN) No(s)., (if any):** xxx–xx–6890
**Employer Tax–Identification (EIN) No(s).(if any):** N/A
**Debtor Dismissal Date:** 8/26/11

**JOINT DEBTOR INFORMATION:**
Michel Bartolotta

**Last four digits of Social–Security or Individual Taxpayer–Identification (ITIN) No(s)., (if any):** xxx–xx–7225
**Employer Tax–Identification (EIN) No(s).(if any):** N/A
**Joint Debtor Dismissal Date:** 8/26/11

**Address:**
320 11th St
Huntington Beach, CA 92648

---

Based on debtor's request, IT IS ORDERED THAT:

(1)   debtor's bankruptcy case is dismissed; and
(2)   the court retains jurisdiction on all issues arising under 11 U.S.C. §§ 110, 329 and 362.

Dated: August 26, 2011

BY THE COURT,

**Theodor Albert**
United States Bankruptcy Judge

# EXHIBIT "5"

RECORDING REQUESTED BY
FIRST AMERICAN TITLE COMPANY
AS AN ACCOMMODATION ONLY
Recording Requested By:
AURORA LOAN SERVICES

When Recorded Return To:

ASSIGNMENT PREP
AURORA LOAN SERVICES
P.O. Box 1706
Scottsbluff, NE 69363-1706

5653150

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder

|||||||||||||||||||||||||||   12.00

2011000322102 04:06pm 06/30/11
83 409 A32 2

0.00 0.00 0.00 0.00 0.00 0.00 0.00 0.00

CORPORATE ASSIGNMENT OF DEED OF TRUST

Orange, California
SELLER'S SERVICING #:0006012617 "HORNER"
OLD SERVICING #: FC

MERS #: 100025440002840981  SIS #: 1-888-679-6377

Prepared By: Kathleen Olson, AURORA LOAN SERVICES 2617 COLLEGE PARK, PO BOX 1706, SCOTTSBLUFF, NE
69363-1706 308-535-3600

For Value Received, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR LEHMAN
BROTHERS BANK, FSB , A FEDERAL SAVINGS BANK, ITS SUCCESSORS AND/OR ASSIGNS hereby, assigns
and transfers to AURORA LOAN SERVICES LLC at 2617 COLLEGE PARK, SCOTTSBLUFF, NE 69361 all
beneficial interest under that certain Deed of Trust dated 07/13/2005 , executed by NANCY M HORNER, A
MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY to MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. AS NOMINEE FOR LEHMAN BROTHERS BANK, FSB, A FEDERAL SAVINGS BANK and
Recorded: 07/19/2005 as Instrument No.: 2005000568524 in the County of Orange, State of California.

In witness whereof this instrument is executed.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR LEHMAN BROTHERS BANK,
FSB , A FEDERAL SAVINGS BANK, ITS SUCCESSORS AND/OR ASSIGNS
On June 20th, 2011

STACY SANDOZ, Vice President

*KFO*KFGALS1*06/23/2011 09:39:29 AM* ALS01ALSJA00000000000000072K000* 0ADRANG*.0006012617 CASTATE_ALS1_TRUST_ASSIGN_ASSN *KFGALS1*

Document Number: 2011000322102 Page: 1 of 3   4- 1122 4684 N - P

CORPORATE ASSIGNMENT OF DEED OF TRUST Page 2 of 2

STATE OF Nebraska
COUNTY OF Scotts Bluff

On June 20th, 2011, before me, GAY LOOSE, a Notary Public in and for Scotts Bluff in the State of Nebraska, personally appeared STACY SANDOZ, Vice-President, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

GAY LOOSE
Notary Expires: 02/23/2015

GENERAL NOTARY - State of Nebraska
GAY LOOSE
My Comm. Exp. Feb. 23, 2015

(This area for notarial seal)

*KFO*0*OALSI*06/20/2011 09:28:29 AM* ALSI01ALSI/00000000000000724000* OADNANG* 0359126517 CASTATE_ALSI_TRUST_ASSIGN_ASSN *KFOALSI*

Certified Copy of document number 2011000322102

THIS IS A CERTIFIED COPY OF THE
RECORD IF IT BEARS THE SEAL, AND
SIGNATURE OF THE ORANGE
COUNTY CLERK-RECORDER.

DATE: 7/1/2013

CERTIFICATION FEE: 3.00

COUNTY CLERK-RECORDER

Hugh Nguyen

ORANGE COUNTY
STATE OF CALIFORNIA

Document Number: 2011000322102 Page: 3 of 3

# EXHIBIT "6"

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder

||||||||||||||||||||||||||||||||||||||| 12.00
* $ R 0 0 0 5 2 0 5 5 5 B $ *

2012000581099 4:10 pm 10/02/12
117 405 A32   2
0.00 0.00 0.00 0.00 3.00 0.00 0.00 0.00 0.00

APN#: 024.111.03

RECORDING REQUESTED BY:

FIRST AMERICAN NATIONAL
DEFAULT TITLE
3 FIRST AMERICAN WAY
SANTA ANA, CA 92707

WHEN RECORDED SEND TO
AND MAIL TAX STATEMENTS TO A

THE WOLF FIRM
2955 MAIN STREET, 2ᴿᴰ FLOOR
IRVINE, CA 92614

7238507

The Undersigned Hereby Affirms That There Is No Social Security Number
Contained In This Document.

Corporate Assignment of Deed of Trust
TITLE OF DOCUMENT

Document Number: 2012000581099 Page: 1 of 3

Recording Requested By:

When Recorded Return To:

## CORPORATE ASSIGNMENT OF DEED OF TRUST

Orange, California
REF #:0035912617 "HORNER"
INVESTOR'S LOAN #:  0035912617

Prepared By:  Shae Brost, AURORA BANK FSB 2617 COLLEGE PARK, PO BOX 1706, SCOTTSBLUFF, NE  69363-1706
720-945-4306

For Value Received, AURORA LOAN SERVICES LLC hereby, assigns and transfers to NATIONSTAR MORTGAGE,
LLC at 350 HIGHLAND DRIVE, LEWISVILLE, TX  95067 all beneficial interest under that certain Deed of Trust
dated 07/13/2005 , executed by NANCY M HORNER to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC. AS NOMINEE FOR LEHMAN BROTHERS BANK, FSB, A FEDERAL SAVINGS BANK and Recorded:
07/19/2005  as Instrument No.: 2005000556624 in the County of Orange, State of California.

In witness whereof this instrument is executed.

AURORA LOAN SERVICES LLC
On June 28th, 2012                       Effective Date: 07/01/2012

KEVIN WOLVERTON, Assistant Vice-President

STATE OF Nebraska
COUNTY OF Scotts Bluff

On June 28th, 2012, before me, DEB SEIBERT, a Notary Public in and for Scotts Bluff in the State of Nebraska,
personally appeared KEVIN WOLVERTON, Assistant Vice-President, personally known to me (or proved to me on
the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by
his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

WITNESS my hand and official seal,

DEB SEIBERT
Notary Expires: 03/23/2015

GENERAL NOTARY - State of Nebraska
DEB SEIBERT
My Comm. Exp. March 23, 2015

(This area for notarial seal)

"KDA'HOAALBI"06/28/2012 11:30:23 AM" ALSI01ALSIA60000000000000942235" CADRANG" 0035912617 CASTATE_ALSI_TRUST_ASSIGN_ASSN "SEALSI"

## Document Number: 2012000581099 Page: 2 of 3

Certified Copy of document number 2012000581099

THIS IS A CERTIFIED COPY OF THE
RECORD IF IT BEARS THE SEAL,
SIGNATURE OF THE ORANGE
COUNTY CLERK-RECORDER,

DATE:   7/1/2013

CERTIFICATION FEE:   3.00

COUNTY CLERK-RECORDER

Hugh Nguyen

ORANGE COUNTY
STATE OF CALIFORNIA

Document Number: 2012000581099 Page: 3 of 3

# EXHIBIT "7"

Ronald Freshman, SBN 225136
45050 Casas de Mariposa
Indian Wells, CA 92210
Telephone: 858-756-8288
Facsimile: 206-424-0744
E-Mail: ronfreshman@gmail.com

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

AUG 17 2012

ALAN CARLSON, Clerk of the Court

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

NANCY M. HORNER, an individual,

Plaintiff,

v.

LEHMAN BROTHERS BANK, FSB;
AURORA LOAN SERVICES, LLC FKA
LEHMAN BROTHERS BANK, FSB;
WELLS FARGO BANK, N.A.; and "ALL
PERSONS or ENTITIES UNKNOWN,
CLAIMING ANY LEGAL or EQUITABLE
RIGHT, TITLE, ESTATE, LIEN or
INTEREST in the PROPERTY
DESCRIBED in this COMPLAINT
ADVERSE to PLAINTIFF'S TITLE, or
ANY CLOUD UPON PLAINTIFF'S TITLE
THERETO" and DOES 1-25, Inclusive,
Defendants.

CASE NO:   0 0 5 9 2 0 1 3

VERIFIED COMPLAINT FOR QUIET
TITLE ONLY

(NO FORECLOSURE PENDING)

(UNLIMITED CIVIL)

JUDGE RONALD L. BAUER

Plaintiff, NANCY M. HORNER, an individual; hereby complains, alleges, affirms
and herein Prays for relief by way of an Decree and/or Order granting QUIET TITLE to
Plaintiff relative to subject real property as described herein, as against all Defendants.

### INTRODUCTION

Plaintiff presents this introduction so this Court and any defendants understand
and acknowledge what Plaintiff does not dispute in this simple, single Cause of Action
for "Quiet Title."

First, Plaintiff does not seek to challenge, address, rescind, cancel or undo any remaining "DEBT" (without confirming the validity or existence to any such debt) relative to the "Deed of Trust" (DOT) document that is at issue, or has been brought into dispute by Plaintiff's subject action. Further, Plaintiff does not seek any relief in this action concerning any Debt, Loan and or Promissory Note.

Second, Plaintiff is not herein moving to vacate or set aside a "Trustee's Sale" of foreclosure, as this has not taken place nor had any foreclosure proceedings commenced as against Plaintiff at the time of the filing of instant action.

Third, the "Tender Rule" is not applicable in this single cause of action Quiet Title suit, as there exists no California Authority requiring any "Tender," or offer thereof, in the absence of any challenge to the relative "Debt," "Foreclosure Proceedings" and/or "Trustee's Sale." Tender in California has only been required in these given fact scenarios, however not in the instant fact pattern presented in Plaintiff's sole Cause of Action, or claim for "Quiet Title."

Fourth, although subject Debt, Loan and or Promissory Note, may or may not have been "Securitized," as alleged in this complaint, whether or not it has, is not the basis upon which Plaintiff seeks to Quiet Title. The mere "SECURITIZATION" in and of itself, of subject Debt, Loan(s) or Promissory Note(s), is not what Plaintiff or Plaintiff's Cause of Action relies upon as Factual or Legal support for Plaintiff's claim for Quiet Title.

California Civil Code § 2936, states, "The assignment of a debt secured by mortgage carries with it the security." What the statute does not say is that the "Security" is the Deed Of Trust. Under Cal.Civil Code § 2936, by operation of law, the "Security" or the "Secured Interest" adheres to and follows the Note if and when assigned, transferred, or sold, which renders the "Un-Assigned Deed of Trust" at the time of the note assignment/transfer or sale, encumbering nothing.

---

*PLAINTIFF'S VERIFIED COMPLAINT FOR QUIET TITLE*

## GENERAL ALLEGATIONS

### NO FORECLOSURE PENDING

As a preliminary affirmation and allegation Plaintiff herein represents that there is no ongoing foreclosure proceeding in effect governing, concerning or relative to any of the Parties, herein or as to subject real property at the time this complaint was initially filed.

### STATEMENT OF JURISDICTION

This Court has proper subject matter Jurisdiction over the within action as the real property, the subject of instant action, is so situated and physically located within this California Superior Court's Judicial District. *(Cal. Code of Civil Procedure §760.040(a)).*

### SUBJECT REAL PROPERTY AT ISSUE

The Real Property (hereinafter referred to as "PROPERTY"), the subject of any and all claims of any of the Parties hereto, and which is the subject of instant action, and that of which, Plaintiff prays for a Decree and or Order of Quiet Title thereto, is legally described as well as its street address or common designation is provided and stated within the "Title Report" which is attached hereto and incorporated by reference herein, as Attachment "1". *(Cal Code of Civil Procedure § 761.020(a)).*

### PROCUREMENT OF TITLE REPORT

A current Title Report has been procured by Plaintiff and is incorporated by reference herein, and made available for inspection, use and copying by any and all of the Parties hereto, and designated as Attachment "1". *(Code of Civil Procedure §762.040(b)).*

### DATE OF DETERMINATION

Plaintiff herein requests that the date of the Judicial determination sought be that of the date of the filing instant Complaint. *(Cal Code of Civil Procedure § 761.020(d)).*

---

*PLAINTIFF'S VERIFIED COMPLAINT FOR QUIET TITLE*

3

## PROMISSORY NOTE SECURITIZATION

Without confirming the validity or existence thereof, Plaintiff herein alleges, that any and all Debt, Loan(s) and or Promissory Note(s) relative to, and that which allegedly have been secured by any Deeds of Trust (hereinafter referred to as "DOT's"), documents, or any alleged secured instruments referenced herein have been partially and or fully and completely Securitized, and or assigned, transferred and/or sold to an investment and/or securitized investment pool and as such any and all rights, interests and title has been extinguished, relinquished, and/or detached as to any and all DOT's, documents, or alleged secured instruments referenced herein.

## ABSENCE OF ANY PROMISSORY NOTE OR HOLDER THEREOF

Without confirming the validity or existence thereof Plaintiff herein alleges, that there exist absolutely no Debt, Loan(s) and or Promissory Note(s) or Mortgage relative to, hypothecated, or that which pertains to subject "PROPERTY" nor is there, in existence any individual or entity who could or might claim to be a "Holder" of any such Debt, Loan(s) and or Promissory Note. As such no individual or entity could present a claim "Adverse" or otherwise as to any Rights, Title or Interests in subject "PROPERTY."

## ASSIGNED; TRANSFERRED; SOLD

## ANY AND ALL DEBT; LOAN; PROMISSORY NOTE

Without confirming the validity or existence thereof, Plaintiff herein alleges, based upon information and belief, that any and all alleged Debt; loan(s) and/or Promissory Note(s), without confirming any validity or existence thereto, and allegedly pertaining to, relative and/or hypothecated by any of the Security, Secured Instruments, and/or DOT's as referenced herein have been assigned, transferred, and/or sold. The assignment, transferring and or selling of such Debt, Loan(s) and/or Promissory Note(s), without confirming any validity or existence thereto, was effectuated previously thereto, concurrently therewith, and/or subsequent to the execution, creation or making of any of the Security, Secured instruments, and/or DOT's as referenced herein, as follows:

*PLAINTIFF'S VERIFIED COMPLAINT FOR QUIET TITLE*

4

First : From "Lehman Brothers Bank, FSB" to "Lehman Brothers Holdings, Inc.";

Second: From to "Lehman Brothers Holdings, Inc." to "Structured Asset Securities Corporation";

Third: From "Structured Asset Securities Corporation" to "Structured Asset Securities Corp. 2005-16;

Fourth: From "Structured Asset Securities Corp. 2005-16" to "The Bank Of New York Mellon, N.A.;

"QUIET TITLE"

(Plaintiff's sole Cause of Action as against each and every Defendant)

AS AGAINST DEFENDANTS "AURORA LOAN SERVICES, LLC. AND WELLS FARGO BANK, N.A"

1.     Plaintiff herein re-asserts and re-alleges any and all previous alleged General allegations as to any and all facts, law and allegations.

2.     At all times relevant hereto, Plaintiff **NANCY M. HORNER** was an individual and resident of the State of California, in and of the County and City where subject "PROPERTY" is so situated and/or physically located which is within this Court's Judicial District, and at all times herein relevant to this complaint, is the true owner of subject "PROPERTY" as described and set forth herein, as further evidenced by a Grant Deed naming Plaintiff as the true and correct title holder.

3.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant hereto Defendant, **AURORA LOAN SERVICES, LLC**, is a unknown type, a limited liability company, an individual, and/or business entity doing business in the State of California, in of the County and City where subject "PROPERTY" is so situated and physically located which is within this Court's Judicial District as fully described in "Attachment 1" where

*PLAINTIFF'S VERIFIED COMPLAINT FOR QUIET TITLE*

5

subject "PROPERTY" is so situated and physically located which is within this Court's Judicial District as fully described in Attachment "1".

4.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant hereto Defendant **WELLS FARGO BANK, N.A.**, is a business entity doing business in the State of California, in of the County and City where subject "PROPERTY" is so situated and physically located which is within this Courts Judicial District as fully described in "Attachment 1."

5.    Plaintiff is informed and believes, and thereon alleges that at all times relevant hereto Defendant "*in rem*" is subject "PROPERTY" within the Judicial District of the above-entitled Court, of the County and City where subject "PROPERTY" is so situated and physically located as fully described herein in Attachment "1".

6.    Plaintiff is informed and believes and thereon alleges that at all times relevant hereto Defendants, who are "all persons or entities unknown, claiming any legal or equitable right, title, estate, lien or interest in the property described in this Complaint adverse to Plaintiff's title, or any cloud upon Plaintiff's title thereto" are individuals and or unknown business entities doing business in the State of California, in the County of and City where subject "PROPERTY" is so situated and physically located which is within this Court's Judicial District as fully described in "Attachment 1". (Cal Code of Civil Procedure Sec.762.060(a)).

7.    Plaintiff is unaware of the true names and capacities of any individuals and/or entities sued herein under the fictitious names DOES 1 to 25, inclusive or, to the extent that the names of such individuals or entities may become known to Plaintiff, and as such Plaintiff cannot state with any certainty that such a Cause of Action lies herein as against such individuals or entities, or Plaintiff is unable to allege the elements of such Cause of Action, at this time, and as such said Defendants are herein named in accordance with the

provisions of *(Cal Code of Civil Procedure Sec. 474)*.  Plaintiff thereon reserves the right to amend instant Complaint to allege the true names and capacities of such fictitiously named Defendants when the same become known or when it has been ascertained with reasonable certainty that such Cause of Action hereunder can be satisfactorily stated and maintained as against each such fictitiously named individual or entity.

8.        Plaintiff is informed and believes and thereon alleges, that in committing certain acts herein alleged, some or all of the Defendants herein named were action as the Agents, Joint Ventures, Partners, Representatives, Subsidiaries, Affiliates, Associates, Assigns and/or Employees, Nominee and or Agents of some or all of the other Defendants, and that some or all of the conduct of such Defendants, as complained of herein, was within the course and scope and agency of such relationship.

9.        On or about **04/03/2002**, and subsequent thereto the "PROPERTY" as fully and legally described herein, and the essence of instant Action was residential real property indisputably owned of record by Plaintiff, as evidenced by a certain Grant Deed dated **04/03/2002** and recorded as document no. **20020298707** on **04/09/2002**.

10.       Plaintiff is informed and believes, and on that basis alleges, that on or about **07/13/2005** Plaintiff, at the Inception, made, executed or otherwise signed and or delivered a document entitled "Deed of Trust" to the named Defendant, **LEHMAN BROTHERS BANK, FSB,**" identified as instrument # **2005000556524** which forms the basis of their alleged "Adverse Claim" which was incorrect, false, and or otherwise misplaced and untrue, due to their actions in creating and or otherwise generating said "DOT" as well as their subsequent actions regarding said "DOT" as alleged herein.

11.       Plaintiff is informed and believes, and on that basis alleges, that on or about **09/21/2005** Plaintiff, at the Inception, made, executed or otherwise

signed and or delivered a document entitled "Deed of Trust" to the named Defendant, **WELLS FARGO BANK, N.A.**," identified as instrument # **2005000831286** which forms the basis of their alleged "Adverse Claim" which was incorrect, false, and or otherwise misplaced and untrue, due to their actions in creating and or otherwise generating said "DOT" as well as their subsequent actions regarding said "DOT" as alleged herein.

12.     Plaintiff is informed and believes, and on that basis alleges, that there is no current holder of any valid "DOT" as claimed herein and that no Party herein can establish that they are the valid current holder of any "DOT" whatsoever.

13.     Plaintiff is informed and believes, and on that basis alleges, that none of the alleged Parties hereto claiming to hold or possess any "DOT" herein can establish that they are entitled to, or possess any Right, Interest, or Beneficial interest relative to any valid "DOT" or the right to effectuate any enforcement as against any other Party herein or as against subject "PROPERTY" itself, the subject of the instant Quiet Title action.

14.     Plaintiff is informed and believes, and on that basis alleges that, as such, no Party herein, notwithstanding Plaintiff, have, possess or hold any Legal and or Equitable interests and or rights to and regarding subject "PROPERTY".

15.     Plaintiff is informed and believes, and on that basis alleges that Plaintiff's title to the "PROPERTY" is free and clear as to any securitization instrument, and or any secured interest, and therefore seeks the title to "PROPERTY" to be Quieted to Plaintiff, and for the benefit of Plaintiff exclusively.

**PRAYER**

**WHEREFORE**, Plaintiff prays the Court for relief as follows:

*PLAINTIFF'S VERIFIED COMPLAINT FOR QUIET TITLE*

8

A) For a Decree and or Order determining and granting Quiet Title for and to the benefit of Plaintiff, as to Defendant "*in rem*" "PROPERTY," and as against any and all of Defendants hereto and to any "Adverse Claims," they allege to possess herein;

B) That a Judicial Declaration be entered, that the title to subject "PROPERTY" is vested in Plaintiff alone and that Defendants and each of them be declared to have no interests either Legal or Equitable, right, estate, or lien in subject "PROPERTY" and that the Defendants, their Agents or Assigns, be forever enjoined from asserting estate, right, title or interest to subject "PROPERTY;"

C) For such additional and further relief as the Court may deem just and reasonable;

D) For such reasonable costs of suit.

Dated this 16th day of August 2012.

Respectfully Submitted,

RONALD H. FRESHMAN,
Attorney for Plaintiff, Nancy M. Horner

## VERIFICATION BY PLAINTIFF

I am the Plaintiff in this action. I have read the foregoing Complaint for Quiet Title to and know the contents thereon. I am party to this action. The matters stated in it are true of my own knowledge, except as to those matters stated on information or belief, and as to those matters I believe them to be true.

I declare under the penalty of perjury under the laws of the State of California that the foregoing in true and correct.

Executed on August 16, 2012

At Huntington Beach, California

Plaintiff- Nancy M. Horner

ATTACHMENT "1"



WFG Lender Services
a WFG Financial Group company

## Property Report

Order No: 250791

Property Address: 320  11th St., Huntington Beach, California 92648

Name: Nancy  M Horner

Legal Description:
LOT 20, BLOCK 310 OF HUNTINGTON BEACH TRACT, IN THE CITY OF  HUNTINGTON BEACH,
COUNTY OF ORANGE, STATE OF CALIFORNIA AS PER MAP RECORDED IN BOOK 3, PAGE(S) 36,
OF MISCELLANEOUS MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

\*\*\*\*\*

As of this date, 07/31/2012 at 8:00 a.m., and at your request, we have checked the records on the above
described property from 04/09/2002. We find the following:

a.  NANCY M. HORNER, A MARRIED PERSON, grantor to NANCY M. HORNER, A MARRIED
PERSON, SOLE & SEPARATE PROPERTY, grantee, by deed recorded on 04/09/2002, as
Instrument 20020298707.

Tax ID:  024-111-03

Tax Certificate to follow

a.  DEED OF TRUST from NANCY M. HORNER to CHICAGO TITLE as Trustee for MERS, INC.,
AS NOMINEE FOR LEHMAN BROTHERS BANK, FSB, A FEDERAL SAVINGS BANK, Dated
07/13/2005, Recorded 07/19/2005 as Instrument 2005000556524 in the original stated principal
amount of $825,000.00.

AN ASSIGNMENT OF THE BENEFICIAL INTEREST UNDER SAID DEED OF TRUST WHICH
NAMES AURORA LOAN SERVICES LLC AS THE ASSIGNEE, RECORDED 06/30/2011.

b.  DEED OF TRUST from NANCY M. HORNER to AMERICAN SECURITIES COMPANY as
Trustee for WELLS FARGO BANK, N.A., Dated 09/21/2005, Recorded 10/17/2005 as Instrument
2005000831286 in the original stated principal amount of $125,000.00.

NOTE: This item is an open-ended line of credit.

c.  JUDGMENT on behalf of CITIBANK (SOUTH DAKOTA) N.A. against NANCY M. HORNER,
Dated 07/22/2010, Recorded 09/30/2010 as Instrument 2010000488633, Case 30-2009-
00330769 in the original amount of $12,959.06.

d.  JUDGMENT on behalf of AMERICAN EXPRESS BANK, FSB against NANCY HORNER, Dated
07/12/2010, Recorded 10/01/2010 as Instrument 2010000493202, Case 30-200900317892 in the
original amount of $15,405.45.



e. JUDGMENT on behalf of CITIBANK (SOUTH DAKOTA), N.A. against NANCY M. HORNER. Dated 01/12/2011. Recorded 03/11/2011 as Instrument 2011000132686, Case 30-2009-00331530 in the original amount of $18,339.45.

f. JUDGMENT on behalf of CITIBANK (SOUTH DAKOTA), N.A. against NANCY M. HORNER. Dated 04/20/2011, Recorded 06/03/2011 as Instrument 2011000275011, Case 30-2010-00334498 in the original amount of $10,100.87.

g. BANKRUPTCY on behalf of US BANKRUPTCY COURT against NANCY MARIE HORNER, Recorded 08/08/2011 as Case BY 1118022.320 in the original amount of $0.00. Comments: CHAPTER 13



This report is made for informational purposes only and specifically does not carry the liability of an abstract continuation or title insurance commitment.  We make no representation as to the legal or merchantable quality of title.  Except for those listed above, we have not examined any documents recorded prior to the initial date of our search.

This property report contains land title information for the sole use and benefit of the applicant only and may not be relied upon by any other party.  Shown herein are those liens found only in the office of the register of deeds, county treasurer and clerk of circuit court which were filed and recorded during the search period.  No search has been made for bankruptcy proceedings, unfiled construction lien claims, special assessments, Uniform Commercial Code financing statements or for any other conveyances, liens or encumbrances which are not property indexed.  This report does not show any provisions or recitals contained in instruments nor any proceedings affecting the title.  We make no representations as to the legal or merchantable quality of the title, which can be determined only by a complete abstract of title and attorney's opinion or a policy of title insurance.  The applicant agrees that, as part of the consideration which the applicant gives for the issuance of this report and in recognition of the relative risks, rewards and benefits thereof, the risks have been allocated such that the Company shall be liable to the applicant as a direct result of an error or omission, provided, however, that in no event shall the liability of the Company arising from any cause or causes exceed the cost of the actual property report search.

Thank you for letting us be of service.


WFG Lender Services

## EXHIBIT "A"

THE FOLLOWING DESCRIBED PROPERTY IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA:

LOT 20, BLOCK 310 OF HUNTINGTON BEACH TRACT, IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA AS PER MAP RECORDED IN BOOK 3, PAGE(S) 36, OF MISCELLANEOUS MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

# EXHIBIT "8"



1   GREEN & HALL, A PROFESSIONAL CORPORATION
    Howard D. Hall (State Bar No. 145024)
2   Artin Betpera (State Bar No. 244477)
    1851 East First Street, 10th Floor
3   Santa Ana, California 92705-4052
    Telephone: (714) 918-7000
4   Facsimile: (714) 918-6996

5   Attorneys for Defendants
    Aurora Loan Services, LLC and Nationstar Mortgage,
6   LLC

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

10

11  NANCY M. HORNER,                    ) Case No. 30-2012-00592013
                                        )
12          Plaintiff,                  ) JUDGE: Hon. Andrew P. Banks
                                        ) DEPT:   C11
13  vs.                                 )
                                        ) NOTICE OF ENTRY OF ORDER
14  LEHMAN BROTHERS BANK, FSB;          ) GRANTING MOTION FOR NON-
    AURORA LOAN SERVICES, LLC FKA       ) SUIT BY DEFENDANTS AURORA
15  LEHMAN BROTHERS BANK, FSB;          ) LOAN SERVICES, LLC AND
    WELLS FARGO BANK, N.A.; and "ALL    ) NATIONSTAR MORTGAGE, LLC
16  PERSONS or ENTITIES UNKNOWN,        )
    CLAIMING ANY LEGAL or EQUITABLE     ) Trial Date: July 8, 2013
17  RIGHT, TITLE ESTATE or INTEREST in  )
    the PROPERTY DESCRIBED in this      )
18  COMPLAINT ADVERSE to PLAINTIFF'S    )
    TITLE, or ANY CLOUD UPON            )
19  PLAINTIFF'S TITLE THERETO" and      )
    DOES 1-25, Inclusive,               )
20                                      )
            Defendants.                 )
21                                      )

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

    NOTICE OF ENTRY OF ORDER GRANTING MOTION FOR NON-SUIT BY DEFENDANTS AURORA LOAN
                SERVICES, LLC AND NATIONSTAR MORTGAGE, LLC
    S:\Nationstar.Horner\Pleadings\Notice of Entry of Order Granting Non-Suit.doc

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
08/16/2013 at 12:05:00 PM
Clerk of the Superior Court
By James M Haines, Deputy Clerk

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that on August 5, 2013 Honorable Andrew P. Banks

3  signed and entered the Order Granting Motion for Non-Suit by Defendants Aurora Loan

4  Services, LLC and Nationstar Mortgage, LLC. A true and correct copy is attached hereto

5  as "Exhibit A."

6  Dated:  August 15, 2013                  GREEN & HALL, A PROFESSIONAL
                                            CORPORATION
7

8                                           By: _____

9                                              Artin Betpera
                                            Attorneys for Defendants
10                                          Aurora Loan Services, LLC and Nationstar
                                            Mortgage, LLC
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF ENTRY OF ORDER GRANTING MOTION FOR NON-SUIT BY DEFENDANTS AURORA LOAN
SERVICES, LLC AND NATIONSTAR MORTGAGE, LLC

S:\Nationstar.Horner\Pleadings\Notice of Entry of Order Granting Non-Suit.doc

# EXHIBIT "A"



1  GREEN & HALL, A PROFESSIONAL CORPORATION
   Howard D. Hall (State Bar No. 145024)
2  Artin Betpera (State Bar No. 244477)
   1851 East First Street, 10th Floor
3  Santa Ana, California 92705-4052
   Telephone: (714) 918-7000
4  Facsimile: (714) 918-6996

5  Attorneys for Defendants
   Aurora Loan Services, LLC and Nationstar Mortgage,
6  LLC

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

10

11  NANCY M. HORNER,                      ) Case No. 30-2012-00592013
                                          )
12         Plaintiff,                     ) JUDGE: Hon. Andrew P. Banks
                                          ) DEPT:  C11
13    vs.                                 )
                                          ) [PROPOSED] ORDER GRANTING
14  LEHMAN BROTHERS BANK, FSB;            ) MOTION FOR NON-SUIT BY
    AURORA LOAN SERVICES, LLC FKA         ) DEFENDANTS AURORA LOAN
15  LEHMAN BROTHERS BANK, FSB;            ) SERVICES, LLC AND NATIONSTAR
    WELLS FARGO BANK, N.A.; and "ALL      ) MORTGAGE, LLC
16  PERSONS or ENTITIES UNKNOWN,          )
    CLAIMING ANY LEGAL or EQUITABLE       ) Trial Date: July 8, 2013
17  RIGHT, TITLE ESTATE or INTEREST in    )
    the PROPERTY DESCRIBED in this        )
18  COMPLAINT ADVERSE to PLAINTIFF'S      )
    TITLE, or ANY CLOUD UPON              )
19  PLAINTIFF'S TITLE THERETO" and        )
    DOES 1-25, Inclusive,                 )
20                                        )
           Defendants.                    )
21                                        )

22         On July 8, 2013, Plaintiff Nancy M. Horner ("Plaintiff") and Defendants Aurora

23  Loan Services, LLC, and Nationstar Mortgage, LLC ("Defendants") appeared for trial in

24  Department C11 of the above-encaptioned Court. Artin Betpera, Esq. appeared on behalf

25  of Defendants. Ronald Freshman, Esq. appeared on behalf of Plaintiff.

26         At the conclusion of Plaintiff's opening statement, Defendants moved for a non-suit

27  pursuant to Cal. *Code of Civ. Proc.* § 581c. Plaintiff was provided with numerous

28  opportunities to re-open following the Defendants' motion.

---

[PROPOSED] ORDER GRANTING MOTION FOR NON-SUIT BY DEFENDANTS AURORA LOAN
SERVICES, LLC AND NATIONSTAR MORTGAGE, LLC
S:\Nationstar.Horner\Pleadings\[Proposed] Order Granting Non-Suit.doc

1    The Court, having considered the parties' trial filings, including the parties' trial

2    briefs, after providing Plaintiff with numerous opportunities to re-open, and after hearing

3    oral argument, hereby ORDERS as follows:

4         The Defendants' motion for non-suit pursuant to Cal. *Code of Civ. Proc.* § 581c is

5    GRANTED. A judgment of non-suit shall be entered in favor of Defendants.

6         Defendants are entitled to recover their costs of suit from Plaintiff.

7

8    Dated: _____8/5_____, 2013                    _____

9                                                 Hon. Andrew P. Banks
                                                  Judge of the Superior Court of the State of
                                                  California

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              2

**PROOF OF SERVICE**

1

2

3     I am employed in the County of Orange, State of California.  I am over the age of 18 and
not a party to the within action.  My business address is 1851 East First Street, 10th Floor, Santa
4     Ana, California 92705-4052.

5     On July 10, 2013, I served the within document(s) described as:

6     [PROPOSED] ORDER GRANTING MOTION FOR NON-SUIT BY DEFENDANTS
AURORA LOAN SERVICES, LLC AND NATIONSTAR MORTGAGE, LLC

7
on the interested parties in this action as stated below:
8

9     Ronald Freshman, Esq.
Attorney at Law
10    3040 Skycrest Drive
Fallbrook, CA 92028
11    (858) 756-8288; F: (206) 424-0744
ronfreshman@gmail.com
12    Attorney for Plaintiff Nancy M. Horner

13  [X]   (BY OVERNIGHT DELIVERY) I deposited in a box or other facility regularly
maintained by Overnite Express, an express service carrier, or delivered to a courier or
14         driver authorized by said express service carrier to receive documents, a true copy of the
foregoing document(s) in a sealed envelope or package designated by the express service
15         carrier, addressed as set forth above, with fees for overnight delivery paid or provided for.

I declare under penalty of perjury under the laws of the State of California that the
16    foregoing is true and correct.

17    Executed on July 10, 2013, at Santa Ana, California.

18

19    _____Melissa Weisbender_____            _____
        (Type or print name)                              (Signature)

20

21

22

23

24

25

26

27

28

1

SAPOS\Nationstar.Horner.doc

## PROOF OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1851 East First Street, 10th Floor, Santa Ana, California 92705-4052.

On August 16, 2013, I served the within document(s) described as:

**NOTICE OF ENTRY OF ORDER GRANTING MOTION FOR NON-SUIT BY DEFENDANTS AURORA LOAN SERVICES, LLC AND NATIONSTAR MORTGAGE, LLC**

on the interested parties in this action as stated below:

Ronald Freshman, Esq.
Attorney at Law
3040 Skycrest Drive
Fallbrook, CA 92028
(858) 756-8288; F: (206) 424-0744
ronfreshman@gmail.com
Attorney for Plaintiff Nancy M. Horner

[X]    **(BY MAIL)** By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above.  I placed each such envelope for collection and mailing following ordinary business practices.  I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing.  Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Santa Ana, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 16, 2013, at Santa Ana, California.

Melissa Weisbender
(Type or print name)

_Weisbender_
(Signature)

1

S:\POS\Nationstar.Horner.doc

# EXHIBIT "9"



1 | GREEN & HALL, A PROFESSIONAL CORPORATION
Howard D. Hall (State Bar No. 145024)
2 | Artin Betpera (State Bar No. 244477)
1851 East First Street, 10th Floor
3 | Santa Ana, California 92705-4052
Telephone: (714) 918-7000
4 | Facsimile: (714) 918-6996

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
08/16/2013 at 12:05:00 PM
Clerk of the Superior Court
By James M Haines, Deputy Clerk

5 | Attorneys for Defendants
Aurora Loan Services, LLC and Nationstar Mortgage,
6 | LLC

7

8 |          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |          COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

10

11 | NANCY M. HORNER,                              ) Case No. 30-2012-00592013
                                                  )
12 |          Plaintiff,                            ) JUDGE: Hon. Andrew P. Banks
                                                  ) DEPT:   C11
13 |     vs.                                        )
                                                  ) NOTICE OF ENTRY OF JUDGMENT
14 | LEHMAN BROTHERS BANK, FSB;                    ) OF NON-SUIT IN FAVOR OF
AURORA LOAN SERVICES, LLC FKA                ) DEFENDANTS AURORA LOAN
15 | LEHMAN BROTHERS BANK, FSB;               ) SERVICES, LLC AND NATIONSTAR
WELLS FARGO BANK, N.A.; and "ALL             ) MORTGAGE, LLC
16 | PERSONS or ENTITIES UNKNOWN,             )
CLAIMING ANY LEGAL or EQUITABLE          ) Trial Date: July 8, 2013
17 | RIGHT, TITLE ESTATE or INTEREST in      )
the PROPERTY DESCRIBED in this               )
18 | COMPLAINT ADVERSE to PLAINTIFF'S         )
TITLE, or ANY CLOUD UPON                     )
19 | PLAINTIFF'S TITLE THERETO" and          )
DOES 1-25, Inclusive,                         )
20 |                                            )
                                                  )
21 |          Defendants.                         )
     _____ )

22 | ///

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

NOTICE OF ENTRY OF JUDGMENT OF NON-SUIT IN FAVOR OF DEFENDANTS AURORA LOAN
SERVICES, LLC AND NATIONSTAR MORTGAGE, LLC
S:\Nationstar.Horner\Pleadings\Notice of Entry of Judgment.doc

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2       PLEASE TAKE NOTICE that on August 5, 2013 Honorable Andrew P. Banks

3 signed and entered the Judgment of Non-Suit in Favor of Defendants Aurora Loan Services,

4 LLC and Nationstar Mortgage, LLC.  A true and correct copy is attached hereto as "Exhibit

5 A."

6 Dated:  August /5, 2013            GREEN & HALL, A PROFESSIONAL
                                          CORPORATION

7

8                                 By:

9                                     Artin Betpera

10                                Attorneys for Defendants
                                    Aurora Loan Services, LLC and Nationstar

11                                Mortgage, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

NOTICE OF ENTRY OF JUDGMENT OF NON-SUIT IN FAVOR OF DEFENDANTS AURORA LOAN
SERVICES, LLC AND NATIONSTAR MORTGAGE, LLC

# EXHIBIT "A"



ELECTRONICALLY RECEIVED
Superior Court of California,
County of Orange
07/10/2013 at 03:30:28 PM
Clerk of the Superior Court
By Rachelle Fosnaw, Deputy Clerk

1  GREEN & HALL, A PROFESSIONAL CORPORATION
   Howard D. Hall (State Bar No. 145024)
2  Artin Betpera (State Bar No. 244477)
   1851 East First Street, 10th Floor
3  Santa Ana, California 92705-4052
   Telephone: (714) 918-7000
4  Facsimile: (714) 918-6996

5  Attorneys for Defendants
   Aurora Loan Services, LLC and Nationstar Mortgage,
6  LLC

7

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

AUG 05 2013

ALAN CARLSON, Clerk of the Court

BY  M. NAKATA

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA

9         COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

10

11 NANCY M. HORNER,                            ) Case No. 30-2012-00592013
                                               )
12         Plaintiff,                          ) JUDGE: Hon. Andrew P. Banks
                                               ) DEPT:  C11
13 vs.                                         )
                                               )
14 ~~LEHMAN BROTHERS BANK, FSB;~~              ) [PROPOSED] JUDGMENT OF NON-
   AURORA LOAN SERVICES, LLC FKA               ) SUIT IN FAVOR OF DEFENDANTS
15 LEHMAN BROTHERS BANK, FSB;                  ) AURORA LOAN SERVICES, LLC
   ~~WELLS FARGO BANK, N.A.;~~ and "ALL        ) AND NATIONSTAR MORTGAGE,
16 PERSONS or ENTITIES UNKNOWN,                ) LLC
   CLAIMING ANY LEGAL or EQUITABLE             )
17 RIGHT, TITLE ESTATE or INTEREST in          ) Trial Date: July 8, 2013
   the PROPERTY DESCRIBED in this              )
18 COMPLAINT ADVERSE to PLAINTIFF'S            )
   TITLE, or ANY CLOUD UPON                    )
19 PLAINTIFF'S TITLE THERETO" and              )
   ~~DOES 1-25, Inclusive,~~ *NATIONSTAR MORTGAGE LLC.* )
20                                             )
           Defendants.                         )
21                                             )

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

[PROPOSED] JUDGMENT OF NON-SUIT IN FAVOR OF DEFENDANTS AURORA LOAN SERVICES, LLC
AND NATIONSTAR MORTGAGE, LLC
SA\Nationstar.Horner\Pleadings\[Proposed] Judgment of Non-Suit.doc

GREEN & HALL
ATTORNEYS AT LAW

**[PROPOSED] JUDGMENT**

1

2    On June 29, 2011, the Court granted the motion for non-suit of Defendants Aurora

3 Loan Services, LLC and Nationstar Mortgage, LLC (collectively "Defendants").

4    ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that

5 a judgment of non-suit is entered in favor of Defendants, and against Plaintiff Nancy M.

6 Horner ("Plaintiff"). Defendants shall recover from Plaintiff their costs of suit incurred in

7 this action.

8

9 Dated: _____ 8/5 , 2013

10

Hon. Andrew P. Banks
Judge of the Superior Court of the State of
California

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

[PROPOSED] JUDGMENT OF NON-SUIT IN FAVOR OF DEFENDANTS AURORA LOAN SERVICES, LLC
AND NATIONSTAR MORTGAGE, LLC

S:\Nationstar.Horner\Pleadings\[Proposed] Judgment of Non-Suit.doc

<u>**PROOF OF SERVICE**</u>

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1851 East First Street, 10th Floor, Santa Ana, California 92705-4052.

On July 10, 2013, I served the within document(s) described as:

[PROPOSED] JUDGMENT OF NON-SUIT IN FAVOR OF DEFENDANTS AURORA LOAN SERVICES, LLC AND NATIONSTAR MORTGAGE, LLC

on the interested parties in this action as stated below:

Ronald Freshman, Esq.
Attorney at Law
3040 Skycrest Drive
Fallbrook, CA 92028
(858) 756-8288; F: (206) 424-0744
ronfreshman@gmail.com
Attorney for Plaintiff Nancy M. Horner

[X]   **(BY OVERNIGHT DELIVERY)** I deposited in a box or other facility regularly maintained by Overnite Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document(s) in a sealed envelope or package designated by the express service carrier, addressed as set forth above, with fees for overnight delivery paid or provided for.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 10, 2013, at Santa Ana, California.

Melissa Weisbender
(Type or print name)                                        (Signature)

1

S:\POS\Nationstar.Horner.doc

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1851 East First Street, 10th Floor, Santa Ana, California 92705-4052.

On August 16, 2013, I served the within document(s) described as:

**NOTICE OF ENTRY OF JUDGMENT OF NON-SUIT IN FAVOR OF DEFENDANTS AURORA LOAN SERVICES, LLC AND NATIONSTAR MORTGAGE, LLC**

on the interested parties in this action as stated below:

Ronald Freshman, Esq.
Attorney at Law
3040 Skycrest Drive
Fallbrook, CA 92028
(858) 756-8288; F: (206) 424-0744
ronfreshman@gmail.com
Attorney for Plaintiff Nancy M. Horner

[X]  (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above. I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Santa Ana, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 16, 2013, at Santa Ana, California.

Melissa Weisbender                          _Cle Weisbender_
(Type or print name)                         (Signature)

S:\POS\Nationstar.Horner.doc

1

# EXHIBIT "10"

JUL 1 4 2014

**PLEASE COMPLETE THIS INFORMATION**

RECORDING REQUESTED BY:

*HOWARD D. HALL*

AND WHEN RECORDED MAIL TO:

*GREEN & HALL PC*
*1851 E. FIRST ST. 10TH FL*
*SANTA ANA, CALIF.*
           *92705-4052*

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

21.00

* $ R 0 0 0 6 8 1 0 7 4 9 $ *

2014000266127 4:15 pm 07/03/14
217 402 J02 F13   5
0.00 0.00 0.00 0.00 12.00 0.00 0.00 0.00

**THIS SPACE FOR RECORDER'S USE ONLY**

**TITLE OF DOCUMENT:**

# JUDGEMENT

**THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION**
**(Additional recording fee applies)**

➡ .059-TITLE PAGE (R7/95)

ELECTRONICALLY RECEIVED
Superior Court of California,
County of Orange
06/04/2014 at 10:35:32 AM
Clerk of the Superior Court
By Enrique Velez, Deputy Clerk

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JUN 20 2014

ALAN CARLSON, Clerk of the Court

BY  M NAKAYA

1   GREEN & HALL, A Professional Corporation
    HOWARD D. HALL, State Bar No. 145024
2     *hdhall@greenhall.com*
    ARTIN BETPERA, State Bar No. 244477
3     *abetpera@greenhall.com*
    1851 East First Street, 10th Floor
4   Santa Ana, California 92705-4052
    Telephone: (714) 918-7000
5   Facsimile: (714) 918-6996

6   Attorneys for Defendants AURORA LOAN
    SERVICES, LLC, NATIONSTAR
7   MORTGAGE LLC and AURORA
    COMMERCIAL CORPORATION,
8   SUCCESSOR TO AURORA BANK, FSB
    F/K/A LEHMAN BROTHERS BANK FSB,
9   ERRONEOUSLY SUED AS LEHMAN
    BROTHERS BANK, FSB

10

11          SUPERIOR COURT OF THE STATE OF CALIFORNIA

12          COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

13

14   NANCY M. HORNER,                    CASE NO. 30-2012-00592013

15          Plaintiff,                   JUDGE:       Andrew P. Banks
                                         DEPT.:       C11
16      vs.
                                         [PROPOSED] JUDGMENT
17   LEHMAN BROTHERS BANK, FSB;
18   AURORA LOAN SERVICES, LLC FKA       ACTION FILED: August 27, 2012
     LEHMAN BROTHERS BANK, FSB;          TRIAL DATE:   None Set
19   WELLS FARGO BANK, N.A.; and "ALL
     PERSONS or ENTITIES UNKNOWN,
20   CLAIMING ANY LEGAL or
     EQUITABLE RIGHT, TITLE ESTATE or
21   INTEREST in the PROPERTY
     DESCRIBED in this COMPLAINT
22   ADVERSE to PLAINTIFF'S TITLE, or
     ANY CLOUD UPON PLAINTIFF'S
23   TITLE THERETO" and DOES 1-25,
     Inclusive,
24
            Defendants.
25

26   ///

27   ///

28   ///

                        [PROPOSED] JUDGMENT

P:\DOCS\Nationstar.Horner\Pleadings\[Proposed] Judgment.docx

1    The Court hereby enters judgment in favor of all Defendants in this action, and

2  against Plaintiff Nancy M. Horner ("Plaintiff").   Plaintiff failed to prove her case.

3

4  DATED:  ___6 / 20___ , 2014

5

6                                            _____

7                                            Honorable Andrew P. Banks

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

[PROPOSED] JUDGMENT

## PROOF OF SERVICE

1
2     I am employed in the County of Orange, State of California.  I am over the age of
18 and not a party to the within action.  My business address is 1851 East First Street, 10th
3    Floor, Santa Ana, CA 92705-4052.

4     On June 4, 2014, I served the within document(s) described as:

5    **[PROPOSED] JUDGMENT**

6    on each interested party in this action as stated below:

7    Lenore Albert, Esq.
      Law Offices of Lenore Albert
8    7755 Center Avenue, Suite #1100
      Huntington Beach, CA 92647
9    (714) 372-2264;  Fax: (419) 831-3376
      Attorney for Plaintiff Nancy M. Horner

10
11    **BY MAIL:**  By placing a true copy of the foregoing document(s) in a sealed
envelope addressed as set forth above.  I placed each such envelope for collection and
12   mailing following ordinary business practices.  I am readily familiar with this Firm's
practice for collection and processing of correspondence for mailing.  Under that practice,
13   the correspondence would be deposited with the United States Postal Service on that same
day, with postage thereon fully prepaid at Santa Ana, California, California, in the ordinary
14   course of business.  I am aware that on motion of the party served, service is presumed
invalid if postal cancellation date or postage meter date is more than one day after date of
15   deposit for mailing in affidavit.

16     I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

17    Executed on June 4, 2014, at Santa Ana, California.

18

19                       Melissa Weisbender

20

21

22

23

24

25

26

27

28

P:\DOCS\Nationstar.Horner\Pleadings\[Proposed] Judgment.docx

I hereby certify the foregoing instrument consisting of 3 page(s)
is a true and correct copy of the original on file in this court.

JUL 01 2014

ATTEST (DATE)
ALAN CARLSON, EXECUTIVE OFFICER AND CLERK OF THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

BY _____ , DEPUTY

IRENE GROJALVA

# EXHIBIT "11"

SOUTH COAST TITLE COMPANY

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO:
NANCY M. HORNER
320 11th Street
Huntington Beach, Ca 92648

Recorded in Official Records, County of Orange
Darlene Bloom, Interim Clerk Recorder

||||||||||||||||||||||||||||||  26.00

20020298708 04:21pm 04/09/02
119 42 G02 1

0.00 0.00 0.00 20.00 0.00 0.00 0.00 0.00

Space Above This Line for Recorder's Use Only

A.P.N.: 024-111-03          Order No.: 221009822-3          Escrow No.: 18484-MJ

# INTERSPOUSAL TRANSFER GRANT DEED
(Excluded from reappraisal under California Constitution Act 13 A 1.et seq.)

DOCUMENTARY TRANSFER TAX $ NONE

This is an Interspousal Transfer and not a change in ownership under §63 of the Revenue and Taxation code and Grantor(s) has(have) checked the applicable exclusion from reappraisal:

[ ]  From Joint Tenancy to Community Property
[ ]  From One Spouse to Both Spouses
[X]  From One Spouse to the Other Spouse
[ ]  From Both Spouses to the Other Spouse
[ ]  Other:

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, GRANTOR
MICHEL BARTOLOTTA, HUSBAND OF THE BELOW NAMED GRANTEE

hereby GRANT(S) to NANCY M. HORNER A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY

the following described property in the City of Huntington Beach, County of Orange State of California;

Lot 20, Block 310 of Huntington Beach Tract, in the City of Huntington Beach, County of Orange, State of California as per map recorded in Book 3, Page(s) 36, of Miscellaneous Maps in the Office of the County Recorder of said County.

_____
MICHEL BAROLOTTA

Document Date:  April 3, 2002

STATE OF CALIFORNIA          )SS
COUNTY OF  Los Angeles       )
On  April 3, 2002      before me,  Gwen Duffy
personally appeared  Michel Barolotta

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

Signature  _____

GWEN DUFFY
Commission # 1337289
Notary Public - California
Los Angeles County
My Comm. Expires Jan 31, 2006

This area for official notarial seal.

Page:1 of 1

# EXHIBIT "12"

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder



**15.00**

* $ R 0 0 0 6 3 2 7 5 5 9 $ *
2013000631984 01:52pm 11/15/13
93 408 M09 F13 3
0.00 0.00 0.00 0.00 6.00 0.00 0.00 0.00

Recording Requested By and When Recorded Mail To:

Michel Bartolotta
468 E. Shoreline Drive
Long Beach, CA 90802

Space above this line for recorder's use only
(To be recorded in the county recorder's office
in the county in which the property is located.)

# MECHANICS LIEN

**NOTICE IS HEREBY GIVEN** that Claimant ____Michel Bartolotta____
____468 E. Shoreline Drive; Long Beach, CA 90802____ (legal name and address), claims a lien for labor, service, equipment, or material under Section 8000 et. seq. of the Civil Code of the State of California, upon the premises hereinafter described, and upon every estate or interest in such structures, improvements and premises held by any party holding any estate therein. The work was furnished for the construction of those certain buildings, improvements, or structures, now upon that certain parcel of land situated in the County of ____Orange____, State of California, said land described as follows:

STREET ADDRESS: *320 11th STREET Huntington beach CA 92648*
and/or
LEGAL DESCRIPTION: *Including but NOT Limited To Demolition INSTALLATION, wood work including CARPENTRY, plastering, painting, PLUMBING*
The lien is claimed for the following labor, services, equipment or materials furnished by the Claimant:
LABOR, SKILLS AND SERVICES FOR WORK OF IMPROVEMENT AND REPAIR _____ (describe generally). Claimant
is owed $ 1,749,280.00 _____ for work furnished to the work of improvement, after deducting all just credits and offsets, plus interest at the legal rate from the date of this lien.

The name of the person or company by whom Claimant was employed, or to whom Claimant furnished the work is: MICHEL BARTOLOTTA

The name(s) and address(es) of the owner(s) or reputed owner(s) of the real property is/are:
NANCY M. HORNER; 320 11TH STREET; HUNTINGTON BEACH, CA 92648

Date: NOVEMBER 15, 2013

Name of Claimant: MICHEL BARTOLOTTA

By: *Michel Bartolotta*
Signature
MICHEL BARTOLOTTA, CLAIMANT
Print Name & Authorized Capacity

## Verification

I, the undersigned, declare: I am the ____CLAIMANT____ (authorized capacity/title), for the Claimant named in the foregoing claim of mechanics lien: I am authorized to make this verification for the Claimant: I have read the foregoing claim of mechanics lien and know the contents thereof, and the same is true of my knowledge. I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on NOVEMBER ____, 20 15 , at FULLERTON ____, California. *Michel Bartolotta*
Signature of Claimant or Authorized Agent

C&B Forms - revised March 2012 — effective July 1, 2012

Page One

## NOTICE OF MECHANICS LIEN
## ATTENTION!
### (Civil Code § 8416)

Upon the recording of the enclosed MECHANICS LIEN with the County Recorder's Office of the county where the property is located, your property is subject to the filing of a legal action seeking a court-ordered foreclosure sale of the real property on which the lien has been recorded. That legal action must be filed with the court no later than 90 days after the date the mechanics lien is recorded.

The party identified in the mechanics lien may have provided labor or materials for improvements to your property and may not have been paid for these items. You are receiving this notice because it is a required step in filing a mechanics lien foreclosure action against your property. The foreclosure action will seek a sale of your property in order to pay for unpaid labor, materials, or improvements provided to your property. This may affect your ability to borrow against, refinance, or sell the property until the mechanics lien is released.

BECAUSE THE LIEN AFFECTS YOUR PROPERTY, YOU MAY WISH TO SPEAK WITH YOUR CONTRACTOR IMMEDIATELY, OR CONTACT AN ATTORNEY, OR FOR MORE INFORMATION ON MECHANICS LIENS GO TO THE CONTRACTORS STATE LICENSE BOARD WEBSITE AT www.cslb.ca.gov.

C&B Forms – revised March 2012 – effective July 1, 2012

Page Two

## PROOF OF SERVICE AFFIDAVIT
### California Civil Code section 8416

Failure to serve the Mechanics Lien and Notice of Mechanics Lien on the owner, or alternatively if the owner cannot be served on the lender or original contractor, shall cause the Mechanics Lien to be unenforceable as a matter of law (Civil Code Section 8416(e)).  Service of the Mechanics Lien and Notice of Mechanics Lien must be by (1) registered mail, (2) certified mail, or (3) first-class mail evidenced by a certificate of mailing, postage prepaid, and to a residence or business address for the owner, lender or contractor.  Further, a Proof of Service Affidavit (below) must be completed and signed by the person serving the Mechanics Lien and Notice of Mechanics Lien.  This page should be completed (either one of the sections below) and recorded with the County Recorder along with the Mechanics Lien and Notice of Mechanics Lien.

### AFFIDAVIT FOR SERVICE ON THE OWNER

California Civil Code Section 8416 (a)(7) and (c)(1)

I, __MICHEL BARTOLOTTA_____(name), declare that I served a copy of this Mechanics Lien and Notice of Mechanics Lien by registered mail, certified mail, or first-class mail evidenced by a certificate of mailing, postage prepaid, addressed as follows to the owner(s) or reputed owner(s) of the property:

Company /Person served: __NANCY M. HORNER_____

Title or capacity of person or entity served: __OWNER_____

Service Address: __320 11TH STREET; HUNTINGTON BEACH, CA 92648_____

Said service address is the owner's residence, place of business, or address shown by the building permit on file with the permitting authority for the work or the address identified on the construct trust deed.

Executed on_NOVEMBER 15_, 20 13___(date), at _FULLERTON_____(city), California.

By: *(signature)* (signature of person serving)

### ALTERNATE AFFIDAVIT FOR SERVICE ON THE CONSTRUCTION LENDER OR ORIGINAL CONTRACTOR

California Civil Code Section 8416 (a)(7) and (c)(2)

I, _____(name), declare that that the owner or reputed owner cannot be served with a copy of this Mechanics Lien and Notice of Mechanics Lien by registered mail, certified mail, or first-class mail.  Pursuant to California Civil Code section 8416, I served a copy of this Mechanics Lien and Notice of Mechanics Lien by registered mail, certified mail, or first-class mail evidenced by a certificate of mailing, postage prepaid, addressed as follows to the construction lender or original contractor as follows:

Company /Person served: _____

Title or capacity of person served (if appropriate):_____

Service Address: _____

Executed on_____, 20____(date), at _____(city), California.

By:_____
(signature of person serving)

C&B Forms - revised March 2012 – effective July 1, 2012

Page Three

# EXHIBIT "13"

RECORDING REQUESTED BY:

First American Title Insurance Company

AND WHEN RECORDED MAIL TO:
The Wolf Firm
2955 Main Street, 2nd Floor
Irvine, California 92614
(949) 720-9200

TS No.: 12-3260-11

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

9.00
*$R0006354581$*
2013000651489 3:01 pm 11/27/13
53 Sec2 S15 F13  1
0.00 0.00 0.00 0.00 0.00 0.00 0.00 0.00 0.00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SUBSTITUTION OF TRUSTEE

WHEREAS, NANCY M. HORNER, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY was the original Trustor, CHICAGO TITLE was the original Trustee, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS) AS A NOMINEE FOR LEHMAN BROTHERS BANK, FSB, A FEDERAL SAVINGS BANK was the original Beneficiary under that certain Deed of Trust dated 7/13/2005 and recorded on 7/19/2005 as Instrument No. 2005000556524 of Official Records of Orange County, California; and

WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and

WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in place and instead of said original Trustee, or Successor Trustee, thereunder, in the manner in said Deed of Trust provided;

NOW, THEREFORE, the undersigned hereby substitutes THE WOLF FIRM, A LAW CORPORATION, 2955 Main Street, 2nd Floor, Irvine, California 92614 as Trustee under said Deed of Trust.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number inludes the plural.
Dated: 10/19/12

NATIONSTAR MORTGAGE LLC

Jamesia Austin          Assistant Secretary    10/15/12

State of: Texas

County of: Denton

This instrument was acknowledged before me on 15 day of October by Jamesia Austin (name) as Assistant Secretary (title) of Nationstar Mortgage, LLC (name of corporation/entity), known or proven to me to be the person whose name is subscribed to the foregoing instrument and who acknowledged to me that he/she is authorized to execute the foregoing instrument on behalf of Assignor and that he/she executed same for the purposes and consideration therein expressed.

Notary Public, State of Texas
My Commission Expires: 12-15-15

LARRY BRETT BUSH
Notary Public, State of Texas
My Commission Expires
December 16, 2015

Page:1 of 1

# EXHIBIT "14"

RECORDING REQUESTED BY:
**First American Title Insurance Company**

WHEN RECORDED MAIL TO:
The Wolf Firm
2955 Main Street, 2nd Floor
Irvine, California 92614
(949) 720-9200
(949) 608-0130 (Foreclosure Fax No.)

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

51.00

2013000651490 3:01 pm 11/27/13
53 Sec2 N15 F13   15
0.00 0.00 0.00 0.00 42.00 0.00 0.00 0.00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

Trustee Sale No. 12-3260-11 . Title Order No..7238507

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注 : 本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

PLEASE NOTE THAT PURSUANT TO CIVIL CODE § 2923.3(c)(1) THE ABOVE STATEMENT IS
REQUIRED TO APPEAR ON THIS DOCUMENT BUT PURSUANT TO CIVIL CODE § 2923.3(a) THE
SUMMARY OF INFORMATION IS NOT REQUIRED TO BE RECORDED OR PUBLISHED AND THE
SUMMARY OF INFORMATION NEED ONLY BE MAILED TO THE MORTGAGOR OR TRUSTOR

## IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE
BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY
COURT ACTION,** and you may have the legal right to bring your account in good standing
by paying all of your past due payments plus permitted costs and expenses within the time
permitted by law for reinstatement of your account, which is normally five business days prior to
the date set for the sale of your property. No sale date may be set until approximately 90 days
from the date this notice of default may be recorded (which date of recordation appears on this
notice).

   **This amount is $233,112.71 as of 11/25/2013, and will increase until your account
becomes current.**

While your property is in foreclosure, you still must pay other obligations (such as insurance and
taxes) required by your note and deed of trust or mortgage. If you fail to make future payments
on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations
as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that
you do so in order to reinstate your account in good standing. In addition, the beneficiary or

NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

T.S. No.12-3260-11   Title Order No. 7238507

mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay.  You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made.  However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

> **NATIONSTAR MORTGAGE LLC**
> c/o The Wolf Firm, A Law Corporation
> 2955 Main Street, 2nd Floor
> Irvine, California 92614
> Attn: Foreclosure Department Phone: (949) 720-9200  /
> Fax (949) 608-0130

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.  Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

## REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

**NOTICE IS HEREBY GIVEN THAT:  THE WOLF FIRM, A LAW CORPORATION** is the duly appointed Trustee, Substituted Trustee, or acting as agent for the beneficiary under a Deed of Trust dated 7/13/2005, executed by **NANCY M. HORNER, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY**, as Trustor(s), to secure certain obligations in favor of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS) AS A NOMINEE FOR LEHMAN BROTHERS BANK, FSB, A FEDERAL SAVINGS BANK**, as beneficiary, recorded 7/19/2005, as Instrument No. **2005000556524** of Official Records in the Office of the Recorder of Orange County, California, As more fully described on said Deed of Trust.

2

**NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST**

T.S. No.12-3260-11   Title Order No. 7238507

Including the note(s) for the sum of **$825,000.00**; that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the beneficiary; that a breach of, and default in,  the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

  **The full installment due on 11/1/2010 and all subsequent payments, together with any late charges, delinquent taxes, insurance premiums, impounds and advances; senior liens and encumbrances which are delinquent or become delinquent and any attorney's fees and court costs arising from the beneficiary's protection of its security must be cured as a condition of reinstatement.**

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for sale, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

**A copy of the declaration required by either California Civil Code section 2923.55(c) or alternatively by section 2923.5(b), is attached hereto and incorporated herein by reference.**

Dated: 11/25/2013                    THE WOLF FIRM, A LAW CORPORATION AS
                                     AGENT FOR THE BENEFICIARY BY

                                     By:  _____
                                     Renae C. Murray, Trustee Sale Officer

The  Wolf  Firm,  IS  A  DEBT  COLLECTOR  ATTEMPTING  TO  COLLECT  A  DEBT.  ANY
INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

**SEE ATTACHED
DECLARATION**

3

(Page 1 of 1)

## Declaration of Mortgage Servicer Pursuant to Civil Code §2923.55(c)

Borrower(s):           Nancy M. Horner
Mortgage Servicer:     Nationstar Mortgage, LLC
Property Address:      320ᵗʰ 11ᵗʰ St. Huntington, CA 92648
T.S. No.:

The undersigned, as an authorized agent or employee of the mortgage servicer named below, declares that:

1.  ☐ The mortgage servicer has contacted the borrower pursuant to California Civil Code §2923.55(b)(2) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since the initial contact was made.

2.  ☒ The mortgage servicer has tried with due diligence to contact the borrower as required by California Civil Code §2923.55(f), but has not made contact despite such due diligence. Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

3.  ☐ No contact was required by the mortgage servicer because the individual(s) identified above did not meet the definition of "borrower" pursuant to subdivision (c) of California Civil Code §2920.5.

4.  ☐ The requirements of California Civil Code §2923.55 do not apply because the loan encumbering the above-referenced property is not secured by a first lien mortgage or first lien deed of trust that secures a loan, or that encumbers real property, described in California Civil Code §2924.15(a).

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

                                   Nationstar Mortgage, LLC
                                   Mortgage Servicer

Dated: 3-20-13                     By: _____
                                   Name(Print): Weston Oler
                                   Title(Print): Loss mitigation manager

Summary of Notice of Default

NOTICE OF DEFAULT
SUMMARY OF KEY INFORMATION

The attached notice of default was sent to NANCY M. HORNER, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY, in relation to 320 11TH STREET, HUNTINGTON BEACH, CA 92648

This property may be sold to satisfy your obligation and any other obligation secured by the deed of trust or mortgage that is in default. NANCY M. HORNER, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY has, as described in the notice of default, breached the mortgage or deed of trust on the property described above.

IMPORTANT NOTICE: IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION, and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date the attached notice of default may be recorded (which date of recordation appears on the notice).

This amount is $233,112.71 as of 11/25/2013 and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact
NATIONSTAR MORTGAGE LLC
C/O The Wolf Firm, A Law Corporation
2955 Main Street, 2nd Floor
Irvine, California 92614
Attn: Foreclosure Department Phone: (949) 720-9200 / Fax (949) 608-0130

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

If you would like additional copies of this summary, you may obtain them by calling (949) 720-9200.

違約通知
關鍵信息摘要

本文中包含有關320 11TH STREET, HUNTINGTON BEACH, CA 92648 的違約通知發送給NANCY M. HORNER, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY。

該房產可能被出售，以履行你的產權契約，抵押貸款及所應承擔的任何其它義務。

NANCY M. HORNER, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY
如違約通知中所描述，違反了上述房產的抵押貸款或產權契約。

重要注意事項：如果你的房產因為你逾期未付款而進入法拍程序，可能不經任何法庭行動而被出售。你可能有權利在法律允許的恢復限戶時間內，支付你所有的逾期欠款，加上應付的成本和費用，使你的帳戶保持良好信譽。時間通常是確定你財產出售日期的五個工作日之前。法拍日期要到本文中包含的違約通知被記錄在案（紀錄日期出現在通知上）之後的90天，才可能確定。

這一金額在$233,112.71 時為11/26/2013，並會增加，直到你的帳戶回歸正常。

當你的房產進入法拍程序，你仍須支付應付款據和產權契約的或抵押貸款的其它付款義務（如保險費和稅金）。如果你沒有支付接下來的貸款，房地產稅，或財產保險及其它隨付累據和產權契約或抵押貸款所要求的付款義務，受益人或抵押權人可以堅持要求你履行這些義務，以恢復你的帳戶信譽。此外，受益人或抵押權人可以以恢復你的帳戶為條件，要求你提供已經付清需優先處理的放置在你產權上的債務，房地產稅及財產保險保費的可靠書面證據。

一旦你書面申請，受益人或抵押權人會提供給你分類支付的全部結單金額。雖然要求全額付款，你可以不用支付服戶中的全部未付款，但你必須支付所有已逾期的款項。但是，你和你的受益人或抵押權人在發布法拍書面通知前（本通知被記錄在案的3個月後），可以以書面形式相互同意，其中包括（1）提供更多的時間來轉讓房產及以其它方式糾正違約，或（2）建立付款時間表以糾正違約，或兩者兼而有之。

當本通知第一段中提到的時間段到期，如果法拍未進行，或者你和你的債權人之間有單獨的書面協議允許更長的時間，你隻有在支付你債權人所要求的全部金額前，才有權利停止債權人出售你的房產。

如果要了解必須支付的款項或安排支付以停止法拍，或者要了解你的房產進入法拍程序的其他原因，請聯系：
NATIONSTAR MORTGAGE LLC
C/O The Wolf Firm, A Law Corporation
2955 Main Street, 2nd Floor
Irvine, California 92614
Attn: Foreclosure Department Phone: (949) 720-9200 / Fax (949) 608-0130

如果你有任何疑問，應咨詢律師及可能為你的貸款提供擔保的政府機構。

盡管事實上你的房產已經進入法拍程序，你可以上市出售你的房產。隻要出售程序在法拍程序結束之前完成即可。

請記住，如果你不迅速採取行動，你可能失去法律權利。

如果你想獲得更多的本摘要副本，請撥打下列電話(949) 720-9200。

채무 불이행 통지서
주요 정보 요약

첨부된 채무 불이행 통지서는 NANCY M. HORNER, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY 에게 발송되는 것이며,
이는 320 11TH STREET, HUNTINGTON BEACH, CA 92648 에 관한것입니다.

이 부동산은 귀하의 채무 및 신탁 증서나 저당권에 의해 보증된 기타 채무를 이행하기

위해 매각될 수 있습니다. 채무 불이행 통지서에서 설명된 바와 같이,  NANCY M. HORNER, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY 는(은)상기 설명된 부동산의 저당권 또는 신탁 증서를 위반했습니다.

중요 통보: 귀하의 부동산이 체납으로 인해 차압이 진행 중인 경우, 그 부동산은 법원의 판결 없이 매각될 수 있으며, 귀하에게는 모든 미불금과 허용 가능 원가 및 법이 허용하는 시간 내에 계정 복구를 위한 비용을 지불함으로써 귀하의 계정을 완불 상태로 만들 수 있으며, 이 허용 시간은 보통 영업일로 부동산의 매각 예정일로부터 5일 전입니다. 부동산 매각 날짜는 채무 불이행 통지가 기록되는 날짜(통지서에 기재되어 있음)로부터 약 90일 이내로 정해질 수 없습니다.

이 금액은 $233,112.71 현재 11/26/2013 이며, 귀하의 계정이 기한 내

지불 상태가 될 때까지 증가할 것입니다.

귀하의 부동산 차압이 진행되는 동안에도 귀하는 신탁 어음 및 증서 또는 저당권에 의해 요구되는 기타 채무(보험, 세금 등)를 지불해야 합니다.  장래 대부분 지불, 부동산에 대한 세금 납부, 부동산에 대한 보험 유지, 또는 신탁 어음 및 증서 또는 저당권에 의해 요구되는 기타 채무에 대한 지불을 불이행하는 경우, 신탁수익자나 저당권자는 상기 사항이 이행되지 않으면 귀하의 계정이 완불 상태로 복구될 수 없다고 주장할 수 있습니다. 또한 신탁수익자나 저당권자는 복구의 조건으로 귀하에게 모든 선순위 담보권, 재산세 및 재해 보험료를 지불했다는 확실한 서면 증거를 제공할 것을 요구할 수 있습니다.

서면 요청시, 신탁수익자나 저당권자는 지불되어야 할 전체 금액에 대한 조목별 기재 문서를 제공할 것입니다. 완불을 요구한다 하더라도 귀하는 귀하 계정의 전체 미납 부분을 모두 지불할 필요는 없지만, 지불하는 당시 모든 채무 불이행 금액에 지불되어야 합니다.  그러나, 귀하와 귀하의 신탁수익자 또는 저당권자는 매각 통보의 게시 시점 이전에(이 채무 불이행 통지서가 기록된 후 3개월이 지나기 이전에는 가능하지 않음), (1) 부동산의 양도 또는 다른 방법으로 채무 불이행을 해결할 수 있는 추가적인 시간 제공, 또는 (2) 채무 불이행을 해결하기 위한 지급 일정의 확립, 또는 (1)과 (2)를 함께 수행하는 서면 사전 합의와 같은 해결 방법들이 있습니다.

본 통지서의 첫번째 단락에 나타난 만기일 이후, 차압이 진행되는 채무 또는 귀하와 귀하의 채권자에 의한 별도의 서면 합의에 의해 추가적인 시간이 허용되지 않는 한, 채권자가 요구하는 전체 금액을 지불하는 것이 귀하의 부동산 매각을 저지할 수 있는 유일한 법적 권리입니다.

귀하가 지불해야 할 금액을 알아보시려면, 차압을 중단하기 위한 지불 방법에 대해 합의하시려면 또는 다른 어떤 이유로 인해 귀하의 부동산에 대한 차압이 진행되는 경우, 다음으로 연락하십시오:

**NATIONSTAR MORTGAGE LLC**
C/O The Wolf Firm, A Law Corporation
2955 Main Street, 2nd Floor
Irvine, California 92614
Attn: Foreclosure Department Phone: (949) 720-9200 / Fax (949) 608-0130

질문이 있으신 경우, 변호사 또는 귀하의 대부금을 보증한 정부 기관에 연락하십시오.

귀하의 부동산에 대한 차압이 진행됨에도 불구하고 귀하는 부동산을 매각 처분할 수 있으며, 이때 부동산의
매각은 차압이 완료되기 전에 완료되어야 합니다.

신속히 행동하지 않으시는 경우, 법적 권리를 잃을 수 있는 사실을 명심하시기 바랍니다.

본 요약서의 추가적인 사본을 원하시는 경우, (949) 720-9200 (으)로
전화하시면 보내드립니다.

AVISO DE INCUMPLIMIENTO
RESUMEN DE LA INFORMACIÓN CLAVE

El aviso de incumplimiento adjunto se envió a NANCY M. HORNER, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY, en relación con 320 11TH STREET, HUNTINGTON BEACH, CA 92648.

Es posible que esta propiedad sea subastada para cancelar su deuda y cualquier otra obligación garantizada por la escritura de fideicomiso o hipoteca en mora.  Tal como se

describe en el aviso de incumplimiento, NANCY M. HORNER, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY ha incumplido los términos
de la hipoteca o escritura de fideicomiso relacionadas con la propiedad antes mencionado.

ADVERTENCIA DE IMPORTANCIA: SI LA PROPIEDAD VA A SER EJECUTADO POR UN ATRASO EN LOS PAGOS, PUEDE VENDERSE SIN NECESIDAD DE ENTABLAR NINGUNA ACCIÓN ANTE LA CORTE, pero usted tiene el derecho jurídico de regularizar su cuenta mediante el pago de todos los importes atrasados, más los costos y gastos permitidos, dentro del plazo permitido por ley para la regularización de la deuda, que es, por lo general, de cinco días hábiles antes de la fecha fijada para la subasta la propiedad.  No se puede fijar una fecha para la subasta hasta aproximadamente 90 días después de la fecha en que se registre el aviso de incumplimiento adjunto (fecha que figura en el aviso).

El importe adeudado es de $233,112.71 al día 11/25/2013 y aumentará hasta que se ponga al corriente en los pagos.

Mientras se mantenga vigente el procedimiento de ejecución de su propiedad, usted debe pagar otras obligaciones (tales como seguro e impuestos) exigidas en su vale y escritura de fideicomiso o hipoteca.  Si no realiza los próximos pagos del préstamo, los impuestos de la propiedad, el seguro de la propiedad u otras obligaciones requeridas por el vale y la escritura de fideicomiso o hipoteca, el beneficiario o acreedor hipotecario pueden insistir en que los pague como condición para regularizar su cuenta.  Asimismo, el beneficiario o acreedor hipotecario pueden exigirle, como condición para la regularización, que presente un comprobante confiable por escrito de que ha pagado todos los gravámenes principales, impuestos inmobiliarios y primas del seguro contra riesgos.

Si usted lo solicita por escrito, el beneficiario o acreedor hipotecario le entregarán un resumen por escrito del importe total que debe pagar.  Es posible que usted no tenga que pagar la totalidad del monto adeudado de su cuenta, aunque la intimación haya incluido la totalidad de dicho monto, pero sí deberá pagar todos los importes vencidos a la fecha de la realización del pago. Sin embargo, antes de la fecha de publicación del aviso de venta (que no podrá ser menos de tres meses antes de la fecha de registro de este aviso de incumplimiento), usted y su beneficiario o acreedor hipotecario podrán acordar mutuamente por escrito, entre otras cosas: (1) un plazo adicional para subsanar el incumplimiento mediante una transferencia del bien o de otro modo; (2) un programa de pagos para subsanar el incumplimiento; o ambos.

Una vez vencido el plazo mencionado en el primer párrafo del presente aviso, salvo que la obligación que se ejecuta o un acuerdo por escrito separado entre usted y su acreedor permitan un plazo mayor, usted solo tendrá el derecho jurídico de detener la subasta de la propiedad mediante el pago de todo el importe adeudado cuyo pago haya exigido el acreedor.

Para averiguar el importe que debe pagar o coordinar un programa de pagos para suspender la ejecución, o si su propiedad va a ser ejecutada por cualquier otro motivo, comuníquese con:
NATIONSTAR MORTGAGE LLC
C/O The Wolf Firm, A Law Corporation
2955 Main Street, 2nd Floor
Irvine, California 92614
Attn:  Foreclosure Department Phone: (949) 720-9200 / Fax (949) 608-0130

Si tiene alguna duda, debe consultar a un abogado o a la agencia de gobierno que asegura su préstamo.

Aun cuando ya se haya iniciado el procedimiento de ejecución, usted pueda vender su propiedad, siempre que la venta se realice antes de la finalización del procedimiento de ejecución.

Recuerde que SI NO TOMA MEDIDAS DE INMEDIATO, ES POSIBLE QUE PIERDA SUS DERECHOS JURÍDICOS.

Si desea recibir copias adicionales de este resumen, puede llamar al teléfono (949) 720-9200.

**PABATID NG HINDI PAGKAKABAYAD**
**BUOD NG PANGUNAHING IMPORMASYON**

Ang nakakalip na notice of default (pabatid ng hindi pagkakabayad) ay ipinadala kay NANCY M. HORNER, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY, sa may kaugnayan sa 320 11TH STREET, HUNTINGTON BEACH, CA 92648.

Ang ari-arian na ito ay maaaring ibenta para masiyahan ang inyong obligasyon at alinmang iba pang obligasyong natibay ng deed of trust (papeles ng panagot sa utang) o isinangla na hindi nabayaran.  NANCY M. HORNER, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY ay, tulad nang inilarawan

sa notice of default (pabatid ng hindi pagkakabayad), hindi natupad na isinangla o deed of trust (papeles ng panagot sa utang) sa ari-arian na inilarawon sa itaas.

MAHALAGANG PAUNAWA:  KUNG  ANG INYONG ARI-ARIAN AY MAREREMATA SANHI NG INYONG PAGKUKULANG SA MGA KABAYARAN, MAAARI ITONG IBENTA NANG WALANG ANUMANG PAGKILOS MULA KORTE, at maaaring kayo ay may legal na karapatan na muling maisaayos para maturing na mainam na katayuan ang inyong account sa pamamagitan ng pagbabayad sa lahat ng inyong nakalipas na bayarin at ang mga pinahihintulutan na gastusin at singil sa loob ng panahon na pinahihintulutan ng batas para sa muling pagtatalaga ng inyong account, na karaniwang limang araw ng trabaho bago ang petsang itinakda para sa pagbebenta ng inyong ari-arian. Ang petsa ng pagbebenta ay hindi maaaring itakda hanggang makalipas ang 90 na araw mula sa petsa na ng pabatid ng hindi pagkakabayad ay maaaring maitala (aling petsa ng muling pagtatala na ipinapakita sa pabatid).

Ang halagang ito ay $233,112.71 base sa petsang 11/26/2013 at tataas hanggang ang inyong account ay masapanahon.

Habang ang inyong ari-arian ay inireremata, maaari ninyo pa rin bayaran ang iba pang mga obligasyon (tulad ng insurance at mga buwis) na hinihiling ang inyong tala at deed of trust (papeles ng panagot sa utang) o isinangla.  Kung kayo ay hindi makapagbayad sa utang, magbayad sa mga buwis sa ari-arian, kumuha ng insurance sa ari-arian, o bayaran ang iba pang mga obligasyon tulad nang hinihiling sa tala o deed of trust (papeles ng panagot sa utang) o isinangla, maaaring pilliin ng beneplsyaryo o nag-sangla (nagkaloob ng isinangla) na gawin ninyo ito upang muling maitalaga ang inyong account patungo sa mainam na katayuan. Bilang karagdagan dito, maaaring hilingin bilang kondisyon ng beneplsyaryo o nag-sangla para sa muling pagtatalaga, na kayo ay magbigay ng mapagkakatiwalaang nakasulat na katibayan na inyong nabayaran ang mga lumang garantiya, buwis sa ari-arian, at mga hulog sa seguro para sa pinsala.

Sa inyong naibigay na nakasulat na kahilingan, ang beneplsyaryo o nag-sangla ay magbibigay sa inyo ng nakasulat na detalyadong listahan ng kabuuang halaga na dapat ninyong bayaran.  Maaaring hindi ninyo kailangang bayaran ang kabuuan ng inyong hindi pa bayad na bahagi na hininging ninyong buong kabayaran, pero kailangan muna ninyong bayaran ang lahat ng mga halaga na nagkukulang ayon sa kasunduan sa panahon na naisagawa ang pagbabayad.  Gayunman, kayo at ang inyong beneplsyaryo o nag-sangla ay maaaring magkasundo sa pamamagitan ng kasulatan bago ilagay ang abiso ng pagbebenta (na hindi maaaring mas maaga sa tatlong buwan makalipas na matala itong notice of default o abiso ng hindi pagkakabayad) sa, bukod sa iba pang mga bagay, (1) magbigay ng dagdag na panahon kung saan ang kalutasan sa hindi pagtutupad sa napagkasunduan sa pamamagitan ng paglilipat ng ari-arian o sa iba pang paraan; o (2) magtatag ng tipanan ng mga pagbabayad upang malutas ang inyong pagkukulang; o parehong (1) at (2).

Kasunod ng paglipas ng itinakdang panahon na tinutukoy sa unang talaga ng pabatid na ito, maliban kung ang obligasyon sa pagkakaremata o sa hiwalay na nakasulat na kasunduan sa pagitan ninyo at ng inyong creditor ay nagpapahintulot sa isang mas pinatagal na panahon, mayroon lamang kayong legal na karapatan na ihinto ang pagbebenta ng inyong legal na ari-arian sa pamamagitan ng pagbabayad ng buong halagang hinihingi ng inyong creditor.

Upang malaman ang halagang kailangan ninyong bayaran, o para isaayos ang mga pagbabayad para maihinto ang pagkakaremata, o kung ang inyong ari-arian ay maremata sa iba pang kadahilanan, makipag-ugnayan sa:

NATIONSTAR MORTGAGE LLC
C/O The Wolf Firm, A Law Corporation
2955 Main Street, 2nd Floor
Irvine, California 92614
Attn:  Foreclosure Department Phone: (949) 720-9200 / Fax (949) 608-0130

Kung kayo ay mayroong kahit na anong katanungan, kailangan ninyong makipag-ugnayan sa isang abogado o ahensya ng pamahalaan na maaaring nagkaloob ng insurance sa inyong utang.

Sa kabila ng katotohanan na ang inyong ari-arian ay nireremata, maaari ninyong ihandog na ipagbenta ang inyong ari-arian, sa kundisyon na ang pagbebenta ay natapos bago ang pagtatapos ng pagkakaremata.

Tandaan, MAAARING MAWALA SA INYO ANG MGA LEGAL NA KARAPATAN KUNG HINDI KAYO KUMILOS KAAGAD.

Kung nais ninyo ng karagdagang mga kopya ng buod na ito, maaari ninyong makuha ang mga ito sa pamamagitan ng pagtawag sa (949) 720-9200.

## THÔNG BÁO VỀ VIỆC QUÁ HẠN TRẢ NỢ
### BẢN TÓM LƯỢC CÁC THÔNG TIN CHÍNH

Thông báo quá hạn trả nợ kèm theo đây được gửi cho NANCY M. HORNER, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY, liên quan đến 320 11TH STREET, HUNTINGTON BEACH, CA 92648. Căn nhà này có thể được bán để hoàn trả số tiền nợ của quý vị và bất kỳ khoản nợ nào khác theo khế ước ủy thác hoặc hợp đồng vay thế chấp mua nhà đã quá hạn trả. Như trình bày

trong thông báo quá hạn trả nợ, NANCY M. HORNER, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY đã vi phạm hợp đồng vay thế chấp mua nhà hoặc khế ước ủy thác đối với căn nhà mô tả ở trên.

THÔNG BÁO QUAN TRỌNG: NẾU CĂN NHÀ CỦA QUÝ VỊ BỊ TỊCH THU THẾ NỢ VÌ QUÝ VỊ KHÔNG TRẢ TIỀN ĐÚNG HẠN, CĂN NHÀ ĐÓ CÓ THỂ ĐƯỢC BÁN MÀ KHÔNG CẦN KIỆN RA TÒA, và theo luật quý vị có quyền trả nợ đầy đủ cho trương mục của mình bằng cách trả toàn bộ số tiền đã quá hạn trả cộng với các khoản chi phí và phí tổn được phép trong thời gian luật pháp cho phép để khôi phục lại tài khoản của quý vị, thường là năm ngày làm việc trước ngày dự định bán căn nhà của quý vị. Không được thu xếp ngày bán nhà cho tới khoảng 90 ngày kể từ ngày thông báo quá hạn trả nợ kèm theo có thể được lưu hồ sơ (ngày lưu hồ sơ như ghi trên thông báo).

Số tiền này là $233,112.71 tính tới ngày 11/25/2013 và sẽ tăng cho tới khi tài khoản của quý vị được thanh toán đầy đủ.

Trong thời gian căn nhà của quý vị bị tịch thu thế nợ, quý vị vẫn phải trả các khoản tiền khác (ví dụ như bảo hiểm và thuế) theo giấy vay nợ và khế ước ủy thác hoặc hợp đồng vay thế chấp mua nhà của quý vị. Nếu sau này quý vị không tiếp tục trả nợ khoản vay đó, trả thuế cho căn nhà đó, cung cấp bảo hiểm cho căn nhà, hoặc trả các khoản tiền khác theo qui định trong giấy cam kết trả nợ và khế ước ủy thác hoặc hợp đồng vay thế chấp mua nhà, người thụ hưởng hoặc người cho vay thế chấp mua nhà có thể yêu cầu quý vị làm như vậy để phục hồi tài khoản của quý vị. Ngoài ra, người thụ hưởng hoặc bên cho vay thế chấp mua nhà có thể đưa ra điều kiện tái phục hồi, đó là quý vị phải cung cấp chứng từ đáng tin cậy về việc đã trả tất cả các khoản tịch thu thế nợ trước đó, thuế bất động sản, và lệ phí bảo hiểm rủi ro nguy hiểm.

Sau khi nhận được yêu cầu bằng văn bản của quý vị, người thụ hưởng hoặc bên cho vay thế chấp mua nhà sẽ gửi cho quý vị một bản liệt kê chi tiết toàn bộ số tiền mà quý vị phải trả. Quý vị có thể không phải trả toàn bộ phần chưa trả trong trương mục của quý vị, mặc dù được yêu cầu trả toàn bộ, nhưng phải trả tất cả các khoản tiền đã quá hạn trả nợ vào thời điểm trả tiền. Tuy nhiên, quý vị và người thụ hưởng hoặc bên cho vay thế chấp mua nhà có thể thỏa thuận bằng văn bản trước thời điểm niêm yết thông báo bán (không được sớm hơn ba tháng sau khi thông báo vi phạm hợp đồng này được lưu hồ sơ) để, ngoài các việc khác, (1) gia hạn thêm thời gian khắc phục tình trạng quá hạn trả nợ bằng cách chuyển nhượng căn nhà hoặc theo cách khác; hoặc (2) sắp xếp kế hoạch trả góp để khắc phục tình trạng vi phạm hợp đồng của quý vị; hoặc cả (1) và (2).

Sau khi hết thời hạn được nhắc tới trong đoạn đầu tiên của thông báo này, trừ khi số tiền bị tịch thu thế nợ hoặc có thỏa thuận riêng bằng văn bản giữa quý vị và chủ nợ cho phép gia hạn thêm thời gian, theo luật quý vị chỉ có quyền ngưng việc bán căn nhà của quý vị bằng cách trả toàn bộ số tiền mà chủ nợ yêu cầu.

Để biết số tiền mà quý vị phải trả, hoặc để thu xếp việc trả tiền nhằm ngăn chặn tình trạng tịch thu nhà thế nợ, hoặc nếu căn nhà của quý vị đang bị tịch thu thế nợ vì bất kỳ lý do nào khác, liên lạc:

NATIONSTAR MORTGAGE LLC
C/O The Wolf Firm, A Law Corporation
2955 Main Street, 2nd Floor
Irvine, California 92614
Attn: Foreclosure Department Phone: (949) 720-9200 / Fax (949) 608-0130

Nếu có thắc mắc, quý vị nên liên lạc với một luật sư hoặc cơ quan chính phủ có thể đã bảo hiểm khoản vay của quý vị.

Cho dù căn nhà của quý vị hiện đang bị tịch thu thế nợ của quý vị, quý vị có thể chào bán căn nhà đó, với điều kiện việc bán nhà phải kết thúc trước khi kết thúc thủ tục tịch thu nhà thế nợ.

Xin nhớ, QUÝ VỊ CÓ THỂ MẤT CÁC QUYỀN HẠN PHÁP LÝ NẾU KHÔNG HÀNH ĐỘNG NGAY.

Nếu muốn có thêm bản sao của thông báo này, quý vị có thể gọi (949) 720-9200.

# EXHIBIT "15"

RECORDING REQUESTED BY
FIRST AMERICAN TITLE INSURANCE COMPANY
RECORDING REQUESTED BY
The Wolf Firm

AND WHEN RECORDED MAIL TO:
The Wolf Firm
2955 Main Street, 2nd Floor
Irvine, California 92614
Phone: (949) 720-9200
Foreclosure Dept. Fax (949) 608-0130

7238507

T.S. No. 12-3260-11          Loan No. 0599832359          SPACE ABOVE THIS LINE FOR RECORDER'S USE

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

*S R O 0 0 6 5 5 4 6 9 1 $ *          30.00

2014000089879 3:55 pm 03/10/14
105 402 N34 F13  8
0.00 0.00 0.00 0.00 21.00 0.00 0.00 0.00

## NOTICE OF TRUSTEE'S SALE

**NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED**
注: 本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
**NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO**
**TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP**
**LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY**

PLEASE NOTE THAT PURSUANT TO CIVIL CODE § 2923.3(d)(1) THE ABOVE STATEMENT IS
REQUIRED TO APPEAR ON THIS DOCUMENT BUT PURSUANT TO CIVIL CODE § 2923.3(a) THE
SUMMARY OF INFORMATION IS NOT REQUIRED TO BE RECORDED OR PUBLISHED AND THE
SUMMARY OF INFORMATION NEED ONLY BE MAILED TO THE MORTGAGOR OR TRUSTOR.

YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 7/13/2005. UNLESS YOU TAKE ACTION
TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN
EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT
A LAWYER.
A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn
by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings
association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this
state will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now
held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described below. The
sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or
encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late
charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees,
charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale)
reasonably estimated to be set forth below. The amount may be greater on the day of sale.

Trustor: NANCY M. HORNER, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY
Duly Appointed Trustee: THE WOLF FIRM, A LAW CORPORATION
Recorded 7/19/2005 as Instrument No. 2005000556524 of Official Records in the office of the Recorder of Orange
County, California,

Date of Sale: 4/7/2014 at 1:30 PM
Place of Sale:    At the North front entrance to the County Courthouse at 700 Civic Center Drive West,
                  Santa Ana, CA.

Amount of unpaid balance and other charges: $952,087.35, estimated

Street Address or other common designation of real property:    **320 11TH STREET**
**HUNTINGTON BEACH, CA 92648**

A.P.N.: 024-111-03

The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above.  If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Sale.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call (916) 939-0772 or visit this Internet Web site www.nationwideposting.com, using the file number assigned to this case 12-3260-11. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

Date: 3/6/2014              **THE WOLF FIRM, A LAW CORPORATION**
**2955 Main Street, 2nd Floor**
**Irvine, California  92614**
**Foreclosure Department (949) 720-9200**
**Sale Information Only: (916) 939-0772 www.nationwideposting.com**

Frank Escalera, Team Lead

Summary of Notice of Sale

NOTICE OF SALE
SUMMARY OF KEY INFORMATION

The attached notice of sale was sent to NANCY M. HORNER, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY, in relation to 320 11TH STREET, HUNTINGTON BEACH, CA 92648.

YOU ARE IN DEFAULT UNDER A DEED OF TRUST OR MORTGAGE DATED 7/13/2005. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.

IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

The total amount due in the notice of sale is $952,087.35.

Your property is scheduled to be sold on 4/7/2014 at 1:30 PM at At the North front entrance to the County Courthouse at 700 Civic Center Drive West, Santa Ana, CA.

However, the sale date shown on the attached notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call or visit this Internet Web site address , using the file number assigned to this case 12-3260-11. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

If you would like additional copies of this summary, you may obtain them by calling (949) 720-9200.

出售通知
關鍵信息摘要

本文中包含的有關 320 11TH STREET, HUNTINGTON BEACH, CA 92648

的出售通知發送給NANCY M. HORNER, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY。

你的 DEED OF TRUST OR MORTGAGE  於7/13/2005 已經逾期違約。

除非你採取行動保護你的房產，否則該房產將被公開出售。

如果你需要了解對你的訴訟程序的性質，應該聯系一名律師。

法拍書面通知的總金額是$952,087.35。

你的房產預計出售的時間4/7/2014。你的房產預計出售的時間1:30 PM 出售地點 At the North front entrance to the County Courthouse at 700 Civic Center Drive West, Santa Ana, CA.
。

然而，根據加州民法第2924g，本文中包含的法拍書面通知上顯示的出售日期可能會被抵押權人，受益人，受託人，或法院一次或多次推遲。該法規定，作為鮮不在法拍現場人士的一種寬限，有關受託人推遲出售的信息要提供給你和公眾。如果你想了解你的房產出售日期是否已被推遲，以及（如適用）重新安排的法拍時間和日期，可致電，或訪問互聯網網址，用指定的檔案編號 12-3260-11 查找。

關於推遲法拍的信息，持續時間會很短，或僅在預定法拍時間前不久發布，可能不會立即反映在電話信息或互聯網的網址上。最好驗証推遲信息的方法是，出席預定的拍賣。

如果你想獲得更多的本摘要副本，請撥打下列電話(949) 720-9200。

매각 공고
주요 정보 요약

첨부된 매각 공고는 NANCY M. HORNER, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY 에게 발송되는 것이며, 이는 320 11TH STREET, HUNTINGTON BEACH, CA 92648 에 관한 것입니다.

귀하는 7/13/2005 현재 날짜로 DEED OF TRUST OR MORTGAGE하에서 채무 불이행 상태입니다. 귀하의 부동산을 보호하기 위해 조치를 취하지지 않는 한, 귀하의 부동산은 공매로 매각 처분될 수 있습니다. 귀하에게 취해지는 이러한 법적 절차에 대한 설명이 필요하신 경우 변호사와 상담하십시오.

매각 공고에서 지불되어야 할 총액은 $952,087.35 입니다.

귀하의 부동산은 4/7/2014 1:30 PM 에 At the North front entrance to the County Courthouse at 700 Civic Center Drive West, Santa Ana, CA. 에서 매각되기로 일정이 잡혀 있습니다.

그러나 캘리포니아주 민법 2924g항에 준하여, 첨부된 매각 공고에 나타난 매각 일자는 저당권자, 신탁수익자, 수탁자, 또는 법정에 의해 한 번 이상 연기될 수 있습니다. 법에 따라, 수탁자 매각 연기에 관한 정보는 매각에 참석하지 않는 사람들에 대한 호의로서 귀하 및 일반 대중에게 제공되어야 합니다. 매각 일자가 연기되었는 지, 그리고 해당되는 경우 이 부동산의 연기된 매각 일자 및 시간에 대해 알기 원하시는 경우, 로 전화하시거나 또는 웹사이트 주소 를 방문해 본 사례 배정 파일 번 12-3260-11 를 사용하시면 됩니다.

매우 짧은 기간의 연기 또는 매각 일정과 가까운 시간에 발생하는 연기는 정보 안내 전화나 인터넷 웹사이트에 즉각적으로 나타나지 않을 수 있습니다. 연기 정보를 확인하는 최선의 방법은 매각 예정일에 참석하는 것입니다.

본 요약서의 추가적인 사본을 원하시는 경우, (949) 720-9200 (으)로 전화하시면 보내드립니다.

AVISO DE VENTA
RESUMEN DE LA INFORMACIÓN CLAVE

El aviso de venta adjunto se envió a NANCY M. HORNER, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY, en relación con 320 11TH STREET, HUNTINGTON BEACH, CA 92648

USTED HA INCUMPLIDO LOS TÉRMINOS DE UNA DEED OF TRUST OR MORTGAGE DE FECHA 7/13/2005. SI NO TOMA MEDIDAS PARA PROTEGER SU PROPIEDAD, PODRÁ SER VENDIDO EN UNA SUBASTA PÚBLICA.

SI USTED NECESITA QUE LE EXPLIQUEN LA NATURALEZA DEL PROCEDIMIENTO EN SU CONTRA, DEBE CONSULTAR A UN ABOGADO.

El importe total adeudado correspondiente al aviso de venta es $952,087.35.

La subasta de la propiedad se ha programado para el día 4/7/2014 1:30 PM en At the North front entrance to the County Courthouse at 700 Civic Center Drive West, Santa Ana, CA.

No obstante, conforme al Artículo 2924g del Código Civil de California, la fecha de la subasta que figura en el aviso adjunto podrá ser postergada una o más veces por el acreedor hipotecario, el beneficiario, el fideicomisario o un tribunal. La ley exige que, como cortesía para quienes no hayan asistido a la subasta, la información sobre las postergaciones solicitadas por el fideicomisario se ponga a disposición suya y del público en general. Si desea saber si la subasta de su propiedad se ha postergado, y, en tal caso, la nueva fecha propuesta para la subasta de esta propiedad, puede llamar al teléfono  o visitar el sitio web , usando el número de registro asignado a este caso 12-3260-11.

Es posible que la información sobre las postergaciones por plazos muy breves o decididas muy próximo a la fecha programada para la subasta no figuren en la información que se ofrece por teléfono o en el sitio web. La mejor forma de verificar la información sobre las postergaciones es asistir a la subasta que se ha programado.

Si desea recibir copias adicionales de este resumen, puede llamar al teléfono (949) 720-9200.

**PABATID NG PAGBEBENTA**
**BUOD NG PANGUNAHING IMPORMASYON**

Ang nakakalip na notice of sale (pabatid ng pagbebenta) ay ipinadala kay NANCY M. HORNER, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY, bilang kaugnayan sa 320 11TH STREET, HUNTINGTON BEACH, CA 92648.

IKAW AY HINDI NAKABAYAD SA ILALIM NG DEED OF TRUST OR MORTGAGE NA MAY PETSA NA 7/13/2005. MALIBAN KUNG KAYO AY KUMILOS UPANG MAPROTEKTAHAN ANG INYONG ARI-ARIAN, MAAARI ITONG IBENTA SA ISANG PAMPUBLIKONG PAGBEBENTA.

KUNG KINAKAILANGAN NINYO NG PAGPAPALIWANAG SA KALIKASAN NG PAGLILITIS LABAN SA INYO, KAILANGAN NINYONG MAKIPAG-UGNAYAN SA ISANG ABOGADO.

Ang kabuuang halaga na dapat bayaran sa notice of sale (pabatid ng pagbebenta) ay $952,087.35.

Ang inyong ari-arian ay nakatakdang ibenta sa 4/7/2014 1:30 PM sa At the North front entrance to the County Courthouse at 700 Civic Center Drive West, Santa Ana, CA.

Gayunman, ang petsa ng pagbebenta na ipinapakita sa nakalakip na notice of sale (pabatid ng pagbebenta) ay maaaring maantala ng isa o mas marami pang beses ng nagkaloob ng isinangla, benepisyaryo, pinagkatiwalaan, o ng korte, alinsunod sa Seksyon 2924g ng Kodigong Sibil ng California. Hinihiling ng batas na ang impormasyon tungkol sa mga pagpaantala sa pagbebenta ng pinagkatiwalaan ay handang maibigay sa inyo at sa publiko, bilang isang kagandahang-loob doon sa mga hindi makakadalo sa bentahan. Kung nais ninyong malaman kung naantala ang inyong petsa ng pagbebenta, at kung naaangkop, ang natakda muli na oras at petsa sa bentahan ng ari-arian, maaari kayong tumawag sa o bumisita dito sa Internet Web site address gamit ang numero ng file na itinalaga sa kasong ito 12-3260-11. Impormasyon tungkol sa mga pagpaantala sa loob ng maikling panahon o maaaring maganap kalapit ng itinakdang pagbebenta ay maaaring hindi kaagad masaad sa impormasyon mula sa telepono o sa Internet Web site. Ang pinakamainam na paraan upang mapatotohanan ang impormasyon sa pagpaantala ng petsa ay ang pagdalo sa nakatakdang petsa ng bentahan.

Kung nais ninyo ng karagdagang mga kopya ng buod na ito, maaari ninyong makuha ang mga ito sa pamamagitan ng pagtawag sa (949) 720-9200.

**THÔNG BÁO BÁN**
**BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN CHÍNH**

Thông báo rao bán kèm theo được gửi tới cho NANCY M. HORNER, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY, liên quan đến 320 11TH STREET, HUNTINGTON BEACH, CA 92648

QUÝ VỊ VI PHẠM QUY ĐỊNH GHI THEO DEED OF TRUST OR MORTGAGE NGÀY 7/13/2005. TRỪ KHI QUÝ VỊ CÓ HÀNH ĐỘNG BẢO VỆ CĂN NHÀ CỦA QUÝ VỊ, CĂN NHÀ CÓ THỂ BỊ BÁN CÔNG KHAI.

NẾU QUÝ VỊ CẦN LỜI GIẢI THÍCH VỀ TÍNH CHẤT CỦA THỦ TỤC CHỐNG LẠI QUÝ VỊ, QUÝ VỊ NÊN LIÊN LẠC VỚI MỘT LUẬT SƯ.

Toàn bộ số tiền phải trả trong thông báo bán là $952,087.35.

Căn nhà của quý vị được dự kiến sẽ bán vào 4/7/2014  1:30 PM tại At the North front entrance to the County Courthouse at 700 Civic Center Drive West, Santa Ana, CA.

Tuy nhiên, ngày bán ghi trong thông báo bán kèm theo có thể bị trì hoãn một hoặc nhiều lần bởi bên cho vay thế chấp, người thụ hưởng, người được ủy quyền, hoặc tòa án, chiếu theo Mục 2924g của Bộ Luật Dân Sự California. Luật pháp quy định thông tin về các trường hợp trì hoãn bán nhà của bên được ủy quyền phải được cung cấp cho quý vị và công chúng, để cập nhật cho những người không có mặt tại buổi rao bán. Nếu quý vị muốn biết ngày rao bán của quý vị có bị trì hoãn hay không, và, nếu thích hợp, ngày giờ mới cho việc rao bán căn nhà này, quý vị có thể gọi 916-939-0772 hoặc tới địa chỉ internet này www.nationwideposting.com dựa trên mã số hồ sơ được ấn định cho vụ này 12-3260-11. Thông tin về các trường hợp trì hoãn rất ngắn hoặc xảy ra ngay sát ngày rao bán dự kiến có thể không được phản ánh ngay trong thông tin cung cấp qua điện thoại hoặc trên internet. Cách tốt nhất để xác minh thông tin trì hoãn là tham dự buổi rao bán đã ấn định.

Nếu quý vị muốn có thêm bản sao của tài liệu trình bày tóm lược này, vui lòng gọi số (949) 720-9200.

# EXHIBIT "16"

1   DAVID L. SMART, ESQ. (SBN 262533)
    NICOLE CHERONES, ESQ. (SBN 206102)
2   **SMART LAW OFFICES**
    8880 Cal Center Drive, Suite 400
3   Sacramento, CA 95826
    Tel.: (916) 361-6020
4   Fax: (916) 361-6021

5
    Attorneys for Plaintiff
6   NANCY M. HORNER

7

8                    **SUPERIOR COURT OF CALIFORNIA**

9                 **IN AND FOR THE COUNTY OF ORANGE**

10

11  NANCY M. HORNER,              ) Case No.:
                                  )
12          Plaintiff,            ) **COMPLAINT FOR:**
                                  )
13      vs.                       )
                                  ) 1. **Violations of Civil Code §2924(a)(6):**
14                                )    **Wrongful Foreclosure**
    NATIONSTAR MORTGAGE, LLC;     ) 2. **Violations of Civil Code §2924.17(b):**
15  AURORA LOAN SERVICES, LLC; THE)    **Recording Inaccurate Title**
    WOLF FIRM; THE BANK OF NEW    )    **Instruments**
16  YORK; MORTGAGE ELECTRONIC     ) 3. **Violations of Civil Code §2923.55:**
    REGISTRATION SYSTEMS, INC.; and)   **Failure to Explore Foreclosure**
17  DOES 1 through 100, inclusive,)    **Avoidance**
                                  ) 4. **Slander of Title**
18          Defendants.           ) 5. **Breach of Contract**
                                  ) 6. **Breach of Implied Covenant of Good**
19                                )    **Faith & Fair Dealing**
                                  ) 7. **Negligence & Negligence Per Se**
20                                ) 8. **Violations of Business and**
                                  )    **Professions Code §§17200, et seq.**
21                                ) 9. **Declaratory Relief**
                                  )
22                                ) **[JURY DEMANDED]**
                                  )
23                                )
                                  )
24                                )

25

26      **COMES NOW**, Plaintiff NANCY M. HORNER, and alleges against Defendants, and

27  each of them, as follows:

28

                            COMPLAINT
                              -1-

Case 8:15-cv-01129-CJC-DFM   Document 29   Filed 11/06/15   Page 125 of 214   Page ID
Case 8:15-cv-01129-CJC-DFM   Document 12   Filed 08/14/15   Page 46 of 66   Page ID #:176
#:406

# I. INTRODUCTION

1.      Plaintiff NANCY M. HORNER ("Plaintiff HORNER" or "Plaintiff") is the victim of deception perpetrated by Defendants and sues now for damages, equitable, and injunctive relief as a result of Defendants' acts or omissions as set forth herein concerning the 1st-lien mortgage ("Subject Loan") on her primary residence located at 320 11th Street, Huntington Beach, California 92648 ("Subject Property").

2.      Plaintiff has discovered that, despite Defendants' representations to the contrary, none hold any interest in the Subject Loan nor are any an agent acting on behalf of the holder of any such interest. Several separate entities now claim to be the owner of the Subject Loan.

3.      Assuming, *arguendo*, that any Defendants hold an interest in the loan or are an agent for such a holder, they have breached any mortgage loan contract with Plaintiff by their refusal to accept payments from her beginning in about May of 2011. Defendants have also violated several sections of the California Homeowner Bill of Rights ("HBOR") in their present attempt to foreclose on the Subject Property.

4.      Plaintiff has been, and will continue to be, seriously injured unless Defendants' threatened foreclosure proceedings and other activities complained of are not preliminarily and permanently enjoined. Plaintiff will suffer irreparable injury of a continuing nature that cannot be adequately calculated or compensated in money damages because of ongoing collection activity on the Subject Loan and foreclosure proceedings against Plaintiff's residence.

## II. PARTIES & JURISDICTION

5.      Plaintiff is, and at all times herein relevant was, a married woman residing in the County of Orange.

6.      Plaintiff is, and at all times herein relevant was, a "borrower" as that term is defined by Civil Code Section 2920.5(c)(1).

7.      The Subject Loan is a "first-lien" as that term is defined by Civil Code Section 2920.5(d).

8.      The Subject Property is an "owner-occupied residential real property containing no more than four dwelling units" as that term is defined by Civil Code Section 2924.15(a).

9.     Defendant NATIONSTAR MORTGAGE, LLC ("Defendant NATIONSTAR"), at all times herein relevant, purported to be the holder of the beneficial interest in as well as a mortgage servicer for the Subject Loan as that term is defined by Civil Code Section 2920.5(a). Plaintiff further alleges that, all times herein relevant, Defendant NATIONSTAR was a Delaware limited liability company transacting business in the County of Orange.

10.     Defendant AURORA LOAN SERVICES, LLC ("Defendant AURORA"), at all times herein relevant, purported to be a mortgage servicer for the Subject Loan as that term is defined by Civil Code Section 2920.5(a). Plaintiff further alleges that, all times herein relevant, Defendant AURORA was a Delaware limited liability company transacting business in the County of Orange.

11.     Defendant THE WOLF FIRM ("Defendant WOLF"), at all times herein relevant, purported to be the Trustee under the Deed of Trust for the Subject Loan. As explained herein, Defendant WOLF was not the original Trustee nor substituted as Trustee and cannot perform the duties conferred under Civil Code Section 2924, including recording a Notice of Default and conducting a Trustee's Sale for the Subject Property. Plaintiff further alleges that, at all times herein relevant, Defendant WOLF was a California corporation transacting business in the County of Orange.

12.     Defendant THE BANK OF NEW YORK ("Defendant BANK OF NEW YORK") at all times herein relevant, has represented that it is the owner of the Subject Loan giving it the authority to foreclose on the Subject Property for the Structured Asset Securities Corporation Trust Mortgage Pass-through Certificates, Series 2005-16 ("Securitized Trust"). Plaintiff alleges that, at all times herein relevant, Defendant BANK OF NEW YORK was a New York corporation transacting business in the County of Orange.

13.     Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("Defendant MERS") is identified as nominee for the original lender on the purported Deed of Trust for the Subject Loan. Plaintiff alleges that, at all times herein relevant, MERS was a Delaware corporation transacting business in the County of Orange.

Case 8:15-cv-01129-CJC-DFM   Document 29   Filed 11/06/15   Page 127 of 214   Page ID
Case 8:15-cv-01129-CJC-DFM   Document 12   Filed 08/14/15   Page 48 of 66   Page ID #:178
#:408

14.     Plaintiff further alleges that MERS is a confidential computer registry utilized by mortgage lenders ostensibly to trade mortgage loans on the secondary market while avoiding the legal requisites and fees for recording conveyances of loans and Deeds of Trust with County Recorders. Plaintiff further alleges Defendants are attempting to use the MERS registry to deceive Plaintiff as to the true chain of ownership for the Subject Loan.

15.     Whenever reference is made in this Complaint to any act of any corporate or other business Defendant, that reference shall mean that the corporation or other business did the acts alleged in this Complaint through its officers, directors, employees, agents and/or representatives while acting within the actual and ostensible scope of their authority.

16.     The true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as DOES 1 through 100 are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will amend this Complaint to show their true names, involvement and capacities when the same have been ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants named herein as DOE was in some manner responsible for the harm and losses suffered by Plaintiff and/or will be responsible for imminent harm and losses to Plaintiff.

17.     Plaintiff is informed and believes, and thereon alleges, that at all times herein relevant, each of the Defendants was the actual and apparent agents of each of the remaining Defendants and, in doing the things herein alleged, was acting within the course and scope of their actual and apparent agency and with the knowledge, notification, consent and ratification of each of the other Defendants.

### III. ALLEGATIONS

18.     Plaintiff incorporates by reference the allegations set forth above and below.

19.     On about July 14, 2005, Plaintiff signed documents at what she believed was her loan closing for a mortgage loan to secure the Subject Property.

20.     Defendants have provided copies of a Deed of Trust recorded on title to the Subject Property purporting to secure it in favor of Lehman Brothers Bank, FSB ("Lehman") as beneficiary and Chicago Title as trustee.

Case 8:15-cv-01129-CJC-DFM   Document 29   Filed 11/06/15   Page 128 of 214   Page ID
Case 8:15-cv-01129-CJC-DFM   Document 12-4  Filed 08/14/15   Page 49 of 66   Page ID #:179
#:409

21.     Shortly after the loan origination in July of 2005, Plaintiff alleges Lehman sold the beneficial interest in the Subject Loan on the secondary mortgage market. After this time, it was no longer in possession of the Promissory Note for the Subject Loan

22.     On about September 16, 2010, Defendant BANK OF NEW YORK as Trustee for the Securitized Trust represented in written correspondence to Plaintiff that it had acquired the beneficial interest in the Subject Loan. Plaintiff alleges this was a false statement as another entity had already acquired this interest from Lehman.

23.     Beginning on about May 16, 2011, Defendant AURORA, which represented itself to be the loan servicer for the Subject Loan, refused to accept monthly mortgage payments from Plaintiff HORNER despite her attempts to make them.

24.     Defendant AURORA also failed to credit Plaintiff's loan with several loan payments made in 2010.

25.     Plaintiff HORNER believed Defendant AURORA to be the servicer responsible for collecting her mortgage payments based on its representation that it was acting on behalf of the owner of her loan.

26.     Plaintiff HORNER expended considerable time and money attempting to explain to AURORA that there was no justification for its refusal to accept payments due under the Subject Loan contract and otherwise attempting to resolve this issue. Expending her time in this manner caused her to lose considerable income.

27.     On about June 20, 2011, an Assignment of the Deed of Trust was recorded on title to the Subject Property by Stacy Sandoz as Vice-President of Defendant MERS as nominee for Lehman Brothers Bank, FSB. The document purports to be evidence of a transfer of the beneficial interest in the Subject Loan from MERS, on behalf of Lehman, to Defendant AURORA.

28.     Plaintiff alleges this is a false statement and that MERS had no interest to assign, whether on its behalf or on behalf of Lehman as Lehman had already sold the loan and no longer had possession of any Promissory Note.

Case 8:15-cv-01129-CJC-DFM   Document 29   Filed 11/06/15   Page 129 of 214   Page ID
Case 8:15-cv-01129-CJC-DFM   Document 12   Filed 08/14/15   Page 50 of 66   Page ID #:180
#:2410

29.     On about February 13, 2012, AURORA represented in written correspondence to
Plaintiff that BANK OF NEW YORK as Trustee of the Securitized Trust held the beneficial
interest in the Subject Loan. Plaintiff alleges this was a false statement.

30.     On about June 29, 2012, another Assignment of the Deed of Trust was recorded on title
to the Subject Property this time by Kevin Wolverton as Assistant Vice-President of Defendant
AURORA. The document purports to be evidence of a transfer of the beneficial interest in the
Subject Loan from AURORA to Defendant NATIONSTAR.

31.     Plaintiff alleges this is a false statement and that AURORA had no interest to assign,
whether on its behalf or on behalf of Lehman, as Lehman had already sold the loan and no
longer had possession of any Promissory Note.

32.     On about July 11, 2012, AURORA represented in written correspondence to Plaintiff
that BANK OF NEW YORK as Trustee of the Securitized Trust held the beneficial interest in
the Subject Loan. Plaintiff alleges this was a false statement.

33.     On about July 15, 2012, Defendant NATIONSTAR represented in written
correspondence to Plaintiff that it was now the servicer for the Subject Loan on behalf of the
loan beneficiary, BANK OF NEW YORK as Trustee of the Securitized Trust. Plaintiff alleges
this was a false statement.

34.     On about July 16, 2012, Defendant NATIONSTAR again represented in written
correspondence to Plaintiff that it was servicing the Subject Loan on behalf of BANK OF NEW
YORK as Trustee of the Securitized Trust. Plaintiff alleges this was a false statement.

35.     On about August 6, 2012, Defendant NATIONSTAR represented in written
correspondence to Plaintiff that it had been servicing the Subject Loan on behalf of U.S. Bank.

36.     On about August 30, 2012, Defendant NATIONSTAR represented in written
correspondence to Plaintiff that it was servicing the Subject Loan on behalf of BANK OF NEW
YORK as Trustee of the Securitized Trust. Plaintiff alleges this was a false statement.

37.     On about November 27, 2013, a Substitution of Trustee signed by Jamesia Austin of
Defendant NATIONSTAR and recorded on title to the Subject Property by Defendant WOLF
purporting to substitute WOLF as Trustee under the Deed of Trust.

Case 8:15-cv-01129-CJC-DFM   Document 29   Filed 11/06/15   Page 130 of 214   Page ID
Case 8:15-cv-01129-CJC-DFM   Document 12-4   Filed 08/14/15   Page 51 of 66   Page ID #:181
#:241

1   38.   As explained herein, the Substitution of Trustee recorded on title to the Subject Property

2   did not properly substitute Defendant WOLF by the true beneficiary under the loan. Defendant

3   WOLF may not perform duties typically conferred upon a trustee or a substituted trustee as a

4   result.

5   39.   Also on about November 27, 2013, a Notice of Default was recorded on title to the

6   Subject Property by Renae Murray of Defendant WOLF as the agent and at the direction of

7   Defendant NATIONSTAR.

8   40.   The Declaration attached to the Notice of Default was signed by Juston Oler of

9   Defendant NATIONSTAR and falsely states that NATIONSTAR tried with due diligence but

10   was unable to contact Plaintiff HORNER as required by Civil Code section 2923.55.

11   41.   Defendant NATIONSTAR did not comply with Civil Code §2923.55 prior to 30 days

12   before recording the Notice of Default. Although some communication took place and Defendants

13   had the ability to and could have provided this statutorily required information to Plaintiff, no

14   Defendant ever provided her the information required by this section of the HBOR. As a result, the

15   Notice of Default is void.

16   42.   Pursuant to California Commercial Code section 3501(b)(2), a borrower may request

17   presentment of the original note and, if not supplied, may cease making payments under the

18   terms of the instrument without being deemed in default pursuant to section 3501(b)(3). On

19   about January 7, 2014, Plaintiff HORNER sent a Request to view her original Promissory Note to

20   Defendant NATIONSTAR pursuant to this code section. NATIONSTAR's response stated that it

21   would not comply with this requirement because it would not allow Plaintiff to view her

22   original Note. Its stated reasoning was that the original "must stay on file with Nationstar".

23   43.   Plaintiff alleges the statement that NATIONSTAR has possession of the original Note is

24   a false representation.

25   44.   On about March 10, 2014, a Notice of Trustee's Sale was recorded on title to the Subject

26   Property by Frank Escalera of Defendant WOLF as the agent and at the direction of Defendant

27   NATIONSTAR as Trustee under the Deed of Trust for the Subject Loan.

28

Case 8:15-cv-01129-CJC-DFM   Document 29   Filed 11/06/15   Page 131 of 214   Page ID
Case 8:15-cv-01129-CJC-DFM   Document 12-12   Filed 08/14/15   Page 52 of 66   Page ID #:182
#:412

1   45.     Defendant NATIONSTAR has represented that U.S. Bank is the current holder of the

2   beneficial interest in the Subject Loan.

3   46.     However, Defendants AURORA, MERS, WOLF and NATIONSTAR currently

4   represent that NATIONSTAR is the current holder of the beneficial interest in the Subject Loan,

5   including in legal filings and instruments recorded on title to the Subject Property as recently as

6   March 28, 2014. Plaintiff alleges these are false representations.

7   47.     Still, Defendants BANK OF NEW YORK, MERS, and NATIONSTAR also currently

8   represent that BANK OF NEW YORK as Trustee of the Securitized Trust is the current holder

9   of the beneficial interest in the Subject Loan. Plaintiff alleges these are false representations.

10  48.     The Securitized Trust, as stated in the documents that created the Trust and from which

11  it derived its powers, ceased acquiring mortgage loans on August 31, 2005.

12  49.     According to the representations in the Assignments of the Deed of Trust, Plaintiff's

13  loan was never transferred to the Securitized Trust.

14  50.     A Trust derives its powers from the documents that create it and any action taken

15  outside of the powers given in those documents is void.

16  51.     As Plaintiff alleges the purported transfer is in direct contravention of the cut-off date set

17  forth in the documents establishing the Securitized Trust, the transfer of Plaintiff's loan to the

18  Trust would be void, i.e., no interest in the loan was ever transferred to the Securitized Trust.

19  52.     Further, according to California Civil Code section 2934a(a)(1), a substitution of trustee

20  must be executed and acknowledged by the legal beneficiary under the Deed of Trust. Plaintiff

21  alleges Defendant NATIONSTAR was not the legal beneficiary under the Deed of Trust when it

22  purported to execute the Substitution of Trustee and therefore, was prohibited from executing it.

23  53.     Under California Civil Code section 2924, only the trustee, mortgagee, beneficiary, or

24  any of their authorized agents are authorized to file for record the Notice of Default.

25  54.     Since the Notice of Default may not have been filed for record in accordance with Civil

26  Code section 2924, the Notice of Default and Notice of Trustee's Sale are void for this reason as

27  well.

28

1    55.    Plaintiff has been, and will continue to be, seriously injured unless Defendants'

2    collection and/or threatened foreclosure proceedings and other activities complained of are not

3    preliminarily and permanently enjoined. Plaintiff will suffer irreparable injury of a continuing

4    nature that cannot be adequately calculated or compensated in money damages because of

5    ongoing collection activity on the loan and foreclosure proceedings against Plaintiff's home.

### FIRST CAUSE OF ACTION
#### Violations of Civil Code §2924(a)(6): Wrongful Foreclosure
#### (Against All Defendants)

9    56.    Plaintiff incorporates by reference the allegations set forth above and below.

10    57.    California Civil Code §2924(a)(6) provides that: No entity shall record or cause a notice of

11    default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the

12    beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee

13    under the deed of trust, or the designated agent of the holder of the beneficial interest. No agent of

14    the holder of the beneficial interest under the mortgage or deed of trust, original trustee or

15    substituted trustee under the deed of trust may record a notice of default or otherwise commence the

16    foreclosure process except when acting within the scope of authority designated by the holder of the

17    beneficial interest.

18    58.    Plaintiff is a member of the class entitled to protection under these code sections.

19    59.    Defendants caused a notice of default to be recorded and otherwise initiated the foreclosure

20    process despite not being the holder of the beneficial interest under the mortgage or deed of trust,

21    the original trustee or the substituted trustee under the deed of trust, or the designated agent of the

22    holder of the beneficial interest.

23    60.    As a result of Defendants' conduct and breach of the code section, Plaintiff is entitled to

24    injunctive relief, including, but not limited to an order restraining the sale of the Subject Property. In

25    addition, Plaintiff has been forced as a result of Defendants' violations to retain a law firm to

26    enforce her rights, and has incurred and will continue to incur costs and reasonable attorneys' fees

27    in connection herewith, recovery of which Plaintiff is entitled to according to proof.

28        **WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as

Case 8:15-cv-01129-CJC-DFM   Document 29   Filed 11/06/15   Page 133 of 214   Page ID
#:414
Case 8:15-cv-01129-CJC-DFM   Document 12-1   Filed 08/14/15   Page 54 of 66   Page ID #:184

1   hereinafter set forth.

2                    **SECOND CAUSE OF ACTION**
3     **Violations of Civil Code §2924.17(b): Recording Inaccurate Title Documents**
                    **(Against All Defendants)**
4

5   61.   Plaintiff incorporates by reference the allegations set forth above and below.

6   62.   California Civil Code §2924.17(b) provides that: Before recording or filing any of the

7   documents described in subdivision (a), a mortgage servicer shall ensure that it has reviewed

8   competent and reliable evidence to substantiate the borrower's default and the right to foreclose,

9   including the borrower's loan status and loan information.

10  63.   Plaintiff is a member of the class entitled to protection under these code sections.

11  64.   Plaintiff alleges that instruments recorded on title to the Subject Property recorded by

12  Defendants are inaccurate as explained herein.

13  65.   As a result of Defendants' conduct and breach of the code section, Plaintiff is entitled to

14  injunctive relief, including, but not limited to an order restraining the sale of the Subject Property. In

15  addition, Plaintiff has been forced as a result of Defendants' violations to retain a law firm to

16  enforce her rights, and has incurred and will continue to incur costs and reasonable attorneys' fees

17  in connection herewith, recovery of which Plaintiff is entitled to according to proof.

18         **WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as

19  hereinafter set forth.

20                     **THIRD CAUSE OF ACTION**
21    **Violations of Civil Code §2923.55: Failure to Explore Foreclosure Avoidance**
                    **(Against All Defendants)**
22

23  66.   Plaintiff incorporates by reference the allegations set forth above and below.

24  67.   California Civil Code §2923.55 provides, in part, that a mortgage servicer shall contact the

25  borrower in person or by telephone in order to assess the borrower's financial situation and

26  explore options for the borrower to avoid foreclosure. During the initial contact, the mortgage

27  servicer shall advise the borrower that he or she has the right to request a subsequent meeting

28  and, if requested, the mortgage servicer shall schedule the meeting to occur within 14 days. The

Case 8:15-cv-01129-CJC-DFM   Document 29   Filed 11/06/15   Page 134 of 214   Page ID
Case 8:15-cv-01129-CJC-DFM   Document 12   Filed 08/14/15   Page 55 of 66   Page ID #:185
#:415

1   assessment of the borrower's financial situation and discussion of options may occur during the

2   first contact, or at the subsequent meeting scheduled for that purpose. In either case, the borrower

3   shall be provided the toll-free telephone number made available by the United States Department

4   of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency.

5   Any meeting may occur telephonically. If unable to contact the borrower, the servicer must show

6   due diligence in attempting to make contact.

7   68.   Plaintiff is a member of the class entitled to protection under these code sections.

8   69.   Plaintiff alleges that Defendants failed to meet the requirements of this statute as alleged

9   herein.

10   70.   As a result of Defendants' conduct and breach of the code section, Plaintiff is entitled to

11   injunctive relief, including, but not limited to an order restraining the sale of the Subject Property. In

12   addition, Plaintiff has been forced as a result of Defendants' violations to retain a law firm to

13   enforce her rights, and has incurred and will continue to incur costs and reasonable attorneys' fees

14   in connection herewith, recovery of which Plaintiff is entitled to according to proof.

15   **WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as

16   hereinafter set forth.

17
### FOURTH CAUSE OF ACTION
18   ### Slander of Title
### (Against All Defendants)
19

20   71.   Plaintiff incorporates by reference the allegations set forth above and below.

21   72.   Plaintiff alleges that the instruments recorded on title to the Subject Property recorded by

22   Defendants are inaccurate as alleged herein.

23   73.   Plaintiffs allege that Defendants made such false statements with malice as the recording of

24   these instruments was done with Defendants lacking reasonable grounds to believe in the truth of

25   their contents.

26   74.   Defendants' false statements disparaged Plaintiff's title.

27   75.   Defendants do not have any privilege to act in the manner that they did as they acted with

28   malice.

Case 8:15-cv-01129-CJC-DFM   Document 29   Filed 11/06/15   Page 135 of 214   Page ID
#:4316
Case 8:15-cv-01129-CJC-DFM   Document 1   Filed 08/14/15   Page 56 of 66   Page ID #:186

76.     As a result of such unprivileged, false, malicious publication of disparaging statements

regarding the title to property owned by Plaintiff, Plaintiff has suffered, and will continue to

suffer, damages the exact amount of which have not been fully ascertained but are within the

jurisdiction of this Court. In addition, Plaintiff has been forced to retain a law firm to enforce her

rights and has incurred and will incur costs and reasonable attorneys' fees in connection

herewith, recovery of which Plaintiff is entitled to according to proof.

77.     Defendants, and each of them, acted fraudulently, maliciously and oppressively with a

conscious, reckless and willful disregard, and/or with callous disregard, of the probable

detrimental and economic consequences to Plaintiff, and to the direct benefit of Defendants,

knowing that Defendants conduct was substantially certain to vex, annoy, and injure Plaintiff and

entitle her to punitive damages under California Civil Code §3294, in an amount sufficient to

punish or make an example of Defendants.

        **WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as

hereinafter set forth.

### FIFTH CAUSE OF ACTION
### Breach of Contract
### (Against All Defendants)

78.     Plaintiff incorporates by reference the allegations set forth above and below.

79.     Plaintiff HORNER performed all of her obligations under the Subject Loan agreement.

80.     If any of Defendants are the beneficiary and/or servicer for the Subject Loan,

Defendants, and each of them, breached the Subject Loan agreement by refusing to accept

Plaintiff's mortgage payments and then declaring the loan in default and initiating the

foreclosure process.

81.     As a proximate cause of the Defendants' fraudulent conduct as herein alleged, Plaintiff

has suffered, and will continue to suffer, damages the exact amount of which have not been

fully ascertained but are within the jurisdiction of this Court. Plaintiff is entitled to incidental

and consequential expenses and damages in an amount to be shown at the time of trial. Plaintiff

has further been forced to retain a law firm to enforce her rights and has incurred and will incur

1  costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiff is

2  entitled to according to proof.

3        **WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, as

4  hereinafter set forth.

5  

### SIXTH CAUSE OF ACTION
**Breach of Implied Covenant of Good Faith and Fair Dealing
(Against All Defendants)**

6

7

8  82.    Plaintiff incorporates by reference the allegations set forth above and below.

9  83.    If Defendants are the beneficiaries and/or servicers for the Subject Loan, when they

10  refused to accept Plaintiff's mortgage payments, all of the conditions required for Defendants to

11  accept payments from Plaintiff under the Subject Loan had occurred.

12  84.    As such, if Defendants are the beneficiaries and/or servicers, each unfairly interfered

13  with Plaintiff's right to receive the benefits of the Subject Loan contract.

14  85.    Defendants pursued said course of conduct intentionally and maliciously, and in

15  conscious disregard of Plaintiff's rights.  Further, Plaintiff alleges that Defendants' refusal to

16  follow through with any duty to accept mortgage payments was made with the intent to

17  foreclose on Plaintiff's home.

18  86.    As a proximate cause of the Defendants' fraudulent conduct as herein alleged, Plaintiff

19  has suffered, and will continue to suffer, damages the exact amount of which have not been

20  fully ascertained but are within the jurisdiction of this Court. Plaintiff is entitled to incidental

21  and consequential expenses and damages in an amount to be shown at the time of trial. Plaintiff

22  has further been forced to retain a law firm to enforce her rights and has incurred and will incur

23  costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiff is

24  entitled to according to proof.

25  87.    Defendants, and each of them, acted fraudulently, maliciously and oppressively with a

26  conscious, reckless and willful disregard, and/or with callous disregard, of the probable

27  detrimental and economic consequences to Plaintiff, and to the direct benefit of Defendants,

28  knowing that Defendants conduct was substantially certain to vex, annoy, and injure Plaintiff

1   and entitle her to punitive damages under California Civil Code §3294, in an amount sufficient

2   to punish or make an example of Defendants.

3        **WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, as

4   hereinafter set forth.

### SEVENTH CAUSE OF ACTION
#### Negligence & Negligence Per Se
#### (Against All Defendants)

8   88.   Plaintiff incorporates by reference the allegations set forth above and below.

9   89.   Defendants owed duties of care to Plaintiff, including but not limited to complying with

10  Civil Code Sections 2924, 2923.55, and 2924.17.

11  90.   Defendants violated these statutes by engaging in the conduct complained of herein.

12  91.   These statutes were enacted to allow for a proper foreclosure on a deed of trust by the

13  beneficiary or agent for the beneficiary. Plaintiff's damages result from the violations of these

14  statutes. As such, Plaintiff is within the class of persons these statutes were enacted to protect.

15  92.   As a proximate cause of the Defendants' conduct as herein alleged, Plaintiff is now

16  subject to onerous foreclosure proceedings and the loss of her primary residence. Plaintiff has

17  suffered, and will continue to suffer, damages the exact amount of which have not been fully

18  ascertained but are within the jurisdiction of this Court. Plaintiff is entitled to incidental and

19  consequential expenses and damages in an amount to be shown at the time of trial. Plaintiff has

20  further been forced to retain a law firm to enforce her rights and has incurred and will incur

21  costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiff is

22  entitled to according to proof.

23       **WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, as

24  hereinafter set forth.

### EIGHTH CAUSE OF ACTION
#### Violations of Business & Professions Code §§17200, et seq.
#### (Against All Defendants)

93.   Plaintiff incorporates by reference the allegations set forth above and below.

Case 8:15-cv-01129-CJC-DFM   Document 29   Filed 11/06/15   Page 138 of 214   Page ID
Case 8:15-cv-01129-CJC-DFM   Document 12-4 Filed 08/14/15   Page 59 of 66   Page ID #:189
#:449

94.     Plaintiff is informed and believes, and on that basis alleges, that Defendants' acts, as alleged herein, constitute unlawful, unfair and fraudulent business practices, as defined by California Business and Professions Code §§17200, *et seq.* ("UCL").

95.     Defendants engaged in "fraudulent" business practices under the UCL because Defendants' statements, including false representations contained in instruments recorded on title to the Subject Property were intended and likely to mislead Plaintiff and the public.

96.     Defendants engaged in "unlawful" business practices under the UCL based on the statutory violations complained of herein.

97.     Defendants engaged in "unfair" business practices under the UCL because they violated the laws and underlying legislative policies designed to prevent foreclosure, where possible, by requiring mortgage holders to engage in honest foreclosure prevention efforts.

98.     Plaintiff was injured in fact and lost money and/or property as a result of these unlawful, unfair, and fraudulent business practices.

99.     Plaintiff seeks restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorney's fees, and such other and further relief the Court may deem just and proper.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

### NINTH CAUSE OF ACTION
### Declaratory Relief
### (Against All Defendants)

100.    Plaintiff incorporates by reference the allegations set forth above and below.

101.    Plaintiff alleges that an actual present controversy exists as to the following issues: (1) The identity of the current holder of the beneficial interest of the Subject Loan and Promissory Note as several separate entities claim this designation as explained herein; (2) Propriety of a non-judicial foreclosure by Defendants as Plaintiff contends that any attempt to non-judicially foreclose under the Deed of Trust on the Subject Property at this time by any named Defendant is improper in that Defendants do not have the right to proceed with its remedies, inclusive of

Case 8:15-cv-01129-CJC-DFM   Document 29   Filed 11/06/15   Page 139 of 214   Page ID
Case 8:15-cv-01129-CJC-DFM   Document 12-4  Filed 08/14/15   Page 60 of 66   Page ID #:190
#:420

1    non-judicial foreclosure; and (3) Defendant WOLF's authority to act as Trustee under the Deed

2    of Trust for the Subject Property as Plaintiff alleges that WOLF is not the duly-appointed

3    Trustee.

4    102.    Plaintiff desires a judicial determination of her rights and duties, and declaration as to

5    the validity for the Subject Loan, Deed of Trust and Defendants' right to proceed with remedies

6    thereunder, inclusive of non-judicial foreclosure of the Subject Property.

7    103.    Plaintiff alleges that a judicial declaration is necessary and appropriate at this time under

8    the circumstances so Plaintiff may ascertain her rights under the Note and Deed of Trust and

9    Defendants' right to proceed with their alleged remedies, if any, inclusive of the non-judicial

10    foreclosure of the Subject Property.

11         **WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, as

12    hereinafter set forth.

13         **WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, as

14    set forth below:

15         a.    For compensatory damages in an amount to be determined by proof at trial;

16         b.    For special damages in an amount to be determined by proof at trial;

17         c.    For general damages in an amount to be determined by proof at trial;

18         d.    For statutory damages in an amount to be determined by proof at trial;

19         e.    For punitive damages;

20         f.    For reasonable attorney's fees under HBOR and under any applicable statute,

21         costs and expenses of litigation, according to proof;

22         g.    For declaratory and injunctive relief, including a declaration that Plaintiff is the

23         prevailing party and that Defendants are prevented from engaging in any sale,

24         transfer, conveyance, actions or any conduct adverse to Plaintiff's interests in the

25         Subject Property;

26         h.    For judgment setting forth terms of restitution;

27         i.    For removal of any and all derogatory information reported to any and all credit

28         reporting agencies and/or bureaus relating to the transaction involved herein;

1    j. For restoration of Plaintiff's credit and good name;

2    k. For expungement of all foreclosure instruments on title to the Subject Property;

3    l. For any prejudgment or other interest according to law;

4    m. Any other and further relief that this Court deems equitable and proper.

5           **JURY DEMAND**

6   Plaintiff hereby demands trial by jury.

7  DATED: April 16, 2014       Respectfully submitted,

8                SMART LAW OFFICES

9

10

11               David L. Smart

                Attorneys for Plaintiff

12              NANCY M. HORNER

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "17"

Case 8:15-cv-01129-CJC-DFM   Document 29   Filed 11/06/15   Page 142 of 214   Page ID
#:2423
Case 8:15-cv-01129-CJC-DFM   Document 12-11   Filed 08/14/15   Page 63 of 66   Page ID #:193

**CIV-110**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): SMART LAW OFFICES
David L. Smart, Esq. (SBN 262533)
8880 Cal Center Drive, Suite 400, Sacramento, CA 95826
TELEPHONE NO.: 916-361-6020   FAX NO. (Optional): 916-361-6021
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff, Nancy M. Horner

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

PLAINTIFF/PETITIONER: Nancy M. Horner

DEFENDANT/RESPONDENT: Nationstar Mortgage, LLC., et. al.

| REQUEST FOR DISMISSAL | CASE NUMBER: 30-2014-00717561 |
|---|---|

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice   (2) ☑ Without prejudice
   b. (1) ☐ Complaint   (2) ☐ Petition
      (3) ☐ Cross-complaint filed by (name):                          on (date):
      (4) ☐ Cross-complaint filed by (name):                          on (date):
      (5) ☑ Entire action of all parties and all causes of action
      (6) ☐ Other (specify):*

2. (Complete in all cases except family law cases.)
   The court ☐ did ☑ did not waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

Date: July 9, 2014

David L. Smart, Esq.
(TYPE OR PRINT NAME OF ☑ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

▶ _____
                    (SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
☑ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross-Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**
   Date:

_____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

▶ _____
                    (SIGNATURE)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
☐ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross-Complainant

(To be completed by clerk)

4. ☒ Dismissal entered as requested on (date): **07/09/2014**

5. ☐ Dismissal entered on (date):                   as to only (name):

6. ☐ Dismissal not entered as requested for the following reasons (specify):

7. a. ☐ Attorney or party without attorney notified on (date):
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed   ☐ means to return conformed copy

Date: **07/09/2014**   Clerk, by _____, Deputy

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]

**REQUEST FOR DISMISSAL**

Page 1 of 2

Code of Civil Procedure, § 581 et seq.;
Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390
www.courts.ca.gov

Case 8:15-cv-01129-CJC-DFM   Document 29   Filed 11/06/15   Page 143 of 214   Page ID
#:424
Case 8:15-cv-01129-CJC-DFM   Document 12   Filed 08/14/15   Page 64 of 66   Page ID #:194

**Smart Law Offices**
8880 Cal Center Drive, Suite 400
Sacramento, CA 95826

1                            **PROOF OF SERVICE**

2        I, the undersigned, am a citizen of the United States, over 18 years of age, and not a party to

3 the within entitled action. My business address is 8880 Cal Center Drive, Suite 400, Sacramento,

4 CA 95826. On the date set forth below, I caused to be served, in the manner set forth below, the

5 following document(s):

6 **REQUEST FOR DISMISSAL**

7 Upon the following:

8 *Attorneys for THE WOLF FIRM*
Abe G. Salen, Esq.

9 **THE WOLF FIRM**
2955 Main Street, Second Floor

10 Irvine, CA 92614

11 *Attorneys for NATIONSTAR MORTGAGE, LLC; AURORA LOAN SERVICES, LLC.;*
*MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and THE BANK OF NEW*

12 *YORK*
Artin Betpera, Esq.

13 **GREEN & HALL, APC.**
1851 E. First Street, 10th Floor

14 Santa Ana, CA 92705

15 X      by **MAIL** by placing the envelope(s) in the United States mail in accordance with the usual

16           mailing practice of this firm.

17 \_\_\_\_     by **PERSONAL SERVICE** by causing the document(s) to be hand-delivered during this

18           business day.

19 \_\_\_\_     by **OVERNIGHT DELIVERY** (Federal Express) for delivery the following business day.

20 \_\_\_\_     by **FACSIMILE** to the number listed above.

21

22        I declare under penalty of perjury under the laws of the State of California that the foregoing

23 is true and correct, and that this declaration was executed on July 9, 2014 at Sacramento,

24 California.

25

26

27                                     Ramean S. Behnam

28

# EXHIBIT "18"

Case 8:14-bk-14846-TA   Doc 1   Filed 08/05/14   Entered 08/05/14 15:45:33   Desc
Main Document     Page 1 of 55

B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): *<br>*Horner, Nancy Marie* | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): *XXX-XX-6890* | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>*320 11th Street*<br>*Huntington Beach, CA* ZIP CODE *92648* | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>*Orange* | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☐ Chapter 7         ☐ Chapter 15 Petition for<br>☐ Chapter 9            Recognition of a Foreign<br>☐ Chapter 11          Main Proceeding<br>☐ Chapter 12         ☐ Chapter 15 Petition for<br>☑ Chapter 13          Recognition of a Foreign<br>                            Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable.) | Nature of Debts<br>(Check one box.) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | ☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."    ☐ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every three years thereafter).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | **FILED**<br><br>AUG - 5 2014<br><br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:_____ Deputy Clerk |

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1) (04/13)                                                                                      Page 2

| Voluntary Petition _(This page must be completed and filed in every case.)_ | Name of Debtor(s): *Nancy Marie Hornor* |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location Where Filed: *None* | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor: *None* | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | **Exhibit B** (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
|---|---|
| ☐  Exhibit A is attached and made a part of this petition. | X _____ Signature of Attorney for Debtor(s)     (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☑  No.

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑  Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐  Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐  Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13) <span>Page 3</span>

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s): |
|---|---|

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _Nancy Marie Horner_____<br>  Signature of Debtor<br><br>X _____<br>  Signature of Joint Debtor<br>  _714-900-7417_____<br>  Telephone Number (if not represented by attorney)<br>  _August 5, 2014_____<br>  Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>  (Signature of Foreign Representative)<br><br>  _____<br>  (Printed Name of Foreign Representative)<br><br>  _____<br>  Date |

| **Signature of Attorney\*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
|---|---|
| X _____<br>  Signature of Attorney for Debtor(s)<br><br>  _____<br>  Printed Name of Attorney for Debtor(s)<br><br>  _____<br>  Firm Name<br><br>  _____<br>  Address<br><br>  _____<br>  Telephone Number<br><br>  _____<br>  Date<br><br>\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>  _____<br>  Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>  _____<br>  Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |

| **Signature of Debtor (Corporation/Partnership)** |  |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>  Signature of Authorized Individual<br><br>  _____<br>  Printed Name of Authorized Individual<br><br>  _____<br>  Title of Authorized Individual<br><br>  _____<br>  Date |   Address<br><br>X _____<br>  Signature<br><br>  _____<br>  Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

# STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LBR 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1. A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and if, not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

   _8:11-bk-18022  In re: NanCy Marie Horner, Michel Bartolotta   Filed: Jun 06, 2011   Chapter No: 13_

   _Judge: Theodore Albert   Not pending   Dismissed: Aug 26, 2011_____

2. (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

   _____

   _____

3. (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

   _____

   _____

4. (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

   _None_____

I declare, under penalty of perjury, that the foregoing is true and correct.


Executed at _Huntington Beach_ , California

Date: _August 5, 2014_

Signature of Debtor

_____
Signature of Joint Debtor

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Case 8:14-bk-14846-TA   Doc 1   Filed 08/05/14   Entered 08/05/14 15:45:33   Desc
B 201 - Notice of Available Chapters (Rev. 08/14) Main Document   Page 5 of 55   USBC, Central District of California

Name:   NanCy Marie Horner

Address:   320 11th Street

Huntington Beach, CA  90648

Telephone:   714-960-7417   Fax:

☐  Attorney for Debtor
☑  Debtor in Pro Per

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

List all names including trade names, used by   Case No.:
Debtor(s) within last 8 years:

NanCy Marie Horner

# NOTICE OF AVAILABLE CHAPTERS

(Notice to Individual Consumer Debtor Under § 342(b) of the Bankruptcy Code)

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

1.   **Services Available from Credit Counseling Agencies**

With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis. The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge. The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

B 201 - Notice of Available Chapters (Rev. 06/14)                                          USBC, Central District of California

## Certificate of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

_____
Printed name and title, if any, of Bankruptcy Petition Preparer

Social Security number (If the bankruptcy petition
Address: preparer is not an individual, state the
Social Security number of the officer, principal,
responsible person, or partner of the bankruptcy
petition preparer.) (Required by 11 U.S.C. § 110.)

X_____
Signature of Bankruptcy Petition Preparer or officer,
principal, responsible person, or partner whose Social
Security number is provided above.

### Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

NanCy Marie Horner
_____
Printed Name(s) of Debtor(s)

_Nancy Marie Horner_ - August 5, 2014
Signature of Debtor          Date

Case No. (if known) _____

X_____
Signature of Joint Debtor (if any)   Date

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## Central District of California

In re    NanCy Marie Horner,                 Case No. _____

                                 Debtors        Chapter _____ 13

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 545,500.00 | | |
| B - Personal Property | Yes | 3 | 290,200.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | 6,339.96 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 6 | | 4,529,126.99 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 5,508.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 6,623.34 |
| Total Number of Sheets of ALL Schedules | | 19 | | | |
| Total Assets | | | 835,700.00 | | |
| Total Liabilities | | | | 4,535,466.95 | |

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                 Best Case Bankruptcy

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
## Central District of California

In re    NanCy Marie Horner,             Case No. _____

                       Debtors      Chapter _____ 13

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**
**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 6,339.96 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 6,339.96 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 5,508.00 |
| Average Expenses (from Schedule J, Line 18) | 6,623.34 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 5,508.00 |

**State the following:**

| | |
|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | 0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 6,339.96 |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | 0.00 |
| 4. Total from Schedule F | 4,529,126.99 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | 4,529,126.99 |

B6A (Official Form 6A) (12/07)

In re   **NanCy Marie Horner,**                                      Case No. _____

                                        Debtors

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Property Located at 320 11th Street Huntington Beach CA 92648** | **Equitable interest** | W | 545,500.00 | 0.00 |

|  | Sub-Total > | **545,500.00** | (Total of this page) |
|---|---|---|---|
|  | Total > | **545,500.00** |  |

__0__  continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

Case 8:14-bk-14846-TA    Doc 1    Filed 08/05/14    Entered 08/05/14 15:45:33    Desc
Main Document        Page 10 of 55

B6B (Official Form 6B) (12/07)

In re      **NanCy Marie Horner,**                                          Case No. _____

_____
Debtors

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place
an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified
with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community
own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint
petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and
Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as
"A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | | **Cash on Hand** | C | 200.00 |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking Account** | C | 1,000.00 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | | **Household Goods and Furniture** | C | 5,000.00 |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Antiques** | C | 5,000.00 |
| 6. | Wearing apparel | | **Wearing Apparel** | C | 1,000.00 |
| 7. | Furs and jewelry. | X | | | |
| 8. | Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. | Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >      12,200.00
(Total of this page)

__2__   continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                        Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re   **NanCy Marie Horner,**
        **Michel Bartolotta**

Case No. _____

Debtors

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | *Lawsuit — against Nationstar Mortgage LLC, The Wolf Firm, Trustee, Aurora Loan Servicer LLC, Lehman Brothers Bank FSB a/k/a Aurora Bank FSB* | W | * 275,000.00 |

Sub-Total >   275,000.00
(Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re   **NanCy Marie Horner,**                                                    Case No. _____
       **Michel Bartolotta**
       _____
                        Debtors

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | *1991 BMW 325i* **"SECURED"** | W | *3,000.00* |
| | | **1979 Porsche 928 NOT OPERATIONAL OWNED FREE AND CLEAR** | C | Unknown |
| 26. Boats, motors, and accessories. | | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total >   *3,000.00*
(Total of this page)
Total >   *390,200.00*

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6C (Official Form 6C) (4/10)

In re NanCy Marie Horner,                                                Case No. _____

_____
Debtors

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:       ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                          $146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                                   *with respect to cases commenced on or after the date of adjustment.)*
☑ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Cash on Hand** | | | |
| Cash on Hand | C.C.P. § 703.140(b)(5) | 200.00 | 200.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| Checking Account | C.C.P. § 703.140(b)(5) | 1,000.00 | 1,000.00 |
| **Household Goods and Furnishings** | | | |
| Household Goods and Furniture | C.C.P. § 703.140(b)(3) | 5,000.00 | 5,000.00 |
| **Books, Pictures and Other Art Objects; Collectibles** | | | |
| Antiques | C.C.P. § 703.140(b)(3) | 5,000.00 | 5,000.00 |
| **Wearing Apparel** | | | |
| Wearing Apparel | C.C.P. § 703.140(b)(3) | 1,000.00 | 1,000.00 |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | 3,000.00 |
| *1991 BMW 325i* | C.C.P. 703.140(b)(2) C.C.P. 703.140(b)(5) | 3,000.00 | |
| 1979 Porsche 928 NOT OPERATIONAL OWNED FREE AND CLEAR | C.C.P. § 703.140(b)(5) | 0.00 | Unknown |

Total: 15,200.00    15,200.00

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re    **NanCy Marie Horner,**                 Case No. _____

                                Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☒   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| **0**   continuation sheets attached | | | Subtotal (Total of this page) | | | | | |
| | | | Total (Report on Summary of Schedules) | | | | | |

B6E (Official Form 6E) (4/10)

In re    **NanCy Marie Horner,**                                                                    Case No. _____

                                                        Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts **not** entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* *Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

                                                 1_____  continuation sheets attached

B6E (Official Form 6E) (4/10) - Cont.

In re    **NanCy Marie Horner,**                                    Case No. _____

_____
                Debtors

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. | | | Taxes | | | | | | |
| *County of Orange* Attn: Treasurer-TaxCollector P.O. Box 1438 Santa Ana, CA 92702-1438 | | | | | | | 6,339.96 | 0.00 | 6,339.96 |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |

Sheet __1__ of __1__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | Subtotal (Total of this page) | 6,339.96 | 0.00 6,339.96 |
|---|---|---|---|
| | Total (Report on Summary of Schedules) | 6,339.96 | 0.00 6,339.96 |

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                        Best Case Bankruptcy

B6F (Official Form 6F) (12/07)

In re **NanCy Marie Horner,**                                              Case No. _____

_____
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. | | | | Collections | | | | |
| 3368, LLC 160 East Selandia Lane Carson, CA 90746 | C | | | | | | | 1,242.86 |
| Account No. 91 | | | | Collections | | | | |
| ACI 308 N Locust Street Grand Island, NE 68801 | C | | | | | | | 32,527.00 |
| Account No. 5584 | | | | Credit card purchases | | | | |
| Advanta Credit Cards PO Box 9217 Old Bethpage, NY 11804 | C | | | | | | | 13,407.00 |
| Account No. | | | | Collections | | | | |
| Athens Services PO Box 60009 City of Industry, CA 91716 | C | | | | | | | 168.00 |

_5_   continuation sheets attached

Subtotal
(Total of this page)                47,344.86

B6F (Official Form 6F) (12/07) - Cont.

In re **NanCy Marie Horner,**

Case No. _____

Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community H / W / J / C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. 3640 *Aurora Loan Services, LLC C/o Aurora Commercial Corp 10350 Park Meadows Drive Littleton, CO 80124* | | W | *Purported previous servicer on purported mortgage* | | | X | — *1,026,542.41* |
| Account No. *Nationstar Mortgage LLC 350 Highland Drive Lewisville, TX 75067* | | W | *purported current servicer on purported mortgage* | | | X | *1,026,542.41* |
| Account No. 5474 Bank of America PO Box 15026 Wilmington, DE 19850 | C | | Credit card purchases | | | X | 13,946.00 |
| Account No. 4264 Bank of America PO Box 17054 Wilmington, DE 19850 | C | | Credit card purchases | | | X | 7,771.00 |
| Account No. 5490 Bank of America PO Box 17054 Wilmington, DE 19850 | C | | Credit card purchases | | | X | 10,009.00 |

Sheet no. _1_ of _5_ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) *2,084,810.82*

B6F (Official Form 6F) (12/07) - Cont.

In re **NanCy Marie Horner,**     Case No. _____

Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| **Account No.** *William B Bennett P.O. Box 7373 Santa Monica, CA 90406* | | W | | | | | | *2,000.00* |
| **Account No. 7927** Financial Credit Network 1300 W Main Visalia, CA 93277 | C | | | Collections | | | X | 352.00 |
| **Account No.** *The Wolf Firm, Trustee 2955 Main Street 2nd Floor Irvine, CA 92614* | | W | | *purported trustee for purported current servicer on purported mortgage* | | | X | *1,026,542.41* |
| **Account No. 7001** HSBC Po Box 15521 Wilmington, DE 19805 | C | | | Credit card purchases | | | X | 3,656.00 |
| **Account No. 3434** Investment Retrievers 4511 Golden Foothill El Dorado Hills, CA 95762 | C | | | Collections | | | X | 47,309.00 |

Sheet no. **2** of **8** sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    *1,079,859.41*

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com      Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re **NanCy Marie Horner,**

Case No. _____

_____ Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. 3434 | | | | Collections | | | | |
| Investment Retrievers 4511 Golden Foothill El Dorado Hills, CA 95762 | C | | | | | | X | 9,686.00 |
| Account No. 3434 | | | | Collections | | | | |
| Investment Retrievers 4511 Golden Foothill El Dorado Hills, CA 95762 | C | | | | | | X | 9,843.00 |
| Account No. 1824 | | | | | | | | |
| Accounts Receivable Management, Inc P.O. Box 129 Thorofare, NJ 08086-0129 | C | | | | | | X | 8,159.24 |
| Account No. | | | | Lease | | | | |
| Konica Minolta Business Solutions 100 Williams Drive Ramsey, NJ 07446 | C | | | | | | X | 10,000.00 |
| Account No. 4104 | | | | Collections | | | | |
| LVNV FUNDING, LLC PO BOX 10497 Greenville, SC 29603 | C | | | | | | X | 5,938.00 |

Sheet no. __3__ of __5__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) **43,626.24**

B6F (Official Form 6F) (12/07) - Cont.

In re    **NanCy Marle Horner,**                                              Case No. _____

                                                                    Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. 7001 | | | Collections | | | | |
| LVNV FUNDING, LLC PO BOX 10497 Greenville, SC 29603 | C | | | | | X | 4,130.00 |
| Account No. 1688 | | | Collections | | | | |
| Medicredit 3 City Pl Dr Suite 690 Saint Louis, MO 63141 | C | | | | | X | 217.00 |
| Account No. 4266 | | | Credit card purchases | | | | |
| Nordstrom PO Box 13589 Scottsdale, AZ 85267 | W | | | | | X | 8,159.00 |
| Account No. 4190 | | | Collections | | | | |
| Portfolio Recovery Services☐☐ 120 CORPORATE BLVD STE 100 Norfolk, VA 23502 | C | | | | | X | 21,028.00 |
| Account No. 8531 | | | Collection Notice of Sale or Repossessed Okuma Vertical Machining Center | | | | |
| US Bank 13010 SW 6th Parkway Suite 100 Portland, OR 97223 | C | | | | | X | 198,696.25 |

Sheet no. __4__ of __5__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

                                                                    Subtotal
                                                            (Total of this page)          232,230.25

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re     NanCy Marie Horner,                                    Case No. _____
                                                    Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community |  | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
|  |  | H W | J C |  |  |  |  |  |
| Account No. 5182 |  |  |  | Credit card purchases |  |  |  |  |
| Wells Fargo Po Box 3117 Winston Salem, NC 27102 | C |  |  |  |  |  | X |  |
|  |  |  |  |  |  |  |  | 14,574.00 |
| Account No. 1092 |  |  |  | Collections |  |  |  |  |
| WEST ASSET MANAGEMENT 2703 N HIGHWAY 75 Sherman, TX 75092 | C |  |  |  |  |  | X |  |
|  |  |  |  |  |  |  |  | 139.00 |
| Account No. | | | | *Purported lender and Servicer on purported mortgage* | | | | |
| *Lehman Brothers Bank FSB also known as Aurora Bank FSB C/O Aurora Commercial Corp 10350 Park Meadows Drive Littleton, CO 80124* | *W* | | | | | | | *1,026,542.41* |
| Account No. |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
| Account No. |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |

Sheet no. _5_ of _5_ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)     *1,041,255.41*

Total
(Report on Summary of Schedules)     *4,529,126.99*

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                              Best Case Bankruptcy

B6G (Official Form 6G) (12/07)

In re   **NanCy Marie Horner,**                                                 Case No. _____

_____
Debtors

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
| --- | --- |
| | |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

In re    **NanCy Marie Horner,**                                                    Case No. _____

_____
Debtors

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

**0**
_____  continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | _Nancy_ | _Marie_ | _Horner_ |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | _Central_ | District of _CA_ | |
| Case number (if known) | | | |

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 income as of the following date:

_____
MM / DD / YYYY

## Official Form B 6I

# Schedule I: Your Income
12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:   Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| **Employment status** | | ☐ Employed ☑ Not employed | ☑ Employed ☐ Not employed |
| **Occupation** | | _Consultant_ | _Tool & Die Maker_ |
| **Employer's name** | | _self-employeed_ | _Kelly Services_ |
| **Employer's address** | | _320 11th Street_ | _999 W. Big Beaver_ |
| | | Number   Street | Number   Street |
| | | _Huntington Beach, CA 92648_ | _Troy, MI   48048_ |
| | | City   State   ZIP Code | City   State   ZIP Code |
| **How long employed there?** | | _2 yrs_ | _4 mo_ |

## Part 2:   Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ _560.00_ | $ _3,085.00_ |
| 3. Estimate and list monthly overtime pay. | 3. | + $ _0_ | + $ _0_ |
| 4. Calculate gross income. Add line 2 + line 3. | 4. | $ _560.00_ | $ _3,085.00_ |

Debtor 1 _Nancy Marie Horner_
First Name   Middle Name   Last Name

Case number (if known) _____

| | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|
| Copy line 4 here..................................→ 4. | $ 560.00 | $ 3,085.00 |

5. List all payroll deductions:

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. Tax, Medicare, and Social Security deductions | 5a. | $ 0 | $ 592.00 |
| 5b. Mandatory contributions for retirement plans | 5b. | $ 0 | $ 0 |
| 5c. Voluntary contributions for retirement plans | 5c. | $ 0 | $ 0 |
| 5d. Required repayments of retirement fund loans | 5d. | $ 0 | $ 0 |
| 5e. Insurance | 5e. | $ 0 | $ 0 |
| 5f. Domestic support obligations | 5f. | $ 0 | $ 0 |
| 5g. Union dues | 5g. | $ 0 | $ 0 |
| 5h. Other deductions. Specify: _____ | 5h. + $ 0 | + $ 0 |

6. Add the payroll deductions. Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g +5h.   6.   $ 0.00   $ 592.00

7. Calculate total monthly take-home pay. Subtract line 6 from line 4.   7.   $ 560.00   $ 2,493.00

8. List all other income regularly received:

8a. Net income from rental property and from operating a business, profession, or farm

Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.   8a.   $ 0   $ 750.00

8b. Interest and dividends   8b.   $ 0   $ 0

8c. Family support payments that you, a non-filing spouse, or a dependent regularly receive

Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.   8c.   $ 0   $ 0

8d. Unemployment compensation   8d.   $ 0   $ 0

8e. Social Security   8e.   $ 0   $ 1705.00

8f. Other government assistance that you regularly receive

Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.

Specify: _____   8f.   $ 0   $ 0

8g. Pension or retirement income   8g.   $ 0   $ 0

8h. Other monthly income. Specify: _____   8h. + $ 0   + $ 0

9. Add all other income. Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h.   9.   $ 0   $ 2,455.00

10. Calculate monthly income. Add line 7 + line 9.
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.   10.   $ 560.00   +   $ 4,948.00   =   $ 5,908.00

11. State all other regular contributions to the expenses that you list in Schedule J.

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in Schedule J.

Specify: _____   11. + $ 0

12. Add the amount in the last column of line 10 to the amount in line 11. The result is the combined monthly income.
Write that amount on the Summary of Schedules and Statistical Summary of Certain Liabilities and Related Data, if it applies   12.   $ 5,908.00
Combined monthly income

13. Do you expect an increase or decrease within the year after you file this form?

☐ No.

☐ Yes. Explain: _Unknown - However I will be able to spend a lot more time generating consulting income once I am able to stop fighting the fraudulent mortgage and fraudulent foreclosure lawsuit against Nationstar Mortgage LLC, the Wolf Firm, Trustee, Aurora Loan Services LLC and Lehman Brothers Bank FSB a/k/a Aurora Bank FSB_

Official Form B 6I                      Schedule I: Your Income                      page 2

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | Nancy Marie Horner |
| | First Name   Middle Name   Last Name |
| Debtor 2 | |
| (Spouse, if filing) First Name   Middle Name   Last Name | |
| United States Bankruptcy Court for the: | Central   District of   CA |
| Case number | |
| (If known) | |

Check if this is:

☐ An amended filing
☐ A supplement showing post-petition chapter 13 expenses as of the following date:
_____
MM / DD / YYYY
☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

Official Form B 6J

# Schedule J: Your Expenses

12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Your Household

**1. Is this a joint case?**

☑ No. Go to line 2.
☐ Yes. Does Debtor 2 live in a separate household?

☐ No
☐ Yes. Debtor 2 must file a separate Schedule J.

**2. Do you have dependents?**

Do not list Debtor 1 and Debtor 2.

Do not state the dependents' names.

☑ No
☐ Yes. Fill out this information for each dependent..................

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| _____ | _____ | ☐ No ☐ Yes |
| _____ | _____ | ☐ No ☐ Yes |
| _____ | _____ | ☐ No ☐ Yes |
| _____ | _____ | ☐ No ☐ Yes |
| _____ | _____ | ☐ No ☐ Yes |

**3. Do your expenses include expenses of people other than yourself and your dependents?**

☑ No
☐ Yes

## Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form B 6I.)

Your expenses

**4.** The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot.    4.    $ *see J4. other, pg 3*

If not included in line 4:

4a. Real estate taxes    4a.    $ *528.33*

4b. Property, homeowner's, or renter's insurance    4b.    $ *64.08*

4c. Home maintenance, repair, and upkeep expenses    4c.    $ *50.00*

4d. Homeowner's association or condominium dues    4d.    $ *0*

Official Form B 6J    Schedule J: Your Expenses    page 1

Debtor 1 _____    Case number (if known)_____
First Name    Middle Name    Last Name

| | | Your expenses |
|---|---|---|

5. Additional mortgage payments for your residence, such as home equity loans — **5.** $ _____0_____

6. **Utilities:**

6a. Electricity, heat, natural gas — **6a.** $ _75.00_

6b. Water, sewer, garbage collection — **6b.** $ _60.00_

6c. Telephone, cell phone, internet, satellite, and cable services — **6c.** $ _200.00_

6d. Other. Specify: _____ — **6d.** $ _____

7. Food and housekeeping supplies — **7.** $ _300.00_

8. Childcare and children's education costs — **8.** $ _____0_____

9. Clothing, laundry, and dry cleaning — **9.** $ _25.00_

10. Personal care products and services — **10.** $ _30.00_

11. Medical and dental expenses — **11.** $ ____0____

12. Transportation. Include gas, maintenance, bus or train fare.
Do not include car payments. — **12.** $ _250.00_

13. Entertainment, clubs, recreation, newspapers, magazines, and books — **13.** $ ____0____

14. Charitable contributions and religious donations — **14.** $ ____0____

15. **Insurance.**
Do not include insurance deducted from your pay or included in lines 4 or 20.

15a. Life insurance — **15a.** $ ____0____

15b. Health insurance — **15b.** $ ____0____

15c. Vehicle insurance — **15c.** $ _131.50_

15d. Other insurance. Specify:_____ — **15d.** $ ____0____

16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.
Specify: _____ — **16.** $ ____0____

17. **Installment or lease payments:**

17a. Car payments for Vehicle 1 — **17a.** $ ____0____

17b. Car payments for Vehicle 2 — **17b.** $ ____0____

17c. Other. Specify:_____ — **17c.** $ ____0____

17d. Other. Specify:_____ — **17d.** $ ____0____

18. Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form B 6I). — **18.** $ ____0____

19. **Other payments you make to support others who do not live with you.**
Specify: _Attorneys Fees_____ — **19.** $ _2,000.00_

20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.***

20a. Mortgages on other property — **20a.** $ _1,666.44_

20b. Real estate taxes — **20b.** $ _291.66_

20c. Property, homeowner's, or renter's insurance — **20c.** $ _101.33_

20d. Maintenance, repair, and upkeep expenses — **20d.** $ _50.00_

20e. Homeowner's association or condominium dues — **20e.** $ ____0____

Debtor 1  _Nancy_  _Marie_  _Horner_         Case number (if known) _____
     First Name    Middle Name    Last Name

21. Other. Specify: _storage_ _____    21.  +$ _550.00_

22. Your monthly expenses. Add lines 4 through 21.
The result is your monthly expenses.    22.  $ _6,623.34_

23. Calculate your monthly net income.

   23a. Copy line 12 (your combined monthly income) from *Schedule I.*    23a.  $ _5,508.00_

   23b. Copy your monthly expenses from line 22 above.    23b.  –$ _6,623.34_

   23c. Subtract your monthly expenses from your monthly income.
The result is your *monthly net income.*    23c.  $ _(1,115.34)_

24. Do you expect an increase or decrease in your expenses within the year after you file this form?

For example, do you expect to finish paying for your car loan within the year or do you expect your
mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☐ No.

☒ Yes.   Explain here: *Without attorneys fees and legal costs fighting Nationstar Mortgage LLC's, the Wolf Firm's, Trustee and Aurora Loan Services LLC's and Lehman Brothers Bank FSB a/k/a Aurora Bank FSB's fraudulent mortgage and fraudulent foreclosure with their false and forged and counterfetted documents the legal fees and costs will be eliminated.*

   *Without legal fees and costs our medical treatments will resume.*

   *Without legal fees and costs we will be able to get health and life insurance again.*

   *Without legal fees and costs we will be able to spend more money on home and auto maintenance, repair and upkeep expenses.*

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Central District of California

In re   __NanCy Marle Horner__                                          Case No. _____
                                        _____              Chapter      __13__
                                        Debtor(s)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

         I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   __21__
sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date __August 5, 2014__               Signature _____
                                                NanCy Marle Horner
                                                Debtor

Date _____          Signature _____
                                                Joint Debtor

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
                              18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT

In re: _Nancy Marie Horner_,                         Case No. _____
          Debtor                                                        (if known)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25.  **If the answer to an applicable question is "None," mark the box labeled "None."**  If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."*  A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time.  An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."*  The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor.  11 U.S.C. § 101(2), (31).

---

1.  **Income from employment or operation of business**


None

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the **two years** immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                                    SOURCE

B7 (Official Form 7) (04/13)                                                                                    2

**2.   Income other than from employment or operation of business**



State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                        SOURCE

---

**3.   Payments to creditors**

*Complete a. or b., as appropriate, and c.*



a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

---

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B7 (Official Form 7) (04/13)                                                                                3



c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case
to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must
include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and
a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| | | | |

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**



a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately
preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include
information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated
and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| | | | |



b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one
year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13
must include information concerning property of either or both spouses whether or not a joint petition is filed, unless
the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| | | |

---

**5. Repossessions, foreclosures and returns**



List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu
of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case.
(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| | | |

---

B7 (Official Form 7) (04/13)                                                                          4

### 6. Assignments and receiverships



a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|



b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE Of PROPERTY |
|---|---|---|---|

### 7. Gifts



List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8. Losses



List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

B7 (Official Form 7) (04/13)                                                                5

**9. Payments related to debt counseling or bankruptcy**



None

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**10. Other transfers**



None

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|



None

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11. Closed financial accounts**



None

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

---

B7 (Official Form 7) (04/13)                                                                6

**12. Safe deposit boxes**



List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

**13. Setoffs**



List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

**14. Property held for another person**



List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

**15. Prior address of debtor**



If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

B7 (Official Form 7) (04/13)                                                                    7

**16. Spouses and Former Spouses**



If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.



a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|



b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|



c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18. Nature, location and name of business**



a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or

B7 (Official Form 7) (04/13)                                                                                    8

other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or **in** which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|



b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                      ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**



a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                              DATES SERVICES RENDERED



b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                              ADDRESS                              DATES SERVICES RENDERED

B7 (Official Form 7) (04/13)                                                                                    9

 c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                                    ADDRESS

 d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

NAME AND ADDRESS                                        DATE ISSUED

---

**20. Inventories**

 a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY          INVENTORY SUPERVISOR          DOLLAR AMOUNT
                                                         OF INVENTORY
                                                         (Specify cost, market or other basis)

 b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

DATE OF INVENTORY                                        NAME AND ADDRESSES
                                                         OF CUSTODIAN
                                                         OF INVENTORY RECORDS

---

**21 . Current Partners, Officers, Directors and Shareholders**

 a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS          NATURE OF INTEREST          PERCENTAGE OF INTEREST

 b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

NAME AND ADDRESS                    TITLE          NATURE AND PERCENTAGE
                                                   OF STOCK OWNERSHIP

---

B7 (Official Form 7) (04/13)                                                                 10

### 22 . Former partners, officers, directors and shareholders


a.   If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|---------|--------------------|


b.   If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|------------------|-------|---------------------|

### 23 . Withdrawals from a partnership or distributions by a corporation


If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|----|----|----|

### 24. Tax Consolidation Group.


If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|----|----|

### 25. Pension Funds.


If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|----|----|

* * * * * *

*[If completed by an individual or individual and spouse]*

B7 (Official Form 7) (04/13)                                                                                11

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _August 5, 2014_          Signature of Debtor  _Nancy Marie Horner_

Date _____          Signature of Joint Debtor  (if any)

---

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____          Signature  _____

                          Print Name and Title  _____

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

_____ continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer          Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

Address

Signature of Bankruptcy Petition Preparer                    Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.*

February 2006                                                    2006 USBC Central District of California

## United States Bankruptcy Court
### Central District of California

In re     NanCy Marie Horner

_____     Case No. _____
                    Debtor(s)         Chapter     **13**

# DEBTOR'S CERTIFICATION OF EMPLOYMENT INCOME
# PURSUANT TO 11 U.S.C. § 521 (a)(1)(B)(iv)

Please fill out the following blank(s) and check the box next to <u>one</u> of the following statements:

I,  _NanCy Marie Horner_ , the debtor in this case, declare under penalty of perjury under the laws of the United States of America that:

☐       I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the 60-day period prior to the date of the filing of my bankruptcy petition.
(*NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.*)

■       I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received no payment from any other employer.

☐       I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.


I, _____, the debtor in this case, declare under penalty of perjury under the laws of the United States of America that:

☐       I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the 60-day period prior to the date of the filing of my bankruptcy petition.
(*NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.*)

☐       I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received no payment from any other employer.

☐       I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.


Date _August 5, 2014_          Signature _____
                                         NanCy Marie Horner
                                         Debtor

Date _____     Signature _____
                                         Joint Debtor

B 22C (Official Form 22C) (Chapter 13) (04/13)

In re _Nancy Marie Horner_
　　　　　　Debtor(s)

Case Number: _____
　　　　　　(If known)

According to the calculations required by this statement:
☑ **The applicable commitment period is 3 years.**
☐ The applicable commitment period is 5 years.
☐ Disposable income is determined under § 1325(b)(3).
☑ Disposable income is not determined under § 1325(b)(3).
(Check the boxes as directed in Lines 17 and 23 of this statement.)

## CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME
## AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedules I and J, this statement must be completed by every individual chapter 13 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| Part I. REPORT OF INCOME | | |
|---|---|---|
| **1** Marital/filing status. Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. Complete only Column A ("Debtor's Income") for Lines 2-10.<br>b. ☑ Married. Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10. | | |
| All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | Column A<br>Debtor's<br>Income | Column B<br>Spouse's<br>Income |
| **2** Gross wages, salary, tips, bonuses, overtime, commissions. | $ 560.00 | $ 4,948.00 |
| **3** Income from the operation of a business, profession, or farm. Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part IV.**<br><br>a. Gross receipts $ 0<br>b. Ordinary and necessary business expenses $ 0<br>c. Business income Subtract Line b from Line a | $ 0 | $ 0 |
| **4** Rent and other real property income. Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part IV.**<br><br>a. Gross receipts $ 0<br>b. Ordinary and necessary operating expenses $ 0<br>c. Rent and other real property income Subtract Line b from Line a | $ 0 | $ 0 |
| **5** Interest, dividends, and royalties. | $ 0 | $ 0 |
| **6** Pension and retirement income. | $ 0 | $ 0 |
| **7** Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose. Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $ 0 | $ 0 |

B 22C (Official Form 22C) (Chapter 13) (04/13)

| | | | |
|---|---|---|---|
| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below: <br><br> Unemployment compensation claimed to be a benefit under the Social Security Act   Debtor $   0   Spouse $   0 | $ 0 | $ 0 |
| 9 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include alimony or separate maintenance payments paid by your spouse, but include all other payments of alimony or separate maintenance. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism.** <br><br> a.         $ 0 <br> b.         $ 0 | $ 0 | $ 0 |
| 10 | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | $ 560.00 | $ 4,948.00 |
| 11 | **Total.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | $ 5,508.00 | |

## Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| | | |
|---|---|---|
| 12 | **Enter the amount from Line 11.** | $ 5,508.00 |
| 13 | **Marital adjustment.** If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter on Line 13 the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents and specify, in the lines below, the basis for excluding this income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. <br><br> a.         $ <br> b.         $ <br> c.         $ <br><br> Total and enter on Line 13. | $ 0 |
| 14 | **Subtract Line 13 from Line 12 and enter the result.** | $ 5,508.00 |
| 15 | **Annualized current monthly income for § 1325(b)(4).** Multiply the amount from Line 14 by the number 12 and enter the result. | $ 66,960.00 |
| 16 | **Applicable median family income.** Enter the median family income for applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) <br><br> a. Enter debtor's state of residence: _CA_     b. Enter debtor's household size: _2_ | $ 72,970.00 |
| 17 | **Application of § 1325(b)(4).** Check the applicable box and proceed as directed. <br><br> ☑ The amount on Line 15 is less than the amount on Line 16. Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement. <br><br> ☐ The amount on Line 15 is not less than the amount on Line 16. Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. | |

## Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| | | |
|---|---|---|
| 18 | **Enter the amount from Line 11.** | $ 5,508.00 |

B 22C (Official Form 22C) (Chapter 13) (04/13)    3

| | | | |
|---|---|---|---|
| 19 | **Marital adjustment.** If you are married, but are not filing jointly with your spouse, enter on Line 19 the total of any income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | | |

| | | | |
|---|---|---|---|
| | a. | | $ 0 |
| | b. | | $ 0 |
| | c. | | $ 0 |
| | Total and enter on Line 19. | | $ 0 |

| | | |
|---|---|---|
| 20 | **Current monthly income for § 1325(b)(3).** Subtract Line 19 from Line 18 and enter the result. | $ 5,508.00 |
| 21 | **Annualized current monthly income for § 1325(b)(3).** Multiply the amount from Line 20 by the number 12 and enter the result. | $ 66,960.00 |
| 22 | **Applicable median family income.** Enter the amount from Line 16. | $ 72,970.00 |
| 23 | **Application of § 1325(b)(3).** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 21 is more than the amount on Line 22.** Check the box for "Disposable income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement.<br><br>☑ **The amount on Line 21 is not more than the amount on Line 22.** Check the box for "Disposable income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement. **Do not complete Parts IV, V, or VI.** | |

## Part IV. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| | | |
|---|---|---|
| 24A | **National Standards: food, apparel and services, housekeeping supplies, personal care, and miscellaneous.** Enter in Line 24A the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable number of persons. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ |

| | | |
|---|---|---|
| 24B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 24B. | $ |

| Persons under 65 years of age | | Persons 65 years of age or older | |
|---|---|---|---|
| a1. | Allowance per person | a2. | Allowance per person |
| b1. | Number of persons | b2. | Number of persons |
| c1. | Subtotal | c2. | Subtotal |

| | | |
|---|---|---|
| 25A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ |

B 22C (Official Form 22C) (Chapter 13) (04/13)                                                                          4

| 25B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B. **Do not enter an amount less than zero.** | | |
|---|---|---|---|
| | a. | IRS Housing and Utilities Standards; mortgage/rent expense | $ | |
| | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47 | $ | |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a. | $ |

| 26 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below:<br><br>_____<br>_____<br>_____ | $ |
|---|---|---|

| 27A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7. ☐ 0 ☐ 1 ☐ 2 or more.<br><br>If you checked 0, enter on Line 27A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 27A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
|---|---|---|

| 27B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 27B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
|---|---|---|

| 28 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ☐ 1 ☐ 2 or more.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28. **Do not enter an amount less than zero.** | | |
|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs | $ | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47 | $ | |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $ |

B 22C (Official Form 22C) (Chapter 13) (04/13)                                                                    5

| 29 | Local Standards: transportation ownership/lease expense; Vehicle 2. Complete this Line only if you checked the "2 or more" Box in Line 28. <br><br> Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29. **Do not enter an amount less than zero.** | | |
|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs | $ | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 47 | $ | |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $ |

| 30 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate and sales taxes, such as income taxes, self-employment taxes, social-security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ |
|---|---|---|
| 31 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ |
| 32 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |
| 33 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 49.** | $ |
| 34 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 35 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare—such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ |
| 36 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 24B. **Do not include payments for health insurance or health savings accounts listed in Line 39.** | $ |
| 37 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service—such as pagers, call waiting, caller id, special long distance, or internet service—to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ |
| 38 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 24 through 37. | $ |

| **Subpart B: Additional Living Expense Deductions** |
|---|
| **Note: Do not include any expenses that you have listed in Lines 24-37** |

B 22C (Official Form 22C) (Chapter 13) (04/13)                                                                                  6

| | | | | |
|---|---|---|---|---|
| **39** | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | | | |
| | a. | Health Insurance | $ | |
| | b. | Disability Insurance | $ | |
| | c. | Health Savings Account | $ | |
| | Total and enter on Line 39 | | | $ |
| | If you do not actually **expend** this total amount, state your actual total average monthly expenditures in the space below: <br> $ _____ | | | |
| **40** | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. **Do not include payments listed in Line 34.** | | | $ |
| **41** | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incur to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | | | $ |
| **42** | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | | | $ |
| **43** | **Education expenses for dependent children under 18.** Enter the total average monthly expenses that you actually incur, not to exceed $156.25 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | | | $ |
| **44** | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | | | $ |
| **45** | **Charitable contributions.** Enter the amount reasonably necessary for you to expend each month on charitable contributions in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). **Do not include any amount in excess of 15% of your gross monthly income.** | | | $ |
| **46** | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 39 through 45. | | | $ |

### Subpart C: Deductions for Debt Payment

| | | | | |
|---|---|---|---|---|
| **47** | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 47. | | | |

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. | | | $ | ☐ yes ☐ no |
| b. | | | $ | ☐ yes ☐ no |
| c. | | | $ | ☐ yes ☐ no |
| | | | Total: Add Lines a, b, and c | $ |

B 22C (Official Form 22C) (Chapter 13) (04/13)                                                                 7

| 48 | **Other payments on secured claims.** If any of debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | | |
|---|---|---|---|

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $ |
| b. | | | $ |
| c. | | | $ |
| | | | Total: Add Lines a, b, and c | $ |

| 49 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 33.** | $ |
|---|---|---|

| 50 | **Chapter 13 administrative expenses.** Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense. | | |
|---|---|---|---|
| | a. | Projected average monthly chapter 13 plan payment. | $ |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x |
| | c. | Average monthly administrative expense of chapter 13 case | Total: Multiply Lines a and b | $ |

| 51 | **Total Deductions for Debt Payment.** Enter the total of Lines 47 through 50. | $ |
|---|---|---|

## Subpart D: Total Deductions from Income

| 52 | **Total of all deductions from income.** Enter the total of Lines 38, 46, and 51. | $ |
|---|---|---|

## Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2)

| 53 | **Total current monthly income.** Enter the amount from Line 20. | $ |
|---|---|---|
| 54 | **Support income.** Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | $ |
| 55 | **Qualified retirement deductions.** Enter the monthly total of (a) all amounts withheld by your employer from wages as contributions for qualified retirement plans, as specified in § 541(b)(7) and (b) all required repayments of loans from retirement plans, as specified in § 362(b)(19). | $ |
| 56 | **Total of all deductions allowed under § 707(b)(2).** Enter the amount from Line 52. | $ |
| 57 | **Deduction for special circumstances.** If there are special circumstances that justify additional expenses for which there is no reasonable alternative, describe the special circumstances and the resulting expenses in lines a-c below. If necessary, list additional entries on a separate page. Total the expenses and enter the total in Line 57. **You must provide your case trustee with documentation of these expenses and you must provide a detailed explanation of the special circumstances that make such expenses necessary and reasonable.** | |

| | Nature of special circumstances | Amount of expense |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| | | Total: Add Lines a, b, and c | $ |

B 22C (Official Form 22C) (Chapter 13) (04/13)                                                                8

| 58 | **Total adjustments to determine disposable income.** Add the amounts on Lines 54, 55, 56, and 57 and enter the result. | $ |
|----|----|----|
| 59 | **Monthly Disposable Income Under § 1325(b)(2).** Subtract Line 58 from Line 53 and enter the result. | $ |

## Part VI: ADDITIONAL EXPENSE CLAIMS

| 60 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I).  If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item.  Total the expenses. | |
|----|----|----|

| | Expense Description | Monthly Amount |
|----|----|----|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| | Total:  Add Lines a, b, and c | $ |

## Part VII: VERIFICATION

| 61 | I declare under penalty of perjury that the information provided in this statement is true and correct.  *(If this is a joint case, both debtors must sign.)* |
|----|----|

Date: _August 5, 2014_                         Signature: _Judy Marie Kerns_
                                                                 *(Debtor)*

Date: _____                     Signature: _____
                                                                 *(Joint Debtor, if any)*

Verfication of Creditor Mailing List - (Rev. 10/05)                                                    2005 USBC, Central District of California

## MASTER MAILING LIST
### Verification Pursuant to Local Bankruptcy Rule 1007-2(d)

Name _____

Address _____

Telephone _____

☐ Attorney for Debtor(s)
■ Debtor in Pro Per

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| List all names including trade names used by Debtor(s) within last 8 years: NanCy Marie Horner | Case No.: |
| | Chapter:      13 |
| | |

## VERIFICATION OF CREDITOR MAILING LIST

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of __4__ sheet(s) is complete, correct, and consistent with the debtor's schedules pursuant to Local Rule 1007-2(d) and I/we assume all responsibility for errors and omissions.

Date: _August 5, 2014_                   _Nancy Marie Horner_
                                          NanCy Marie Horner
                                          Signature of Debtor

Date: _____            _____
                                          Signature of Debtor

Date: _____            _____
                                          Signature of Attorney

NanCy Marie Horner
320 11th Street
Huntington Beach, CA 92648

3368, LLC
160 East Selandia Lane
Carson, CA 90746

ACI
308 N Locust Street
Grand Island, NE 68801

Advanta Credit Cards
PO Box 9217
Old Bethpage, NY 11804

Athens Services
PO Box 60009
City of Industry, CA 91716

Nationstar Mortgage LLC
350 Highland Drive
Lewisville, TX 75067

Bank of America
PO Box 15026
Wilmington, DE 19850


Bank of America
PO Box 17054
Wilmington, DE 19850


Bank of America
PO Box 17054
Wilmington, DE 19850

William B. Bennett
P.O. Box 7273
Santa Monica, CA 90406


Financial Credit Network
1300 W Main
Visalia, CA 93277

The Wolf Firm, Trustee
2955 Main Street
2nd Floor
Irvine, CA 92614

HSBC
Po Box 15521
Wilmington, DE 19805


Investment Retrievers
4511 Golden Foothill
El Dorado Hills, CA 95762

Investment Retrievers
4511 Golden Foothill
El Dorado Hills, CA 95762

Investment Retrievers
4511 Golden Foothill
El Dorado Hills, CA 95762

*Lehman Brothers Bank FSB*
*d/k/a Aurora Bank FSB*
*c/o Aurora Commercial Corporation*
*10350 Park Meadows Drive*
*Littleton, CO 80124*

Konica Minolta Business Solutions
100 Williams Drive
Ramsey, NJ 07446

LVNV FUNDING, LLC
PO BOX 10497
Greenville, SC 29603

LVNV FUNDING, LLC
PO BOX 10497
Greenville, SC 29603

Medicredit
3 City Pl Dr
Suite 690
Saint Louis, MO 63141

Nordstrom
PO Box 13589
Scottsdale, AZ 85267

Portfolio Recovery Services
120 CORPORATE BLVD STE 100
Norfolk, VA 23502

Aurora Loan Services LLC
C/o Aurora Commercial Corporation
10350 Park Meadows Drive
Littleton, CO 80124

Accounts Receivable Management, Inc.
P.O. Box 129
Thorofare, NJ 08086-0129

US Bank
13010 SW 6th Parkway Suite 100
Portland, OR 97223

Wells Fargo
Po Box 3117
Winston Salem, NC 27102

County of Orange
Attn: Treasurer - Tax Collector
P.O. Box 1438
Santa Ana, CA 92702-1438

WEST ASSET MANAGEMENT
2703 N HIGHWAY 75
Sherman, TX 75092

# EXHIBIT "19"

Case 8:15-cv-01129-GJS-DFM   Document 29   Filed 11/06/15   Page 201 of 214   Page ID
Case 8:14-bk-14846-TA   Doc 28   Filed 12/18/14   Entered 12/18/14 16:08:38   Desc 196
van23:DismFail341(OptionA)   Page 1 of 1

# United States Bankruptcy Court
## Central District Of California

411 West Fourth Street, Suite 2030, Santa Ana, CA 92701-4593

## ORDER AND NOTICE OF DISMISSAL FOR FAILURE TO APPEAR
## AT 341(a) MEETING OF CREDITORS

**DEBTOR INFORMATION:**
Nancy Marie Horner

**BANKRUPTCY NO.**  8:14-bk-14846-TA

**CHAPTER**  7

Last four digits of Social-Security or Individual Taxpayer-Identification (ITIN) No(s)., (if any):  xxx-xx-6890
Employer Tax-Identification (EIN) No(s).(if any):  N/A
Debtor Dismissal Date: 12/18/14

**Address:**
320 11th Street
Huntington Beach, CA 92648

The above debtor(s) has **FAILED TO APPEAR** for examination at the initial Section 341(a) meeting of creditors and any continuance thereof:

It is ordered:

1)   The case is dismissed, the automatic stay is vacated, and all pending motions and adversary proceedings are moot and dismissed.

2)   Any discharge entered in this case is hereby vacated in its entirety.

3)   The Court retains jurisdiction on all issues arising under Bankruptcy Code § 110, 329 and 362.

Dated: December 18, 2014

For The Court,
**Kathleen J. Campbell**
Clerk of Court

(Form van23a-odmwab VAN-23) Rev. 11/09

28 / BEE

# EXHIBIT "20"

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

15.00

2015000002495 03:28pm 01/05/15
9D 402 M09 F13 3
0.00 0.00 0.00 0.00 6.00 0.00 0.00 0.00

Recording Requested By and When Recorded Mail To:

Michel Bartolotta
468 E. Shoreline Drive
Long Beach, CA 90802

Space above this line for recorder's use only
(To be recorded in the county recorder's office
in the county in which the property is located)

# MECHANICS LIEN

**NOTICE IS HEREBY GIVEN** that Claimant   Michel Bartolotta

468 E. Shoreline Drive; Long Beach, CA 90802

_____ (legal name and address), claims a lien for labor, service, equipment, or material under Section 8000 et. seq. of the Civil Code of the State of California, upon the premises hereinafter described, and upon every estate or interest in such structures, improvements and premises held by any party holding any estate therein.  The work was furnished for the construction of those certain buildings, improvements, or structures, now upon that certain parcel of land situated in the County of ___Orange___, State of California, said land described as follows:

**STREET ADDRESS:** 320 11ᵗʰ STREET   HUNTINGTON BEACH   CA   92648
    and/or

**LEGAL DESCRIPTION:**

DEMOLITION, INSTILLATION, WOODWORKING, CARPENTRY, PLASTRING, PLUMBING, PRINTIN

The lien is claimed for the following labor, services, equipment or materials furnished by the Claimant:
Labor, skills and services for work of improvement and repair including but not limited to _____ (describe generally).  Claimant is owed $ 1,752,080.00 _____ for work furnished to the work of improvement, after deducting all just credits and offsets, plus interest at the legal rate from the date of this lien.

The name of the person or company by whom Claimant was employed, or to whom Claimant furnished the work is:  Michel Bartolotta

The name(s) and address(es) of the owner(s) or reputed owner(s) of the real property is/are:
NanCy M. Homer; 320 11th Street; Huntington Beach, CA  92648

Name of Claimant:   Michel Bartolotta

Date:  January 5, 2015

By: *Michel Bartolotta*
            Signature
        Michel Bartolotta, Claimant
            Print Name & Authorized Capacity

## Verification

I, the undersigned, declare: I am the ___CLAIMANT___ _____ (authorized capacity/title), for the Claimant named in the foregoing claim of mechanics lien:  I am authorized to make this verification for the Claimant:  I have read the foregoing claim of mechanics lien and know the contents thereof, and the same is true of my knowledge.  I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on  January 5  , 20 15  at  Huntington Beach , California. *Michel Bartolotta*
                                    Signature of Claimant or Authorized Agent

C&B Forms - revised March 2012 – effective July 1, 2012

Page One

Page:1 of 3

## NOTICE OF MECHANICS LIEN
### ATTENTION!
(Civil Code § 8416)

Upon the recording of the enclosed MECHANICS LIEN with the County Recorder's Office of the county where the property is located, your property is subject to the filing of a legal action seeking a court-ordered foreclosure sale of the real property on which the lien has been recorded.  That legal action must be filed with the court no later than 90 days after the date the mechanics lien is recorded.

The party identified in the mechanics lien may have provided labor or materials for improvements to your property and may not have been paid for these items.  You are receiving this notice because it is a required step in filing a mechanics lien foreclosure action against your property.  The foreclosure action will seek a sale of your property in order to pay for unpaid labor, materials, or improvements provided to your property.  This may affect your ability to borrow against, refinance, or sell the property until the mechanics lien is released.

BECAUSE THE LIEN AFFECTS YOUR PROPERTY, YOU MAY WISH TO SPEAK WITH YOUR CONTRACTOR IMMEDIATELY, OR CONTACT AN ATTORNEY, OR FOR MORE INFORMATION ON MECHANICS LIENS GO TO THE CONTRACTORS STATE LICENSE BOARD WEBSITE AT www.cslb.ca.gov.

C&B Forms – revised March 2012 – effective July 1, 2012

Page Two

## PROOF OF SERVICE AFFIDAVIT
### California Civil Code section 8416

Failure to serve the Mechanics Lien and Notice of Mechanics Lien on the owner, or alternatively if the owner cannot be served on the lender or original contractor, shall cause the Mechanics Lien to be unenforceable as a matter of law (Civil Code Section 8416(e)).  Service of the Mechanics Lien and Notice of Mechanics Lien must be by (1) registered mail, (2) certified mail, or (3) first-class mail evidenced by a certificate of mailing, postage prepaid, and to a residence or business address for the owner, lender or contractor.  Further, a Proof of Service Affidavit (below) must be completed and signed by the person serving the Mechanics Lien and Notice of Mechanics Lien.  This page should be completed (either one of the sections below) and recorded with the County Recorder along with the Mechanics Lien and Notice of Mechanics Lien.

### AFFIDAVIT FOR SERVICE ON THE OWNER

California Civil Code Section 8416 (a)(7) and (c)(1)

I, __Michel Bartolotta_____(name), declare that I served a copy of this Mechanics Lien and Notice of Mechanics Lien by registered mail, certified mail, or first-class mail evidenced by a certificate of mailing, postage prepaid, addressed as follows to the owner(s) or reputed owner(s) of the property:

Company /Person served: __NanCy M. Horner_____

Title or capacity of person or entity served: __Owner_____

Service Address: __320 11th Street; Huntington Beach, CA  92648_____

Said service address is the owner's residence, place of business, or address shown by the building permit on file with the permitting authority for the work or the address identified on the construct trust deed.

Executed on __January 5_____, 20 __15__ (date), at _Huntington Beach_ (city), California.

By: _____
   (signature of person serving)

### ALTERNATE AFFIDAVIT FOR SERVICE ON THE CONSTRUCTION LENDER OR ORIGINAL CONTRACTOR

California Civil Code Section 8416 (a)(7) and (c)(2)

I, _____(name), declare that that the owner or reputed owner cannot be served with a copy of this Mechanics Lien and Notice of mechanics Lien by registered mail, certified mail, or first-class mail.  Pursuant to California Civil Code section 8416, I served a copy of this Mechanics Lien and Notice of Mechanics Lien by registered mail, certified mail, or first-class mail evidenced by a certificate of mailing, postage prepaid, addressed as follows to the construction lender or original contractor as follows:

Company /Person served: _____

Title or capacity of person served (if appropriate):_____

Service Address: _____

Executed on_____, 20____ (date), at _____(city), California.

By:_____
   (signature of person serving)

C&B Forms – revised March 2012 – effective July 1, 2012                                    Page Three

# EXHIBIT "21"

RECORDING REQUESTED BY
The Wolf Firm

AND WHEN RECORDED MAIL TO:
The Wolf Firm
2955 Main Street, 2nd Floor
Irvine, California 92614
Phone: (949) 720-9200
Foreclosure Dept. Fax (949) 608-0130

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

30.00

* $ R 0 0 0 7 6 2 5 2 2 6 $ *
2015000324268 4:04 pm 06/22/15
105 404 N34 F13   8
0.00 0.00 0.00 0.00 21.00 0.00 0.00 0.00

---

T.S. No. 12-3260-11

7238507

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## NOTICE OF TRUSTEE'S SALE

**NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED**
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
**NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY**

**PLEASE NOTE THAT PURSUANT TO CIVIL CODE § 2923.3(d)(1) THE ABOVE STATEMENT IS REQUIRED TO APPEAR ON THIS DOCUMENT BUT PURSUANT TO CIVIL CODE § 2923.3(a) THE SUMMARY OF INFORMATION IS NOT REQUIRED TO BE RECORDED OR PUBLISHED AND THE SUMMARY OF INFORMATION NEED ONLY BE MAILED TO THE MORTGAGOR OR TRUSTOR.**

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 7/13/2005. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described below.  The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below.  The amount may be greater on the day of sale.

Trustor: **NANCY M. HORNER, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY**
Duly Appointed Trustee: **THE WOLF FIRM, A LAW CORPORATION**
Recorded 7/19/2005 as Instrument No. 2005000556524  of Official Records in the office of the Recorder of **Orange** County, California,
Street Address or other common designation of  real property:      **320 11TH STREET**
                                                                    **HUNTINGTON BEACH, CA 92648**

A.P.N.: **024-111-03**

Page:1 of 8

Date of Sale: 7/20/2015 at 1:30 PM
Place of Sale:    At the North front entrance to the County Courthouse at 700 Civic Center Drive West, Santa Ana, CA.

Amount of unpaid balance and other charges:  $1,037,181.71, estimated

The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above.  If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Sale.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call (916) 939-0772 or visit this Internet Web site www.nationwideposting.com, using the file number assigned to this case 12-3260-11. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

Date:  6/22/2015

THE WOLF FIRM, A LAW CORPORATION
2955 Main Street, 2nd Floor
Irvine, California  92614
Foreclosure Department (949) 720-9200
Sale Information Only: (916) 939-0772 www.nationwideposting.com

Sindy Clements, Foreclosure Officer

**Summary of Notice of Sale**

NOTICE OF SALE
SUMMARY OF KEY INFORMATION

The attached notice of sale was sent to NANCY M. HORNER, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY, in relation to 320 11TH STREET, HUNTINGTON BEACH, CA 92648.

YOU ARE IN DEFAULT UNDER A DEED OF TRUST OR MORTGAGE DATED 7/13/2005.  UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.

IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

The total amount due in the notice of sale is $1,037,181.71.

Your property is scheduled to be sold on 7/20/2015 at 1:30 PM at At the North front entrance to the County Courthouse at 700 Civic Center Drive West, Santa Ana, CA.

However, the sale date shown on the attached notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code.  The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call  or visit this Internet Web site address , using the file number assigned to this case 12-3260-11.  Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site.  The best way to verify postponement information is to attend the scheduled sale.

If you would like additional copies of this summary, you may obtain them by calling (949) 720-9200.

出售通知
關鍵信息摘要

本文中包含的有關 320 11TH STREET, HUNTINGTON BEACH, CA 92648

的出售通知發送給NANCY M. HORNER, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY.

你的 DEED OF TRUST OR MORTGAGE 於7/13/2005 已經逾期違約。

除非你採取行動保護你的房產，否則該房產將被公開出售。

如果你需要了解對你的訴訟程序的性質，應該聯系一名律師。

法拍書面通知的總金額是$1,037,181.71。

你的房產預計出售的時間7/20/2015。你的房產預計出售的時間1:30 PM 出售地點 At the North front entrance to the County Courthouse at 700 Civic Center Drive West, Santa Ana, CA.
。

然而，根據加州民法第2924g，本文中包含的法拍書面通知上顯示的出售日期可能會被抵押權人，受益人，受托人，或法院一次或多次推遲。該法規定，作為對不在法拍現場人士的一種寬限，有關受托人推遲出售的信息要提供給你和公眾。如果你想了解你的房產出售日期是否已被推遲，以及（如適用）重新安排的法拍時間和日期，可致電 或訪問互聯網網址，用指定的檔案編號 12-3260-11 查找。

關於推遲法拍的信息，持續時間會很短，或僅在預定法拍時間前不久發布，可能不會立即反映在電話信息或互聯網的網址上。最好驗証推遲信息的方法是，出席預定的拍賣。

如果你想獲得更多的本摘要副本，請撥打下列電話(949) 720-9200。

매각 공고

주요 정보 요약

첨부된 매각 공고는 NANCY M. HORNER, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY 에게 발송되는 것이며, 이는 320 11TH STREET, HUNTINGTON BEACH, CA 92648 에 관한 것입니다.

귀하는7/13/2005 현재 날짜로 DEED OF TRUST OR MORTGAGE하에서 채무 불이행 상태입니다. 귀하의 부동산을 보호하기 위해 조치를 취하시지 않는 한, 귀하의 부동산은 공매로 매각 처분될 수 있습니다. 귀하에게 취해지는 이러한 법적 절차에 대한 설명이 필요하신 경우 변호사와 상담하십시오.

매각 공고에서 지불되어야 할 총액은$1,037,181.71 입니다.

귀하의 부동산은7/20/2015 1:30 PM 에 At the North front entrance to the County Courthouse at 700 Civic Center Drive West, Santa Ana, CA. 에서 매각되기로 일정이 잡혀 있습니다.

그러나 캘리포니아주 민법 2924g항에 준하여, 첨부된 매각 공고에 나타난 매각 일자는 저당권자, 신탁수익자, 수탁자, 또는 법정에 의해 한 번 이상 연기될 수 있습니다. 법에 따라, 수탁자 매각 연기에 관한 정보는 매각에 참석하지 않는 사람들에 대한 호의로서 귀하 및 일반 대중에게 제공되어야 합니다. 매각 일자가 연기되었는 지, 그리고 해당되는 경우 이 부동산의 연기된 매각 일자 및 시간에 대해 알기 원하시는 경우, 로 전화하시거나 또는 웹사이트 주소 를 방문해 본 사례 배정 파일 번 12-3260-11 를 사용하시면 됩니다.

매우 짧은 기간의 연기 또는 매각 일정과 가까운 시간에 발생하는 연기는 정보 안내 전화나 인터넷 웹사이트에 즉각적으로 나타나지 않을 수 있습니다. 연기 정보를 확인하는 최선의 방법은 매각 예정일에 참석하는 것입니다.

본 요약서의 추가적인 사본을 원하시는 경우, (949) 720-9200 (으)로 전화하시면 보내드립니다.

AVISO DE VENTA
RESUMEN DE LA INFORMACIÓN CLAVE

El aviso de venta adjunto se envió a NANCY M. HORNER, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY, en relación con 320 11TH STREET, HUNTINGTON BEACH, CA 92648

USTED HA INCUMPLIDO LOS TÉRMINOS DE UNA DEED OF TRUST OR MORTGAGE DE FECHA 7/13/2005. SI NO TOMA MEDIDAS PARA PROTEGER SU PROPIEDAD, PODRÁ SER VENDIDO EN UNA SUBASTA PÚBLICA.

SI USTED NECESITA QUE LE EXPLIQUEN LA NATURALEZA DEL PROCEDIMIENTO EN SU CONTRA, DEBE CONSULTAR A UN ABOGADO.

El importe total adeudado correspondiente al aviso de venta es $1,037,181.71.

La subasta de la propiedad se ha programado para el día 7/20/2015 1:30 PM en At the North front entrance to the County Courthouse at 700 Civic Center Drive West, Santa Ana, CA.

No obstante, conforme al Artículo 2924g del Código Civil de California, la fecha de la subasta que figura en el aviso adjunto podrá ser postergada una o más veces por el acreedor hipotecario, el beneficiario, el fideicomisario o un tribunal. La ley exige que, como cortesía para quienes no hayan asistido a la subasta, la información sobre las postergaciones solicitadas por el fideicomisario se ponga a disposición suya y del público en general. Si desea saber si la subasta de su propiedad se ha postergado, y, en tal caso, la nueva fecha propuesta para la subasta de esta propiedad, puede llamar al teléfono  o visitar el sitio web , usando el número de registro asignado a este caso 12-3260-11.

Es posible que la información sobre las postergaciones por plazos muy breves o decididas muy próximo a la fecha programada para la subasta no figuren en la información que se ofrece por teléfono o en el sitio web. La mejor forma de verificar la información sobre las postergaciones es asistir a la subasta que se ha programado.

Si desea recibir copias adicionales de este resumen, puede llamar al teléfono (949) 720-9200.

PABATID NG PAGBEBENTA
BUOD NG PANGUNAHING IMPORMASYON

Ang nakakalip na notice of sale (pabatid ng pagbebenta) ay ipinadala kay NANCY M. HORNER, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY, bilang kaugnayan sa 320 11TH STREET, HUNTINGTON BEACH, CA 92648.

IKAW AY HINDI NAKABAYAD SA ILALIM NG DEED OF TRUST OR MORTGAGE NA MAY PETSA NA 7/13/2005. MALIBAN KUNG KAYO AY KUMILOS UPANG MAPROTEKTAHAN ANG INYONG ARI-ARIAN, MAAARI ITONG IBENTA SA ISANG PAMPUBLIKONG PAGBEBENTA.

KUNG KINAKAILANGAN NINYO NG PAGPAPALIWANAG SA KALIKASAN NG PAGLILITIS LABAN SA INYO, KAILANGAN NINYONG MAKIPAG-UGNAYAN SA ISANG ABOGADO.

Ang kabuuang halaga na dapat bayaran sa notice of sale (pabatid ng pagbebenta) ay $1,037,181.71.

Ang inyong ari-arian ay nakatakdang ibenta sa 7/20/2015 1:30 PM sa At the North front entrance to the County Courthouse at 700 Civic Center Drive West, Santa Ana, CA.

Gayunman, ang petsa ng pagbebenta na ipinapakita sa nakalakip na notice of sale (pabatid ng pagbebenta) ay maaaring maantala ng isa o mas marami pang beses ng nagkaloob ng isinangla, benepisyaryo, pinagkatiwalaan, o ng korte, alinsunod sa Seksyon 2924g ng Kodigong Sibil ng California. Hinihiling ng batas na ang impormasyon tungkol sa mga pagpaantala sa pagbebenta ng pinagkatiwalaan ay handang maibigay sa inyo at sa publiko, bilang isang kagandahang-loob doon sa mga hindi makakadalo sa bentahan. Kung nais ninyong malaman kung naantala ang inyong petsa ng pagbebenta, at kung naaangkop, ang natakda muli na oras at petsa sa bentahan ng ari-arian, maaari kayong tumawag sa  o bumisita dito sa Internet Web site address  gamit ang numero ng file na itinalaga sa kasong ito 12-3260-11.  Impormasyon tungkol sa mga pagpaaantala sa loob ng maikling panahon o maaaring maganap kalapit ng itinakdang pagbebenta ay maaaring hindi kaagad masaad sa impormasyon mula sa telepono o sa Internet Web site.  Ang pinakamainam na paraan upang mapatotohanan ang impormasyon sa pagpaaantala ng petsa ay ang pagdalo sa nakatakdang petsa ng bentahan.

Kung nais ninyo ng karagdagang mga kopya ng buod na ito, maaari ninyong makuha ang mga ito sa pamamagitna ng pagtawag sa (949) 720-9200.

THÔNG BÁO BÁN
BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN CHÍNH

Thông báo rao bán kèm theo được gửi tới cho NANCY M. HORNER, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY, liên quan đến 320 11TH STREET, HUNTINGTON BEACH, CA 92648

QUÝ VỊ VI PHẠM QUY ĐỊNH GHI THEO DEED OF TRUST OR MORTGAGE NGÀY 7/13/2005.  TRỪ KHI QUÝ VỊ CÓ HÀNH ĐỘNG BẢO VỆ CĂN NHÀ CỦA QUÝ VỊ, CĂN NHÀ CÓ THỂ BỊ BÁN CÔNG KHAI.

NẾU QUÝ VỊ CẦN  LỜI GIẢI THÍCH VỀ TÍNH CHẤT CỦA THỦ TỤC CHỐNG LẠI QUÝ VỊ, QUÝ VỊ NÊN LIÊN LẠC VỚI MỘT LUẬT SƯ.

Toàn bộ số tiền phải trả trong thông báo bán là $1,037,181.71.

Căn nhà của quý vị được dự kiến sẽ bán vào 7/20/2015  1:30 PM tại At the North front entrance to the County Courthouse at 700 Civic Center Drive West, Santa Ana, CA.

Tuy nhiên, ngày bán ghi trong thông báo bán kèm theo có thể bị trì hoãn một hoặc nhiều lần bởi bên cho vay thế chấp, người thụ hưởng, người được ủy quyền, hoặc tòa án, chiếu theo Mục 2924g của Bộ Luật Dân Sự California. Luật pháp quy định thông tin về các trường hợp trì hoãn bán nhà của bên được ủy quyền phải được cung cấp cho quý vị và công chúng, để cập nhật cho những người không có mặt tại buổi rao bán. Nếu quý vị muốn biết ngày rao bán của quý vị có bị trì hoãn hay không, và, nếu thích hợp, ngày giờ mới cho việc rao bán căn nhà này, quý vị có thể gọi 916-939-0772 hoặc tới địa chỉ Internet này www.nationwideposting.com dựa trên mã số hồ sơ được ấn định cho vụ này 12-3260-11. Thông tin về các trường hợp trì hoãn rất ngắn hoặc xảy ra ngay sát ngày rao bán dự kiến có thể không được phản ánh ngay trong thông tin cung cấp qua điện thoại hoặc trên Internet. Cách tốt nhất để xác minh thông tin trì hoãn là tham dự buổi rao bán đã ấn định.

Nếu quý vị muốn có thêm bản sao của tài liệu trình bày tóm lược này, vui lòng gọi số (949) 720-9200.