1 │ GREEN & HALL, A Professional Corporation
  │ HOWARD D. HALL, State Bar No. 145024
2 │   *hdhall@greenhall.com*
  │ JERED T. EDE, State Bar No. 273440
3 │   *jede@greenhall.com*
  │ 1851 East First Street, 10th Floor
4 │ Santa Ana, California 92705-4052
  │ Telephone: (714) 918-7000
5 │ Facsimile: (714) 918-6996
6 │ Attorneys for Defendant
  │ NATIONSTAR MORTGAGE LLC
7 │

8 │ ## UNITED STATES DISTRICT COURT

9 │ ## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

10 │

| NANCY M. HORNER, | CASE NO. 8:15-cv-01129-CJC-DFM |
|---|---|
| Plaintiff, | JUDGE: Hon. Cormac J. Carney<br>CTRM: 9B |
| vs. | **NOTICE OF MOTION AND** |
| THE WOLF FIRM, A LAW CORPORATION and NATIONSTAR MORTGAGE LLC, | **MOTION OF NATIONSTAR MORTGAGE LLC TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| Defendants. | DATE:      December 7, 2015<br>TIME:      1:30 p.m.<br>CRTRM.: 9B |
| | TRIAL DATE:    None Set |

21 │ **TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

22 │ **PLEASE TAKE NOTICE THAT** on December 7, 2015, at 1:30 p.m., or as

23 │ soon thereafter as counsel may be heard, in the courtroom of the Honorable Cormac

24 │ J. Carney, courtroom 9B, located in the United States Courthouse, 411 West Fourth

25 │ Street, Santa Ana, CA 92701-4516, NATIONSTAR MORTGAGE LLC

26 │ ("Nationstar") will and hereby does move this Court to DISMISS PLAINTIFF'S

27 │ COMPLAINT.

28 │ / / /

1  Nationstar moves the Court to dismiss Plaintiff's claims pursuant to Fed. R. Civ.

2  P. 12(b)(6) on the grounds that the Amended Complaint fails to state any claim against

3  Nationstar upon which relief may be granted.

4  By this Motion, Nationstar seeks an Order from the Court granting the following

5  relief:

6  1.  Dismissing Nationstar from Plaintiff's First Cause of Action for "Breach

7  of Contract" because Plaintiff has failed to state a claim against Nationstar upon which

8  relief may be granted.

9  2.  Dismissing Nationstar from Plaintiff's Second Cause of Action for

10 "Negligent Misrepresentation" because Plaintiff has failed to state a claim against

11 Nationstar upon which relief may be granted.

12 3.  Dismissing Nationstar from Plaintiff's Third Cause of Action for

13 "Violation of California Civil Code 2924.17" because Plaintiff has failed to state a

14 claim against Nationstar upon which relief may be granted.

15 4.  Dismissing Nationstar from Plaintiff's Fourth Cause of Action for

16 "Enforcement of Truth in Lending Act Rescission §1635 et. seq." because Plaintiff has

17 failed to state a claim against Nationstar upon which relief may be granted.

18 5.  Dismissing Nationstar from Plaintiff's Fifth Cause of Action for

19 "Permanent Injunction" because Plaintiff has failed to state a claim against Nationstar

20 upon which relief may be granted.

21 This Motion is based on this Notice of Motion, the attached Memorandum of

22 Points and Authorities, all of the pleadings, files, and records in this proceeding, all

23 other matters of which the Court may take judicial notice, and any argument or

24 evidence that may be presented to or considered by the Court prior to its ruling.

25 / / /

26 / / /

27 / / /

28 / / /

MOTION TO DISMISS COMPLAINT

P:\DOCS\Nationstar.Horner(Refiler)\Pleadings\Mtn.Dismiss.docx

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1         This Motion is made following defense counsel's conference of counsel pursuant

2    to L.R. 7-3, which took place on October 6, 2015.

3

4    DATED:  November **6** , 2015        GREEN & HALL, A Professional Corporation

5

6

7    By: _____

8            Howard D. Hall

9            Jered T. Ede

     Attorneys for Defendant

     NATIONSTAR MORTGAGE LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 8:15-cv-01129-CJC-DFM

MOTION TO DISMISS COMPLAINT

P:\DOCS\Nationstar.Horner(Refiler)\Pleadings\Mtn.Dismiss.docx

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

# **TABLE OF CONTENTS**

Page

I.   INTRODUCTION ............................................................................1

II.  FACTUAL BACKGROUND..........................................................2

Plaintiff's First Lawsuit.....................................................................2

Loan Assigned to Nationstar .............................................................3

Plaintiff's Second Lawsuit .................................................................3

Plaintiff's Husband Files Fraudulent Mechanics' Lien .....................3

Notice of Default and April 7, 2014 Trustee's Sale ..........................4

Plaintiff's Fourth Lawsuit .................................................................5

Plaintiff's Husband Files Second Fraudulent Mechanics' Lien ........5

The July 20, 2015 Trustee's Sale ......................................................5

Plaintiff's Fifth Lawsuit ....................................................................5

III. DISCUSSION.................................................................................6

  A.   The Applicable Legal Standard.................................................6

  B.   Plaintiff's Claims Are Barred by Res Judicata .......................7

  C.   Plaintiff's Claims Are Time Barred.......................................10

  A.   Plaintiff's Claims Fail as a Matter of Law Because Each is Based Upon a Legal Theory Rejected by California Courts............................11

  B.   Plaintiff's Claims Fail Where the Assignments are Valid.....13

  C.   Plaintiff Cannot Claim a Violation of *Civil Code* § 2924.17 Because the Property is Not Her Primary Residence, and Regardless, She Lacks Standing to Sue Under §2924.17 ....................15

  D.   Plaintiff's Breach of Contract Claim Fail Because Plaintiff Does not Adequately Allege the Existence of a Contractual Relationship, or the Performance of her own Contractual Obligations.............................................16

  E.   The Entirety of Plaintiff's Lawsuit Fails Because She has not Tendered the Balance Due Under her Loan .............................17

  F.   Plaintiff's Negligent Misrepresentation Claims Fails.............18

  D.   Plaintiff's TILA Rescission Claim is Time Barred and Meritless.........19

i

MOTION TO DISMISS COMPLAINT

P:\DOCS\Nationstar.Horner(Refiler)\Pleadings\Mtn.Dismiss.docx

GREEN&HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1       E.     Leave to Amend Would be Futile ........................................................20

2 IV.    CONCLUSION....................................................................................................21

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 8:15-cv-01129-CJC-DFM

MOTION TO DISMISS COMPLAINT

P:\DOCS\Nationstar.Horner(Refiler)\Pleadings\Mtn.Dismiss.docx

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

# TABLE OF AUTHORITIES

**Page**

## CASES

*Abdallah v. United States Bank*
    (1996) 43 Cal.App.4th 1101 ............................................................................ 17

*Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*
    158 Cal.App. 4th 226 (2007) ......................................................................... 18

*Arabia v. BAC Home Loans Serv., L.P.,*
    (2012) 208 Cal.App. 4th 462 ........................................................................ 12

*Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.*
    (2004) 116 Cal. App. 4th 1375, n.6 ............................................................... 16

*Arnolds Management Corp. v. Eischen*
    (1984) 158 Cal.App.3d 575 .......................................................................... 17

*Ashcroft v. Iqbal,*
    556 U.S. 662, 129 S. Ct. 1937 (2009)............................................................ 6

*Balistreri v. Pacifica Police Dep't.,*
    901 F.2d 696 (9th Cir. 1990)......................................................................... 6

*Bell Atlantic Corporation v. Twombly,*
    550 U.S. 544, 554-63, 127 S. Ct. 1955 (2007)............................................... 6

*Bly-Magee v. California*
    236 F.3d 1014 (9th Cir. 2001)...................................................................... 7

*Cafasso v. Gen. Dynamics C4 Sys, Inc.*
    (9th Cir. 2011) 637 F.3d 1047 ..................................................................... 20

*Durning v. First Boston Corp.,*
    815 F.2d 1265, 1267 (9th Cir. 1987) ........................................................... 6

*F.P.C.I. RE-HAB 01 v. E&H Investments, Ltd.*
    (1989) 207 Cal.App.3d 1018 ....................................................................... 17

*Fontenot v. Wells Fargo Bank, N.A.*
    198 Cal. App. 4th 256 (2011) ............................................................. 14, 15

*Fox v. Ethicon Endo-Surgery*
    (2005) 35 Cal.4th 797 ................................................................................ 10

*Herrera v. Fed. Nat'l Mortg. Ass'n,*
    205 Cal.App. 4th 1495 (2012) .................................................................... 15

*Jenkins v. JP Morgan Chase Bank, N.A.*
    (2013) 216 Cal.App.4th 497 ....................................................................... 12

iii

Case No. 8:15-cv-01129-CJC-DFM

P:\DOCS\Nationstar.Horner(Refiler)\Pleadings\Mtn.Dismiss.docx

GREEN&HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

*Jesinoski v. Countrywide Home Loans*
    (2015) 135 S.Ct. 790 ...................................................................... 19

*Jolly v. Eli Lilly & Co.*
    (1988) 44 Cal.3d 1103 .................................................................. 11

*Kachlon v. Markowitz*
    168 Cal.App. 4th 316 (2008) ....................................................... 19

*Karlsen v. American Savings & Loan Assn.*
    (1971) 15 Cal.App.3d 112 ........................................................... 17

*Mycogen Corp. v. Monsanto Co.*
    28 Cal. 4th 888 .............................................................................. 8

*Newbronner v. Milken,*
    6 F.3d 666, 672 (9th Cir. 1993) ..................................................... 7

*Nguyen v. Calhoun*
    (2003) 105 Cal.App.4th 428 ........................................................ 17

*Rodenhurst v. Bank of Am.,*
    (D.Haw. Feb. 23, 2011) 773 F.Supp.2d 886 ............................... 12

*Siliga v. Mortgage Electronic Registrations, Inc.*
    (2013) 219 Cal.App.4th 75 ............................................... 12, 14, 15

*Smith v. Nationstar Mortgage LLC*
    (C.D. Cal. 2015) 2015 WL 4652699 at *5 ....................... 14, 15, 19

*Strike v. Trans–West Disc. Corp.*
    92 Cal.App.3d 735 (1979) ........................................................... 14

*Vess v. Ciba-Geigy Corp. USA,*
    317 F.3d 1097, 1106 (9th Cir. 2003) .............................................. 7

**STATUTES**

15 U.S.C. § 1635(b) ............................................................................ 20

Cal. Civ. Code § 2924 ........................................................................ 19

Cal. Civ. Code § 2924.15 ................................................................... 16

Cal. Civ. Code § 2924.17 ...................................................... 14, 15, 16

Cal. Civ. Code § 47(c)(1) ................................................................... 19

Cal. Code Civ. Proc. § 335.1 ............................................................. 10

Cal. Code Civ. Proc. § 337 ................................................................ 10

Cal. Code Civ. Proc. § 581c(a) .......................................................... 10

## **RULES**

Fed. R. Civ. P. 10(c) ........................................................................................ 6

Fed. R. Civ. P. 12(b)(6) .................................................................................. 6

Fed. R. Civ. P. 8(a)(2) ..................................................................................... 6

Fed. R. Civ. P. 9(b).................................................................................... 6, 7

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

Case No. 8:15-cv-01129-CJC-DFM

MOTION TO DISMISS COMPLAINT

P:\DOCS\Nationstar.Horner(Refiler)\Pleadings\Mtn.Dismiss.docx

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Nancy Horner ("Plaintiff") brings this lawsuit after having recently already lost at trial over identical claims against Nationstar in a prior lawsuit that resulted in a judgment declaring Plaintiff's claims meritless. The present lawsuit, Plaintiff's fifth such lawsuit against her lender/servicer, is nothing more than a thinly-veiled attempt to appeal that judgment without any of the constraints of an appeal and further a scheme of harassment aimed at maintaining Ms. Horner's mortgage-payment-free lifestyle at the expense of anyone and everyone who gets in her way – a scheme that began well over four years before this lawsuit was filed when Ms. Horner filed her first complaint alleging her mortgage was "null and void" for a variety of reasons repeated here. Not only is Ms. Horner's present lawsuit barred by res judicata and claim preclusion, Ms. Horner's present lawsuit is also time-barred.

Aside from this bar, Plaintiff's claims all fail as a matter of law for numerous additional reasons. Plaintiff simply has no legal basis upon which she may pursue any further claims to stop the foreclosure of her Property. Plaintiff's incessant frivolous litigation delay tactics employed by her to avoid nearly a half-decade of mortgage payments must stop. Nationstar has already defended itself against this claims and Judge Andrew Banks of the Orange County Superior Court has already found Nationstar free from liability. Nationstar should not be forced to continue to litigate the same claims over, and over, and over, and over, and over again – as Plaintiff's current, fifth, lawsuit attempts to do. Accordingly, Nationstar requests this Court dismiss Plaintiff's Complaint and, as requested separately, enjoin Plaintiff from filing any further litigation, adversary proceedings, administrative complaints, or similar actions without first obtaining leave of this Court.

/ / /

/ / /

## II.   FACTUAL BACKGROUND

In July of 2005, Plaintiff obtained a $825,000 cash-out refinance loan (the "Loan") through Lehman Brothers Bank, FSB ("Lehman").  The Loan was secured by Deed of Trust on Plaintiff's property located at 320 11th Street, Huntington Beach, California (the "Property").  Request for Judicial Notice in Support of Motion to Dismiss ("RJN"), Exhibit "1" at Page 1.

Mortgage Electronic Registration Systems ("MERS") was designated as the beneficiary under the Deed of Trust, as the nominee agent for Lehman, and any of its successors or assigns. *Id.* at Page 2.  Importantly, Plaintiff explicitly agreed in the Deed of Trust that MERS, on behalf of both Lehman and its successors and assigns, has "the right to foreclose and sell the Property." *Id.* at Page 3.

Plaintiff has been in default on her loan since November 1, 2010, and not coincidentally, this is around the time that she commenced leasing the Property. *See* RJN, Exhibit "14", Page 3.  Shortly before defaulting on her Loan, Plaintiff leased the property to an individual named Katherine A. Marvin ("Marvin").  RJN, Exhibit "2".  According to a Memorandum of Lease recorded against the Property by Plaintiff herself, Plaintiff leased the property to Marvin on August 17, 2010 for a term of 25 years. *Id.*  Thus, for nearly the past four years, Plaintiff has not only failed to pay her mortgage, but has also been presumably obtaining revenue from the Property through her lease with Ms. Marvin.

### Plaintiff's First Lawsuit

On June 6, 2011, Plaintiff filed a petition for Chapter 13 bankruptcy protection in this Court.  One week later, Plaintiff filed her first lawsuit against her lender/servicer – an adversary proceeding (the "First Lawsuit") in which Plaintiff sought a judgment declaring the Loan "null and void, and unenforceable," and further requiring the Deed of Trust be reconveyed along with a full refund of all mortgage payments made by Plaintiff.  RJN, Exhibit "3", page 11-12.  On

GREEN&HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1 | August 26, 2011, Plaintiff voluntarily dismissed her adversary proceeding.  RJN,
2 | Exhibit "4".

3 | **Loan Assigned to Nationstar**

4 | On June 30, 2011, MERS assigned the beneficial interest in the Deed of Trust
5 | to Aurora.  RJN, Exhibit "5".  On October 2, 2012, Aurora assigned the beneficial
6 | interest in the Deed of Trust to Nationstar.  RJN, Exhibit "6".  Nationstar is the
7 | current record beneficiary of the Deed of Trust.  *Id.*

8 | **Plaintiff's Second Lawsuit**

9 | On August 17, 2012, Plaintiff filed her second lawsuit (the "Second Lawsuit")
10 | against defendants Nationstar and Aurora Loan Services, LLC ("Aurora").  In a
11 | verified complaint, Plaintiff sought to quiet title to the interests asserted by Aurora
12 | and Nationstar in the Property via the Deed of Trust.  RJN, Exhibit "7".  Plaintiff's
13 | Second Lawsuit constituted a preemptive challenge to Aurora and Nationstar's
14 | ability to foreclose upon the Property through their assigned beneficial interest in,
15 | and rights under the Deed of Trust.  Plaintiff's Second Lawsuit was based upon her
16 | claim that, due to some alleged defect in the transfer and/or securitization in her
17 | Loan, neither Aurora nor Nationstar had any "valid" interest in the Deed of Trust,
18 | and could not "effectuate any enforcement," of any rights under the Deed of Trust
19 | (including the right to foreclose).  *See Id.*, at ¶¶ 12-13.

20 | Plaintiff's Second Lawsuit went to trial before Judge Andrew Banks on July 8,
21 | 2013.  After Plaintiff's opening statement, Judge Banks granted the motion for
22 | nonsuit made by Aurora and Nationstar.  RJN, Exhibit "8".  On August 5, 2013,
23 | Judge Banks entered a judgment of nonsuit against Plaintiff, and in favor of Aurora
24 | and Nationstar.  RJN, Exhibit "9".  See also RJN, Exhibit "10".

25 | **Plaintiff's Husband Files Fraudulent Mechanics' Lien**

26 | Having lost her case and having no pending mechanism to stop foreclosure
27 | short of paying her mortgage, on November 15, 2013, Plaintiff got her husband,
28 | Michel Bartolotta – who is not a licensed contractor - to record a fraudulent

mechanics' lien against the Property claiming he performed $1,749,280.00 worth of work on his wife's Property (Plaintiff's "First Fraudulent Mechanics' Lien"). See RJN, Exhibit "11" – Grant Deed identifying Mr. Bartolotta as Plaintiff's husband; and RJN, Exhibit "12." Mr. Bartolotta listed his address as 468 E. Shoreline in Long Beach – the address of an intersection with no buildings. *Id.*

**Notice of Default and April 7, 2014 Trustee's Sale**

Unmoved by Plaintiff's First Fraudulent Mechanics' Lien, on November 27, 2013, Nationstar substituted The Wolf Firm ("TWF") as the trustee under the Deed of Trust, and a Notice of Default ("NOD") was recorded against the Property. RJN, Exhibits "13" – "14". By the time the NOD was recorded, Plaintiff had been in default for nearly three years, and her arrearages exceeded $230,000. *Id.* On March 10, 2014, a Notice of Trustee's Sale ("NTS") was recorded against the Property. Exhibit "15". The Property was originally scheduled to be sold at a non-judicial trustee's sale on April 7, 2014, but was postponed. *Id.*

**Plaintiff's Third Lawsuit**

On April 18, 2014, Plaintiff filed the her third complaint which named Nationstar and Aurora (the "Third Lawsuit"). Plaintiff asserted nine causes of action against Defendants, which fall into three categories. The first category of claims asserted by Plaintiff is based upon Plaintiff's general allegation that the various assignments of the Deed of Trust, and other foreclosure documents recorded against the Property, including the NOD, substitution of trustee, and NTS, are "false", or contain "false representations" due to some alleged defect in the transfer and/or securitization of the Loan. *See* RJN, Exhibit "16", ¶¶ 21, 27-38. Plaintiff's claims are premised upon her legal contention that the assignment of the Deed of Trust from Aurora to MERS was invalid because "MERS had no interest to assign." RJN, Exhibit "16", ¶ 28.

/ / /

/ / /

1   Plaintiff voluntarily dismissed her Third Lawsuit after having failed to oppose
2   Nationstar's Demurrer to the same.  RJN, Exhibit "17".

3   **Plaintiff's Fourth Lawsuit**

4   On  August 5, 2014, to further delay foreclosure, Plaintiff filed another
5   bankruptcy petition with this Court.  RJN, Exhibit "18".  After Nationstar filed a
6   Motion for Relief from the Stay, however, Plaintiff abandoned her petition and it
7   was dismissed.  RJN, Exhibit "19".

8   **Plaintiff's Husband Files Second Fraudulent Mechanics' Lien**

9   Having now failed at four lawsuits and once again faced with having no
10  pending mechanism to stop foreclosure short of paying her mortgage, on January 5,
11  2015, Plaintiff got her husband, Michel Bartolotta to record a *second* fraudulent
12  mechanics' lien against the Property which again claimed he performed
13  $1,749,280.00 worth of work on his wife's Property (Plaintiff's "Second Fraudulent
14  Mechanics' Lien").  RJN, Exhibit "20".  Mr. Bartolotta once again listed his address
15  as 468 E. Shoreline in Long Beach – the address of an intersection  with no
16  buildings.  *Id.*

17  **The July 20, 2015 Trustee's Sale**

18  Despite Plaintiff's fraudulent scheme to delay foreclosure, on June 22, 2015, a
19  Notice of Trustee's Sale was recorded against the Property scheduling the Trustee's
20  Sale to occur on July 20, 2015.  RJN, Exhibit "21".

21  **Plaintiff's Fifth Lawsuit**

22  In a thinly-veiled attempt to continue her mortgage-free lifestyle, Plaintiff
23  filed the instant lawsuit on July 16, 2015 – a mere two business days before the
24  scheduled foreclosure.  Over four years after filing her First Lawsuit claiming the
25  Loan was null and void, Plaintiff, again facing foreclosure, filed the instant, fifth
26  lawsuit and fifth challenge to Nationstar's right to foreclose on the Loan.  In this
27  lawsuit, much like Plaintiff's four prior failed lawsuits, Plaintiff claims the Loan,
28  Deed of Trust, and Note are void and unenforceable.  As in her First Lawsuit,

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1  Plaintiff now seeks a judgment declaring the Loan "void," a rescission of pending
2  foreclosure proceedings, and a return of all the mortgage payments she's ever made
3  on the Loan.  Complaint, p. 24.  In short, the allegations and requested relief in the
4  instant Complaint is identical to that in the First Lawsuit in every way that counts.

5  **III.   DISCUSSION**

6      **A.   The Applicable Legal Standard**

7      The sufficiency of a claim for relief is governed by Fed. R. Civ. P. 8(a)(2), which
8  requires that a pleading contain "a short and plain statement of the claim showing that
9  the pleader is entitled to relief[.] . . ."  The United States Supreme Court, in *Bell*
10  *Atlantic Corporation v. Twombly*, 550 U.S. 544, 554-63, 127 S. Ct. 1955 (2007), re-
11  examined this standard in the context of an antitrust case.  The Court held that plaintiffs
12  could not satisfy Rule 8(a)(2) with mere conclusory statements; rather, plaintiffs must
13  include sufficient factual allegations to make a claim at least plausible, as opposed to
14  merely possible.  Thus, under Rule 12(b)(6), dismissal is proper when the plaintiff
15  either lacks a "cognizable legal theory" or where there is a "legally cognizable" right
16  but the plaintiff fails to allege sufficient facts to support the claim.  *Twombly*, 550 U.S.
17  at 555-56; *see also Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696 (9th Cir. 1990).

18      More recently, in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), the
19  Supreme Court reiterated that the pleading standards articulated in *Twombly* apply to
20  all civil actions.  Clearly, if plaintiffs "have not nudged their claims across the line from
21  conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at
22  570.  A court may disregard allegations in the body of a complaint if those allegations
23  are contradicted by facts established by reference to documents attached to the
24  complaint as exhibits.  *See Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th
25  Cir. 1987); *see also* Fed. R. Civ. P. 10(c).

26      Additionally, a complaint based upon allegations of fraud must meet the
27  heightened standard imposed by Fed. R. Civ. P. 9(b), which requires that "all averments
28  of fraud … shall be stated with particularity."  Indeed, allegations of fraud and

1    misrepresentation must be "specific enough to give defendants notice of the particular

2    misconduct which is alleged to constitute the fraud charged so that they can defend

3    against the charge and not just deny that they have done anything wrong." *See Bly-*

4    *Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Newbronner v.*

5    *Milken*, 6 F.3d 666, 672 (9th Cir. 1993)).

6        Rule 9(b) is intended to protect defendants from "the harm that comes from

7    being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing

8    upon the court, the parties and society enormous social and economic costs absent

9    some factual basis." *Id.* at 1018. Accordingly, to satisfy Rule 9(b)'s standard, a

10   plaintiff must offer the "who, what, when, where and how" that support his or her

11   allegations. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

12       When the foregoing authorities are applied to Plaintiff's Complaint, it becomes

13   clear that the Complaint should be dismissed in its entirety, with prejudice, as to

14   Nationstar.

15       **B.    Plaintiff's Claims Are Barred by Res Judicata**

16       Each of the causes of action asserted by Plaintiff in the instant lawsuit is

17   barred by res judicata because each is based upon the same primary right litigated in

18   Plaintiff's Second Lawsuit: a challenge to the Defendant's authority, right, and/or

19   ability to foreclose upon the Property pursuant to the power of sale contained in the

20   Deed of Trust. The Superior Court's entry of judgment against Plaintiff in the

21   Second Lawsuit bars Plaintiff from attempting to take what is, in effect, her fifth bite

22   at the apple. Neither the timing nor legal theories upon which Plaintiff's present

23   claims are based changes this result.

24       Under California law, res judicata:

25           [D]escribes the preclusive effect of a final judgment on

26           the merits [and] prevents relitigation of the same cause of

27           action in a second suit between the same parties or

28           parties in privity with them . . . Under the doctrine of res

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1          judicata . . . a judgment for the defendant serves as a bar

2          to further litigation of the same cause of action . . . A

3          clear and predictable res judicata doctrine promotes

4          judicial economy.  Under this doctrine, all claims based

5          on the same cause of action must be decided in a single

6          suit; if not brought initially, they may not be raised at a

7          later date.

8      *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896-97.  Importantly,

9  "California's res judicata doctrine is based upon the primary right theory." *Id.*  This

10  theory:

11          [P]rovides that a 'cause of action' is comprised of a

12          'primary right' of the plaintiff, a corresponding 'primary

13          duty' of the defendant, and a wrongful act by the

14          defendant constituting a breach of that duty.  The most

15          salient characteristic of a primary right is that it is

16          indivisible: the violation of a single primary right gives

17          rise to but a single cause of action.  As far as its content

18          is concerned, the primary right is simply the plaintiff's

19          right to be free from the particular injury suffered.  It

20          must therefore be distinguished from the *legal theory* on

21          which liability for that injury is premised: 'Even where

22          there are multiple legal theories upon which recovery

23          might be predicated, one injury gives rise to only one

24          claim for relief.' [Citation.] The primary right must also

25          be distinguished from the *remedy* sought: 'The violation

26          of one primary right constitutes a single cause of action,

27          though it may entitle the injured party to many forms of

28          relief, and the relief is not to be confounded with the

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1    cause of action, one not being determinative of the other.
2    The primary right theory is invoked when a plaintiff
3    attempts to divide a primary right and enforce it in two
4    suits. The theory prevents this result by either of two
5    means: (1) if the first suit is still pending when the
6    second is filed, the defendant in the second suit may
7    plead that fact in abatement; or (2) if the first suit has
8    terminated in a judgment on the merits adverse to the
9    plaintiff, the defendant in the second suit may set up that
10   judgment as a bar under the principles of res judicata.

11   *Id.* at 904.

12        Here, each Plaintiff's claims are barred by res judicata because they involve

13   the violation of the same primary right. Plaintiff's Second Lawsuit was a

14   preemptive attempt to challenge and prevent the foreclosure of her Property by

15   quieting title to, and "expunging" the Deed of Trust. Plaintiff alleged in her Second

16   Lawsuit that, because her Loan was securitized "and or assigned transferred and/or

17   sold to an investment and/or securitized investment pool," the Deed of Trust was

18   "extinguished, relinquished, and/or detached." RJN, Exhibit "9", at 4:2-9. Based

19   upon this allegation, Plaintiff claimed that none of the defendants, including Aurora

20   or Nationstar, "can establish they are entitled to, or possess any right, interest or

21   beneficial interest relative to any valid [Deed of Trust] or the right to effectuate any

22   enforcement as against any other Party herein or as against the subject 'PROPERTY'

23   itself." *Id.* at ¶ 13.

24        While some of the legal theories that form the basis of Plaintiff's claims here

25   may differ, they are all nonetheless based upon the same primary right involving the

26   Defendants' "right to effectuate any enforcement," of the Deed of Trust. Indeed, the

27   causes of action in Plaintiff's instant Fifth Lawsuit, just like her Second Lawsuit,

28   each assert a challenge to the Defendants' right to foreclose based upon some

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1   alleged defect in the assignment, transfer, and/or securitization of either Plaintiff's

2   Loan or the Deed of Trust, or some failure to comply with pre-foreclosure

3   procedures. *See* Complaint.

4        The tie that binds the claims in Plaintiff's Second Lawsuit, and those here, is

5   the fact that each claim constitutes a preemptive challenge to the Defendants' ability

6   to foreclose. Whether based upon a legal theory premised on an alleged defect in

7   the transfer of Plaintiff's Loan, a breach of contract, or some statutory violation,

8   Plaintiff's past and present claims all involve the same primary right: Defendants'

9   authority, right and/or ability to foreclose upon Plaintiff's Property under the power

10  of sale contained in the Deed of Trust.

11       Whereas the judgment of non-suit entered in favor of Aurora and Nationstar

12  in Plaintiff's Second Lawsuit was on the merits of Plaintiff's claims, Plaintiff's

13  claims here are all barred by res judicata. Cal. *Code of Civ. Proc.* § 581c(a).

14  **C.    Plaintiff's Claims Are Time Barred**

15       Plaintiff's cacophony of lawsuits all relate to a single issue: whether the Loan

16  is valid. Plaintiff initiated her slew of lawsuits in June of 2011 – over four years

17  before the instant lawsuit was filed – meaning that by that time, Plaintiff was fully

18  aware of her claims. Whereas none of Plaintiff's claims have a statute of limitation

19  in excess of four years, and whereas Plaintiff waited over four years since

20  discovering her claims to file the instant lawsuit, Plaintiff's claims are time-barred.

21       Plaintiff's claims are subject to limitations periods of between two to four years.

22  *See Code of Civ. Proc.* § 337, § 335.1; et seq.. "A plaintiff must bring a claim within the

23  limitations period after accrual of the cause of action." *Fox v. Ethicon Endo-Surgery*

24  (2005) 35 Cal.4th 797, 806. Generally, "a cause of action accrues at the time when the

25  cause of action is complete with all of its elements." *Id.* However, "[a]n important

26  exception to the general rule of accrual is the 'discovery rule,' which postpones accrual of

27  a cause of action until the plaintiff discovers, or has reason to discover, the cause of

28  action." *Id.* at 807. As explained by the Supreme Court:

1    A plaintiff has reason to discover a cause of action when he
     or she has reason at least to suspect a factual basis for its
2    element . . . In so using the term "elements," we do not take a
     hypertechnical approach to the application of the discovery
3    rule. Rather than examining whether the plaintiffs suspect
     facts supporting each specific legal element of a particular
4    cause of action, *we look to whether the plaintiffs have*
     *reason to at least suspect that a type of wrongdoing has*
5    *injured them*.

6    *Id.* (emphasis added); *see also Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1114

7    ("the limitations period begins when the plaintiff suspects, or should suspect, that she has

8    been wronged."). In other words, "the limitations period begins *once the plaintiff has*

9    *notice or information of circumstances to put a reasonable person on inquiry*." *Jolly*,

10   supra at 1110-11. (emphasis added).

11       As of June 2011, Plaintiff had discovered her claims and had filed an adversary

12   proceeding seeking to invalidate the Loan in its entirety. Her First Lawsuit essentially

13   mirrors the allegations and claims in Plaintiff's present, Fifth Lawsuit and seeks the *exact*

14   *same relief*. Plaintiff's undeniable June 2011 discovery resulted in the accrual of her

15   claims against her lender/servicer at that point in time, and Plaintiff's claims are time-

16   barred because they were filed more than four years after this accrual date.

17       **A.    Plaintiff's Claims Fail as a Matter of Law Because Each is Based**

18              **Upon a Legal Theory Rejected by California Courts**

19       Aside from the bar of res judicata, or the bar of the statutes of limitation,

20   Plaintiff's claims also fail because each claim is based upon a single erroneous

21   contention of law: that the assignments of the Deed of Trust were all "false"

22   because "MERS lacked any authority to execute an assignment of [Plaintiff's] deed

23   ... because MERS had no principal under whom it could act" where "LEHMAN

24   was dissolved in 2008 and with it, so dissolved MERS' agency relationship."

25   Complaint, ¶29. Plaintiff's argument fails both substantively and procedurally.

26       As set forth above, Plaintiff explicitly agreed in the Deed of Trust that MERS

27   has the right "to exercise any or all of th[e] interests," of Lehman *and* its successors

28   or assigns under the Deed of Trust, including the right "to foreclose and sell the

1  Property."  RJN, Exhibit "1", Page 3.  Thus, even if Lehman sold the Loan, MERS

2  still retained its interests under the Deed of Trust as the nominee beneficiary for the

3  successor and/or assign of Lehman.

4         Notwithstanding this fact, California law is also clear that, **"[t]he authority**

5  **to exercise all of the rights and interests of the lender necessarily includes the**

6  **authority to assign the deed of trust**." *Siliga v. Mortgage Electronic*

7  *Registrations, Inc.* (2013) 219 Cal.App.4th 75, 84 (emphasis added).  That is

8  precisely what happened here, and as such, Plaintiff has no basis upon which to

9  claim any of the assignments of the Deed of Trust, or other foreclosure-related

10 document is "false".

11        Regardless, Plaintiff wholly lacks standing to assert her challenge to

12 MERS/Defendants' authority to foreclose on the basis of a securitization theory.

13 "[C]ourts have uniformly rejected the argument that securitization of a mortgage

14 loan provides the mortgagor a cause of action." *Rodenhurst v. Bank of Am.*, (D.Haw.

15 Feb. 23, 2011) 773 F.Supp.2d 886, 899–90 . "[I]f [a defendant] had breached the

16 [pooling and servicing agreement], then perhaps [the plaintiff] would have a claim

17 against [the defendant]. But it is an unsupported leap of logic that would allow [the

18 plaintiff] to use these breaches to challenge [the defendant's] right to initiate a

19 judicial foreclosure." *Arabia v. BAC Home Loans Serv., L.P.*, (2012) 208 Cal.App.

20 4th 462.   Plaintiff was not a party to any of the "documents establishing the

21 Securitized Trust," and as such, she lacks standing to assert a challenge to the

22 foreclosure of the Property based upon an alleged violation of the terms of those

23 alleged "documents". *Jenkins v. JP Morgan Chase Bank, N.A.* (2013) 216

24 Cal.App.4th 497, 514-515.  As explained by the court in *Jenkins*:

25             Jenkins's first cause of action attempts to construct a

26             dispute between herself and Defendants with regard to

27             the alleged improper transfer of the promissory note

28             during the securitization process. However, even if the

GREEN&HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

> asserted improper securitization (or any other invalid
> assignments or transfers of the promissory note
> subsequent to her execution of the note on March 23,
> 2007) occurred, the relevant parties to such a transaction
> were the holders (transferors) of the promissory note and
> the third party acquirers (transferees) of the note.
> Because a promissory note is a negotiable instrument, a
> borrower must anticipate it can and might be transferred
> to another creditor. As to plaintiff, an assignment merely
> substituted one creditor for another, without changing her
> obligations under the note.  As an unrelated third party to
> the alleged securitization, and any other subsequent
> transfers of the beneficial interest under the promissory
> note, Jenkins lacks standing to enforce any agreements,
> including the investment trust's pooling and servicing
> agreement, relating to such transactions.

*Id.* Plaintiff here is likewise "an unrelated third party," to the alleged transfers of her Loan, and as such, lacks standing to enforce or challenge any agreements relating to that transfer.  In short, if there is a problem with the assignments whatsoever, the aggrieved party/real party in interest is not Plaintiff – whose payment obligations on her Loan remain unchanged – but rather the assignor and/or assignee who have assigned or been assigned something improperly.

Accordingly, Plaintiff's legal theory fails to support any of the causes of action asserted in her Complaint.

**B.    Plaintiff's Claims Fail Where the Assignments are Valid**

Plaintiff's entire Complaint is predicated on the single theory that MERS' assignment of the beneficial interest in the Deed of Trust to Aurora, and Aurora's subsequent assignment to Nationstar, are void.  From this single claim, Plaintiff

13

Case No. 8:15-cv-01129-CJC-DFM

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1   alleges the Loan contract was breached, that the Assignments represent a fraudulent

2   misrepresentation, that the Assignments violate §2924.17, and that Defendants

3   should be enjoined from foreclosing on the Property.  In addition to Plaintiff's

4   complaints about the Assignments being barred by res judicata, barred by the statute

5   of limitations, and barred by Plaintiff's utter lack of standing, Plaintiff's claims also

6   fail on their merits.

7        As explained by this Court in *Smith v. Nationstar Mortgage LLC*, "to

8   challenge the assignment of a mortgage in the context of a non-judicial foreclosure,

9   a plaintiff must allege that the assignee 'did not receive a valid assignment of the

10  debt in any manner.'"  *Smith v. Nationstar Mortgage LLC* (C.D. Cal. 2015) 2015 WL

11  4652699 at *5, quoting *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256,

12  271-72 (2011).  In *Smith*, this Court was faced with nearly identical claims as those

13  brought here: that "because of defects in the securitization of his loan and

14  assignments of his DOT, Nationstar lacked authority to collect mortgage payments

15  and institute foreclosure proceedings."  *Smith, supra,* 2015 WL 4652699, at *3.

16  Based upon this single theory, the *Smith* borrower, like Plaintiff here, sued for fraud,

17  a violation of California Civil Code §2924.17, breach of contract, and injunctive

18  relief seeking to cancel the mortgage.  *Id.*  In *Smith*, this Court granted Nationstar's

19  Motion to Dismiss, finding "every claim suffers from multiple fatal deficiencies."

20       Once such deficiency is the failure to show that the *Smith* assignments from

21  MERS to Aurora and from Aurora to Nationstar were in any way invalid or illegal

22  where, as here, the Deed of Trust "provided that it could 'be sold one or more times

23  without prior notice to [Plaintiff]'" and where "both the assignment by MERS to

24  Aurora and the assignment by Aurora to Nationstar were executed and recorded"

25  and as such were facially valid.  *Id*, at *5, quoting *Strike v. Trans–West Disc. Corp.*,

26  92 Cal.App.3d 735, 744 (1979), and *Siliga v. Mortg. Elec. Registration Sys., Inc.*,

27  219 Cal.App. 4th 75, 83–84 (2013).

28  / / /

GREEN&HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1   But this Court went even further and noted that:

2       Assuming that Plaintiff could allege facts showing that
        the assignment of the DOT was void, "under *Fontenot*,
3       [he] must also show [that he was] prejudiced." *Herrera v.
        Fed. Nat'l Mortg. Ass'n*, 205 Cal.App. 4th 1495, 1507
4       (2012). Where Plaintiff "do[es] not dispute that [he is] in
        default," "[t]he assignment ... d[oes] not change [his]
5       obligations," and "there is no reason to believe that ... the
        original lender would have refrained from foreclosure in
6       these circumstances," he "fail[s] to allege any facts
        showing that [he] suffered prejudice as a result of any
7       lack of authority of the parties participating in the
        foreclosure process." *Siliga*, 219 Cal.App. 4th at 85. "If
8       MERS lacked authority to assign the DOT and note to
        [the initial transferee] and, in turn, [the intial transferee]
9       lacked authority to assign the DOT and note to [the
        subsequent transferee], the true victim[ ][was] not
10      [Plaintiff] but the lender." *Herrera*, 205 Cal.App. 4th at
        1508 (citing *Fontenot*, 198 Cal.App. 4th at 272). Here,
11      Plaintiff is admittedly in default, his obligations remain
        identical, and there is no indication that Aurora would
12      have decided against foreclosure where Plaintiff did not
        furnish the lender with the documents it requested to
13      support his request for a modification. (See Yap Decl.,
        Mot., Ex. A, at 1.) The third, fourth, and tenth claims fail
14      because Plaintiff supplies no facts to suggest that the
        assignments of his DOT were unlawful or prejudicial.

15      *Smith, supra,* 2015 WL 4652699, at *3

16

17      Here, Plaintiff's claims and theories are inseparable and identical to those

18  made in *Smith*, and are fatally defective for the same reasons identified by this Court

19  in *Smith*.  As such, this Motion to Dismiss should be granted without leave to

20  amend.

21  **C.    Plaintiff Cannot Claim a Violation of *Civil Code* § 2924.17 Because**

22         **the Property is Not Her Primary Residence, and Regardless, She**

23         **Lacks Standing to Sue Under §2924.17**

24      Plaintiff claims Defendants did not comply with Section 2924.17 of the *Civil*

25  *Code* prior to recording the Notice of Default and/or Notice of Trustee's Sale.

26  Section 2924.17 requires a mortgage servicer to ensure such documents are

27  supported/supportable by competent evidence – in order words: don't declare

28  someone in default who is not, in fact, in default.

Case No. 8:15-cv-01129-CJC-DFM

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1  However, the requirements under Section 2924.17 only apply if the property

2  at issue "is the principal residence of the borrower." Cal. *Civ. Code* § 2924.15.

3  Here, documents recorded against the Property *by the Plaintiff herself* establish that

4  the Property was leased in 2010, and has not been her primary residence since that

5  time. RJN, Exhibit "7". Thus, Plaintiff's claims fails because Section 2924.17 of

6  the *Civil Code* does not apply here.

7  More important, Plaintiff's claims fail where, as discussed above, Plaintiff has

8  not and cannot show any basis for claiming any of the non-judicial foreclosure

9  documents or Assignments are in any way invalid or illegal.

10  **D.    Plaintiff's Breach of Contract Claim Fail Because Plaintiff Does**

11  **not Adequately Allege the Existence of a Contractual Relationship,**

12  **or the Performance of her own Contractual Obligations**

13  Plaintiff's Breach of Contract claim is premised upon Plaintiff's vague

14  allegation that the Defendants materially breached the Loan contract by attempting

15  to foreclose on Plaintiff when she defaulted on the Loan. Complaint, ¶ 46. To

16  establish a breach of contract, Plaintiff must properly plead (and prove): (1) the

17  existence of a valid contract; (2) plaintiffs' performance of their obligations under

18  the contract or plaintiffs' excuse for nonperformance; (3) defendant's failure to

19  perform its obligations under the contract; and (4) resulting damages to plaintiffs.

20  See *Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.* (2004) 116 Cal. App.

21  4th 1375, 1391 n.6.

22  First, Plaintiff's claims fail where she alleges the contract upon which she

23  bases this cause of action is void. Plaintiff cannot have it both ways.

24  More importantly, Plaintiff's claims fail because Plaintiff has not and cannot

25  plead that she has performed her obligations under the Loan contract where

26  Plaintiff's default on her Loan preceded Nationstar's alleged breach of the contract.

27  Plaintiff cannot allege that she has performed her own obligations under the

28  unspecified contract relating to her Loan, and thus cannot allege that she is entitled

16

1  to enforce that agreement she concedes she breached.  Plaintiff's own breach

2  precludes her assertion of the contractual claims and thus Plaintiff's allegations fail

3  as a matter of law.

4      **E.      The Entirety of Plaintiff's Lawsuit Fails Because She has not**

5              **Tendered the Balance Due Under her Loan**

6          As described above, each one of Plaintiff's causes of action constitutes a

7  challenge to the Defendants' ability, authority, and/or right to foreclose upon the

8  Property.  However, Plaintiff does not make any allegation that she is either able or

9  willing to tender the full balance due under the Loan.  Each of her claims fails as a

10  result.

11         As a general, rule, a plaintiff may not challenge the propriety of a foreclosure

12  on his or her property without offering to repay what he or she borrowed against the

13  property.  *Karlsen v. American Savings & Loan Assn.* (1971) 15 Cal.App.3d 112,

14  117.  This rule originated from the principle that, before asking a court to exercise

15  its equitable powers to stop or set aside foreclosure proceedings, a defaulting

16  borrower must first "do equity" himself.  *F.P.C.I. RE-HAB 01 v. E&H Investments,*

17  *Ltd.* (1989) 207 Cal.App.3d 1018, 1021.

18         This tender rule is strictly enforced.  *Nguyen v. Calhoun* (2003) 105

19  Cal.App.4th 428, 439.  The rule applies to *any* cause of action that is based on

20  allegations of wrongful foreclosure, seeks redress from foreclosure, or is "implicitly

21  integrated" with a foreclosure.  *Abdallah v. United States Bank* (1996) 43

22  Cal.App.4th 1101, 1109; *see also Arnolds Management Corp. v. Eischen* (1984) 158

23  Cal.App.3d 575, 579.   Accordingly, absent Plaintiff's unambiguous tender of the

24  amounts Plaintiff borrowed against her Property, she fails to state a viable cause of

25  action to challenge the propriety of the foreclosure proceedings against her Property.

26  *Karlsen*, supra at 117.

27  / / /

28  / / /

MOTION TO DISMISS COMPLAINT
P:\DOCS\Nationstar.Horner(Refiler)\Pleadings\Mtn.Dismiss.docx

## F.  Plaintiff's Negligent Misrepresentation Claims Fails

Plaintiff next contends that Nationstar committed fraud by initiating foreclosure and asserting the Loan was valid.  To state a claim for negligent misrepresentation, Plaintiff must plead: "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage."  *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal.App. 4th 226, 243 (2007).  Plaintiff has not and cannot plead any of these elements.

First, Plaintiff cannot show that Nationstar's initiation of the foreclosure process in any way involved a misrepresentation of a past or existing material fact where, as discussed more fully above, the Loan and the resulting Assignments were and are facially valid.

Second, Plaintiff, who does not contest and thereby concedes she has defaulted on the Loan, and who further already brought these claims to trial and lost, has not and cannot allege any facts which would show that Nationstar has no reasonable ground to believe the Loan is valid and/or that foreclosure is proper.  Without this, Plaintiff has not and cannot show negligent misrepresentation.

Similarly, Plaintiff cannot show that she detrimentally relied on the initiation of foreclosure in any way whatsoever.  Rather, to the contrary, Plaintiff has used every trick and slight of hand available to her, including filing five lawsuits, two fraudulent mechanics' liens, and a memorandum of lease (among other non-judicially noticeable tricks) to challenge the foreclosure.  Plaintiff has not made a single payment on her Loan since foreclosure began, and has shown no other steps taken because of the foreclosure other than continuing to pursue her fraudulent scheme to delay foreclosure.  To this end, Plaintiff also cannot show any resulting damage.

/ / /

1    Regardless, Plaintiff's claims also fail where they are centered on Nationstar's

2    completion of statutorily-required actions pursuant to California's non-judicial

3    foreclosure statutes.  As explained by this Court in *Smith, supra*:

> Cal. Civ.Code § 2924 "deems the statutorily required mailing, publication, and delivery of notices in nonjudicial foreclosure, and the performance of statutory nonjudicial foreclosure procedures, to be privileged communications under the qualified common interest privilege of [Cal. Civ.Code § 47(c)(1) ]," which applies to communications made "without malice, to a person interested therein, ... by one who is also interested." *Kachlon v. Markowitz*, 168 Cal.App. 4th 316, 333 (2008). "Malice" means that "the publication was motivated by hatred or ill will towards the plaintiff" or that "the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights." Id. at 336 (citations omitted). Plaintiff cannot establish malice because he admits that he is in default on his loan.
>
> *Smith v. Nationstar Mortgage LLC* (C.D. Cal., 2015) 2015 WL 4652699, at *7.

14    Accordingly, this Motion to Dismiss should be granted without leave to

15    amend.

### D.    Plaintiff's TILA Rescission Claim is Time Barred and Meritless

17    Plaintiff next claims she should be entitled to cancel her Loan because she

18    allegedly sent a Notice of Rescission under TILA to Nationstar.  Plaintiff ignores the

19    letter and spirit of TILA.  In support of her claims, Plaintiff points to the recent U.S.

20    Supreme Court case of *Jesinoski v. Countrywide Home Loans*, (2015) 135 S.Ct. 790,

21    yet *Jesinoski* defeats Plaintiff's claims.

22    In the unanimous *Jesinoski* opinion, the Supreme Court noted that TILA only

23    "gives borrowers the right to rescind certain loans up to three years after the

24    transaction is consummated." *Id*, at 791.  Plaintiff, in this case, did not timely

25    exercise that right.  Plaintiff's Exhibit 6 – which Plaintiff claims is her TILA Notice

26    of Rescission – was not sent until March of this year – nearly ten years *after* the

27    Loan was consummated.  Complaint, ¶89.  As explained in *Jesinoski*, the

28    "conditional right to rescind does not last forever.  Even if a lender *never* makes the

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1  required disclosures, the 'right of rescission shall expire three years after the date of
2  consummation of the transaction[.]" *Id* at 792.

3      Moreover, under TILA's rescission statute, the borrower must return the
4  lender's property/money.  15 U.S.C. §1635(b).  Plaintiff makes no claim that she has
5  the willingness or ability to return the Loan proceeds.

6      Accordingly, Nationstar's Motion to Dismiss should be granted without leave
7  to amend.

8  **E.    Leave to Amend Would be Futile**

9      As discussed above, Plaintiff's claims fail for a plethora of reasons and stand
10 no chance of revival by amendment.  Plaintiff, put simply, has thrown the kitchen
11 sink at Nationstar after and in retaliation for having lost to Nationstar in trial and, as
12 a result, being faced with the choice of either paying her mortgage or being
13 foreclosed upon.  With that choice, Plaintiff opted to file a fifth lawsuit in her
14 continuing and ongoing fraudulent scheme designed to allow her to maintain her
15 mortgage-free lifestyle for as long as possible.  In doing so, Plaintiff asserts tired,
16 tried, and failed claims barred by the statutes of limitation, barred by res judicata,
17 barred by privilege, and for which Plaintiff simply has no standing.  To the extent
18 Plaintiff seeks leave to amend, she does so by asking this Court to allow her to use
19 this Court as a tool by which she can further her fraudulent foreclosure-avoidance
20 scheme.  If her claims could have been amended to state a valid claim, the time to
21 do so would have been during her first lawsuit in 2011, or her second lawsuit in
22 2012, or her first trial against Nationstar in 2013.  The fact that his is Plaintiff's fifth
23 lawsuit, after judgment was already entered against her on these claims, and Plaintiff
24 offers nothing new to the table, shows that amendment would be futile.
25 Accordingly, this Court can and should deny leave.  *Cafasso v. Gen. Dynamics C4*
26 *Sys, Inc.* (9th Cir. 2011) 637 F.3d 1047, 1058.
27 / / /
28 / / /

Case No. 8:15-cv-01129-CJC-DFM
MOTION TO DISMISS COMPLAINT
P:\DOCS\Nationstar.Horner(Refiler)\Pleadings\Mtn.Dismiss.docx

GREEN&HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1    **IV.**    <u>**CONCLUSION**</u>

2          Plaintiff's claims are barred by res judicata because they are based upon the

3    same primary right litigated to a judgment against Plaintiff on the merits of her

4    claims.  Plaintiff's fifth lawsuit provides no basis upon which she should be

5    permitted to assert yet another preemptive challenge to the Defendants' right to

6    foreclose.  Notwithstanding, each of Plaintiff's claims fails for reasons entirely

7    independent of res judicata.  Plaintiff's claims are time barred, privilege barred, and

8    wholly meritless.  Accordingly, Defendants' respectfully request that the Court grant

9    their Motion to Dismiss in its entirety, and deny Plaintiff leave to amend.

10

11   DATED:  November _6_, 2015      GREEN & HALL, A Professional Corporation

12

13

14        By: _____

15              Howard D. Hall

16              Jered T. Ede

               Attorneys for Defendant

17             NATIONSTAR MORTGAGE LLC

18

19

20

21

22

23

24

25

26

27

28

Case No. 8:15-cv-01129-CJC-DFM

MOTION TO DISMISS COMPLAINT

P:\DOCS\Nationstar.Horner(Refiler)\Pleadings\Mtn.Dismiss.docx